IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IOENGINE, LLC,

                 Plaintiff,

          v.

PAYPAL HOLDINGS, INC.,

                 Defendant.

C.A. No. 1:18-cv-452 GMS

Jury Trial Demanded

## [PROPOSED] SCHEDULING ORDER

This _____ day of _____, 2018, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.     **Rule 26(a) Initial Disclosures**.  Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before July 30, 2018.

2.     **Joinder of other Parties and Amendment of Pleadings**.  All motions to join other parties and amend the pleadings shall be filed on or before February 1, 2019.

3.     **Reliance Upon Advice of Counsel**.  Defendant shall inform Plaintiff whether it intends to rely upon advice of counsel as a defense to willful infringement no later than thirty (30) days after the ruling on Claim Construction.  If Defendant elects to rely on advice of counsel as a defense to willful infringement, Defendant shall produce any such opinions on which Defendant intends to rely to Plaintiff within fifteen (15) days of their disclosure to Plaintiff.

4. ***Markman* Claim Construction Hearing**. A *Markman* claim construction hearing shall be held on: _____ at ___ _.m. the Markman hearing is scheduled for a total of ____ hours with each side having ____ hours. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. On or before March 8, 2019, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence. The plaintiff shall submit to the court, a Joint Appendix of Intrinsic Evidence (the "Joint Appendix") containing all intrinsic evidence relied upon in the claim construction briefing. A sample table of contents of the Joint Appendix can be located on this court's website at www.ded.uscourts.gov. The Joint Appendix shall be filed on the same day as the answering claim construction briefs. The parties shall file opening claim construction briefs on April 1, 2019, and answering claim construction briefs on April 22, 2019. Briefing will be presented pursuant to the court's Local Rules.

5. **Discovery**. All fact discovery in these cases shall be initiated so that it will be completed on or before July 15, 2019. Opening expert reports on issues on which a party bears the burden of proof shall be served on or before August 23, 2019. Rebuttal expert reports shall be served on or before September 27, 2019. Expert Discovery in this case shall be initiated so that it will be completed on or before November 1, 2019.

a. **Discovery and Scheduling Matters**. Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **Joint Letter Agenda**, which is **non-argumentative**, not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on this court's website at www.ded.uscourts.gov. After the

parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference. Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

6.    **Confidential Information and Papers filed under Seal**.  Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court by August 20, 2018. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(b).**

7.    **Settlement Conference**.  Pursuant to 28 U.S.C. § 636, these matters are referred to a United States Magistrate Judge for the purpose of exploring the possibility of a settlement. The parties shall wait to be contacted by the assigned United States Magistrate Judge.

8.    **Summary Judgment Motions**.  Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than November 15, 2019.  Answering letter briefs shall be no longer than five (5) pages and filed with the court no

later than <u>November 27, 2019</u>. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before <u>December 9, 2019</u>. If the Court determines that argument is necessary to assist in the resolution of any request to file summary judgment, it shall notify the parties of the date and time on which the Court will conduct a telephone conference to hear such argument. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9.    **Case Dispositive Motions**:  To the extent permitted, all case or issue dispositive motions shall be served and filed within two weeks of the Court's decision to permit the filing of such motions. Briefing will be presented pursuant to the Court's Local Rules. The parties may agree on an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

10.    **Applications by Motion**.  Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11.    **Oral Argument**.  If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

12.    **Pretrial Conference**. On _____, beginning at _____.m., the Court will hold a Pretrial Conference.  Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this

court's website at www.ded.uscourts.gov. **Motions *in limine*[1]: NO MOTIONS *IN LIMINE* SHALL BE FILED**; instead, the parties shall be prepared to address their evidentiary issues at the Pretrial Conference and during trial (before and after the trial day). The parties shall file with the court the **joint** Proposed Final Pretrial Order in accordance with the terms and with the information required by the form of Final Pretrial Order, which can be located on this court's website at  www.ded.uscourts.gov on or before April 20, 2020

13.    **Trial**.  This matter is scheduled for a _____ day jury trial beginning at 9:30 a.m. on _____.

14.    **Scheduling**.   The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

SO ORDERED this _____ day of _____, 2018.

_____
Gregory M. Sleet, UNITED STATES DISTRICT JUDGE

---

[1]    The parties should simply list, in an Exhibit to be attached to the Pretrial order, the issues under a heading such as "Plaintiff's [name of party] List of Evidentiary Issues It Intends To Raise."

## EXHIBIT A

## PROPOSED DEADLINES

| Event | Date |
|---|---|
| Serve initial disclosures under Fed. R. Civ. P. Rule 26(a) | July 30, 2018 |
| Serve initial disclosures under Paragraph 3 of the Default Standard | August 20, 2018 |
| Submit joint proposed protective order | August 20, 2018 |
| Paragraph 4(a) Disclosures[2]: accused products | August 20, 2018 |
| Paragraph 4(b) Disclosures: core technical documents | September 21, 2018 |
| Paragraph 4(c) Disclosures: initial claim charts | October 29, 2018 |
| Paragraph 4(d) Disclosures: initial invalidity contentions | December 12, 2018 |
| Defendant to inform Plaintiff whether it intends to rely upon advice of counsel as a defense to willful infringement | 30 days after the Court's ruling on claim construction |
| Deadline to produce any opinions on which defendant intends to rely upon advice of counsel as a defense to willful infringement | 15 days after disclosure of a decision to rely on advice of counsel |
| Deadline for joinder of other parties & amendment of pleadings | February 1, 2019 |
| Document production substantially complete | January 18, 2019 |
| Exchange list of claim terms for construction | February 7, 2019 |
| Meet and confer on proposed claim constructions | February 14, 2019 |
| Joint claim construction chart | March 8, 2019 |
| Opening Markman Briefs | April 1, 2019 |
| Responsive Markman Briefs | April 22, 2019 |
| Markman Hearing | May 2019 (as it fits with the Court's schedule) |
| Close of fact discovery | July 15, 2019 |
| Exchange opening expert reports (on which the serving party bears the burden of proof) | August 23, 2019 |

---

[2] Paragraph 4 of the Default Standard for Discovery, Including Discovery of Electronically Stored Information.

| Event | Date |
|---|---|
| Exchange rebuttal expert reports | September 27, 2019 |
| End expert discovery | November 1, 2019 |
| Opening letter brief seeking permission to file summary judgment motion | November 15, 2019 |
| Answering letter brief regarding permission to file summary judgment motion | November 27, 2019 |
| Reply letter brief regarding permission to file summary judgment motion | December 9, 2019 |
| Opening summary judgment briefs, if allowed by the Court | December 23, 2019 |
| Answering summary judgment briefs, if allowed by the Court | January 31, 2020 |
| Reply summary judgment briefs, if allowed by the Court | February 14, 2020 |
| Summary judgment hearing | February/March __, 2020 (as it fits with the Court's schedule) |
| Plaintiff provides draft of pretrial order | March 23, 2020 |
| Defendant provides response to Plaintiff's draft order | April 6, 2020 |
| Submission of joint pretrial order | April 20, 2020 |
| Pretrial conference | May 4, 2020 (as it fits with the Court's schedule) |
| Jury Trial | May 18, 2020 (as it fits with the Court's schedule) |