# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IOENGINE, LLC, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 18-452-WCB |
| PAYPAL HOLDINGS, INC., | § § § | |
| *Defendant*. | § § § | |

| | | |
|---|---|---|
| INGENICO INC., | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | Civil Action No. 18-826-WCB |
| IOENGINE, LLC, | § § § | |
| *Defendant*. | § § § | |

| | | |
|---|---|---|
| IOENGINE, LLC, | § § | |
| *Counterclaim Plaintiff*, | § § § | |
| v. | § § § | |
| INGENICO INC., INGENICO CORP., and INGENICO GROUP S.A., | § § § § | |
| *Counterclaim Defendants.* | § § | |

1

**MEMORANDUM OPINION AND ORDER**

Before the court is a request to lift a stay of proceedings in the two above-captioned cases that was issued in August of last year. Case No. 18-452, Dkt. No. 129 (regarding the stay issued at Dkt. No. 116); Case No. 18-826, Dkt. No. 143 (regarding the stay issued at Dkt. No. 128). The request is GRANTED, and the parties are directed to propose a revised scheduling order for the two cases.

**BACKGROUND**

These two patent cases have been consolidated for pretrial proceedings. In Case No. 18-452, IOENGINE, LLC, alleged that PayPal Holdings, Inc., was infringing U.S. Patent Nos. 8,539,047 ("the '047 patent"), 9,059,969 ("the '969 patent"), and 9,774,703 ("the '703 patent"). In Case No. 18-826, Ingenico Inc. filed a declaratory judgment action against IOENGINE, alleging that certain products Ingenico Inc. had provided to PayPal, which were the subjects of IOENGINE's infringement action against PayPal, did not infringe the three patents that IOENGINE asserted against PayPal. IOENGINE subsequently filed a counterclaim asserting that Ingenico Inc., Ingenico Corp., and Ingenico Group S.A. (referred to collectively as "Ingenico"), were infringing those patents. Across both cases, IOENGINE asserted infringement of a total of 20 claims from the three patents. IOENGINE asserted infringement of claims 1, 2, 4, 12, and 25 of the '047 patent; claims 2–4 and 7 of the '969 patent; and claims 55–57, 61, 100, 104–06, 110, 111, and 123 of the '703 patent.

Ingenico Inc. subsequently filed a total of 12 petitions for *inter partes* review ("IPR") with the Patent Trial and Appeal Board ("PTAB") relating to the three asserted patents. Three of those petitions were granted. The three instituted IPRs covered all 20 of the claims asserted in the two

2

actions in this court. *See* IPR2019-00416 ('047 patent), IPR2019-00879 ('969 patent), and IPR2019-00929 ('703 patent).

Following the PTAB's institution of review of the '047 patent in IPR2016-00416, PayPal and Ingenico moved for a stay of the litigation in this court pending a final decision in the IPR proceedings. On August 21, 2019, I granted those motions and entered a stay of all proceedings in these cases "pending the completion of the '047 *inter partes* review proceeding before the PTAB." Case No. 18-452, Dkt. No. 116, at 29; Case No. 18-826, Dkt. No. 128, at 29. Subsequently, the PTAB instituted IPRs in IPR2019-00879, covering various claims of the '969 patent, and IPR2019-00929, covering various claims of the '703 patent. The PTAB denied institution of Ingenico Inc.'s remaining nine IPR petitions.

The PTAB recently issued final written decisions in the three instituted IPR proceedings. The decisions held that all 26 of the challenged claims of the '047 patent were unpatentable; that 19 claims of the '969 patent were unpatentable, but 5 claims of that patent were not shown to be unpatentable; and that 53 claims of the '703 patent were unpatentable, but 10 claims of that patent were not shown to be unpatentable. Among the 20 claims from the patents asserted in these consolidated cases, the PTAB held that 17 of the claims were unpatentable and 3 were not shown to be unpatentable. The three surviving asserted claims are claim 3 of the '969 patent and claims 56 and 105 of the '703 patent.

IOENGINE now requests that I lift the stay entered in August 2019 so that the infringement actions in this court can proceed on the three surviving asserted claims. PayPal and Ingenico oppose the request to lift the stay. They contend that the stay should be maintained in effect pending the disposition of any request for rehearing before the PTAB or appeal to the Federal Circuit. PayPal and Ingenico have not stated that they intend to seek rehearing before the PTAB or to appeal to the

Federal Circuit, but they urge that the stay be continued at least until a determination has been made as to whether there will be any requests for rehearing or appeals in any of the IPRs. Ingenico argues, in part, that if IOENGINE takes an appeal from the portions of the PTAB's decisions that were adverse to IOENGINE and prevails on some or all of the claims asserted in this action, IOENGINE "may seek to re-litigate previously invalidated claims." Case No. 18-452, Dkt. No. 130, at 3; Case No. 18-826, Dkt. No. 144, at 3. For its part, IOENGINE does not state whether it intends to seek rehearing or appeal to the Federal Circuit in IPR2019-00879 or IPR2019-00929.[1] However, with regard to Ingenico's concern that IOENGINE may seek further review and then seek to relitigate some of the claims that were invalidated by the PTAB, IOENGINE states that it is prepared to proceed in these consolidated cases on only the three asserted claims that were not held unpatentable by the PTAB, so "there is no possibility of this outcome." Case No. 18-452, Dkt. No. 131, at 1; Case No. 18-826, Dkt. No. 145, at 1.

## DISCUSSION

The question whether to grant a stay pending review by the Patent and Trademark Office of the validity of the patent or patents at issue in a lawsuit is committed to the discretion of the district court. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988); *AgroFresh Inc. v. Essentiv LLC*, No. 16-662, 2019 WL 2327654, at *1 (D. Del. May 31, 2019); *Ethicon LLC v. Intuitive Surgical, Inc.*, No. 17-871, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019). The same is true of decisions whether to lift or extend such a stay. *See Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016); *Oyster Optics, LLC v. Ciena Corp.*, No. 17-cv-5920, 2019 WL 4729468, at *2 (N.D. Cal. Sept. 23, 2019); *Personal Audio LLC v. Google, Inc.,* 230 F. Supp.

---

[1] IOENGINE sought rehearing in IPR2019-00416, but rehearing was denied on September 10, 2020.

3d 623, 626 (E.D. Tex. 2017); *Think Optics, Inc. v. Nintendo of Am., Inc.*, No. 6:11-CV-455, 2014 WL 4477400, at *2 (E.D. Tex. Feb. 27, 2014).

"A court may lift a stay if the circumstances supporting the stay have changed such that the stay is no longer appropriate." *Murata*, 830 F.3d at 1361; *DermaFocus LLC v. Ulthera, Inc.*, No. 15-654, 2018 WL 5113960, at *2 (D. Del. Oct. 19, 2018); *Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*, No. 6:11cv492, 2015 WL 11439060, at *1 (E.D. Tex. Jan. 5, 2015). In considering whether to issue a stay pending IPR review, courts typically consider three factors: (1) whether granting the stay would simplify the issues in question and the trial of the case; (2) the status of the district court litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether the stay would cause the non-movant to suffer undue prejudice or allow the movant to gain a clear tactical advantage. *Murata*, 830 F.3d at 1361; *FMC v. Summit Agro USA, LLC*, No. 14-51, 2014 WL 3703629, at *2 (D. Del. July 21, 2014); *SoftView LLC v. Apple Inc.*, No. 10-389, 2012 WL 3061027, at *2 (D. Del. July 26, 2012). Those same factors govern the question whether to extend the stay, after the PTAB has issued its decision in an IPR proceeding, pending a request for rehearing before the PTAB or an appeal to the Federal Circuit. *See Realtime Data LLC v. Hewlett Packard Enter. Co.*, Nos. 6:15-CV-86 et al., 2018 WL 3608544, at *2 (E.D. Tex. July 27, 2018); *Network-1*, 2015 WL 11439060, at *2.

The proceedings in this court have been frozen since the stay was imposed. Thus, the second factor is unchanged, except that the trials, which previously had been scheduled for July and August of 2020, will obviously need to be rescheduled. The focus of the inquiry is therefore on the first and third factors.

The first factor—whether extending the stay would simplify the case before the district court—weighs less heavily in favor of a stay after the PTAB has issued its decision, both as a

5

general matter and in these cases in particular. The PTAB's decisions have narrowed these cases considerably, as often happens following IPR proceedings. In this instance, the PTAB's decisions have narrowed the number of asserted patents from three to two and the number of asserted claims from 20 to 3. In addition, the court now has the benefit of the expert views of the PTAB regarding the construction and validity of the remaining claims. Moreover, to the extent that the statutory principles of estoppel apply to the accused infringers, certain validity issues will be eliminated from the district court litigation. Of course, as PayPal and Ingenico suggest, it is possible that a decision by the Federal Circuit could narrow the case even further; indeed, if the Federal Circuit were to reverse the portions of the PTAB's decisions upholding the validity of the three remaining claims, these cases would evaporate entirely. But, as a statistical matter, the likelihood of that happening is low.

Records of the outcomes of Federal Circuit dispositions in PTAB appeals indicate that the Federal Circuit has issued a full affirmance in more than 75% of appeals from the PTAB. *The Compendium of Federal Circuit Decisions*, U. IOWA, https://fedcircuit.shinyapps.io/federalcompendium (last visited Oct. 20, 2020) (reviewing 1,264 appeals from the PTAB to the Federal Circuit, 955 of which resulted in a full affirmance). In order for a decision on appeal to end these cases altogether, the Federal Circuit would have to reverse the outcome in two separate IPR proceedings involving three separate claims. Purely as a matter of statistics, that outcome would be expected to occur no more than about six percent of the time.[2]

---

[2] PayPal and Ingenico have not pointed to any legal error in the portions of the PTAB's decisions upholding the three remaining asserted claims and thus have not shown that there is any reason to believe the PTAB's decisions relating to the asserted patents are unusually vulnerable and likely to be overturned.

As another purported reason to extend the stay until the disposition of any appeals, PayPal and Ingenico argue that if IOENGINE appeals from the portions of the PTAB's decisions that went against IOENGINE and is successful on appeal, IOENGINE "may seek to re-litigate previously invalidated claims." Case No. 18-254, Dkt. No. 130, at 3; Case No. 826, Dkt. No. 144, at 3. IOENGINE, however, has taken that issue off the table, as it has represented it will proceed in these cases on only the claims found unpatentable in the PTAB's final written decisions.

The third factor—undue prejudice to the nonmoving party—is stronger now than it was when the stay was initially sought. As I noted when I initially entered the stay, a patentee has an interest in prompt enforcement of its patent rights. While that interest in the case of a non-practicing entity is not typically as strong as it is for a competitor of the accused infringer, it is nonetheless a factor that must be afforded weight in the balance. *See Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, No. 14-1430, 2018 WL 1061370, at *1–2 (D. Del. Feb. 26, 2018); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13CV213, 2015 WL 627887, at *2 (E.D. Tex. Jan. 29, 2015). A further delay of the district court litigation would exacerbate that prejudice. Moreover, while the period of delay for an IPR is limited by statute, there is no such limitation on the period required for Federal Circuit review. Extension of the stay, therefore, would be open-ended.

PayPal and Ingenico argue that because of the possibility that the PTAB will rehear one or more of its IPR decisions or that the Federal Circuit will reverse the PTAB with respect to one or more of the claims at issue in these cases, the overall balance of interests has not changed since the stay was initially instituted in August 2019. That contention is not convincing. The fact that the PTAB has issued its decision has a very important impact on the balance of factors. When the PTAB instituted the relevant IPRs, the institution decision indicated that the PTAB regarded the challenged claims as reasonably likely to be invalid as written. The PTAB's decisions on the merits

confirm that judgment with respect to the canceled claims and overturn that judgment with respect to the claims that were not found to be unpatentable. As noted, while it is possible that the PTAB will revise its decision on rehearing or that the Federal Circuit will overturn one or more of the PTAB's decisions, the low number of rehearing requests that the PTAB grants and the high affirmance rate for PTAB decisions before the Federal Circuit suggest that neither of those events is likely to occur. Thus, the low likelihood of a reversal of the PTAB's final written decisions with respect to the three remaining asserted claims does not override IOENGINE's interest in the timely enforcement of its patent rights.

Both sides cite case law that purportedly supports their respective positions. However, the case law concerning motions to extend stays pending Federal Circuit review of a PTAB decision in an IPR proceeding substantially favors lifting the stay.[3] PayPal and Ingenico contend that district courts "have routinely continued stays through the end of the appeals in similar situations in the interest of efficiency and economy." Dkt. No. 130, at 3. That bold assertion does not hold up to scrutiny, however. PayPal and Ingenico cite six cases as supporting their position that the stay of these proceedings should be extended. Four of those cases are readily distinguishable on the grounds set forth below:

In *AgroFresh Inc. v. Essentiv LLC*, No. 16-662, 2019 WL 2327654 (D. Del. May 31, 2019), the PTAB held unpatentable all the claims of one of the three patents asserted in the district court

---

[3] This order focuses on the request to extend the stay pending a Federal Circuit appeal rather than pending a rehearing by the PTAB. If either party seeks rehearing of IPR2019-00879 or IPR2019-00929, and rehearing is granted by the PTAB, it will likely occur soon. For that reason, lifting the stay during the interim before the PTAB acts on any request for rehearing will not put the parties and the court to undue effort. If the PTAB grants rehearing in a manner that makes it likely a further PTAB decision will significantly affect these cases, the parties and the court can consider at that time whether to extend the stay or adjust the pretrial schedule in these cases. *See MCL Intellectual Property, LLC v. Micron Tech., Inc.*, No. 14-cv-3657, 2016 WL 9175599, at *1 (N.D. Cal. Mar. 29, 2016).

action. *Id.* at *1. Because all the claims of that one patent were held unpatentable, the district court stayed the proceedings as to that patent but continued with the rest of the case. *Id.* at *3. The partial stay in *AgroFresh* is quite different from the request in these cases, which is to stay the district court proceedings in their entirety, even though the PTAB has not invalidated all the asserted claims of the two patents still at issue in this litigation.

Similarly, in *Novartis AG v. HEC Pharm Co.*, 183 F. Supp. 3d 560 (D. Del. 2016), the PTAB canceled all the claims of a patent that was asserted in the defendant's counterclaim in the district court action. *Id.* at 561–62. The district court stayed the proceedings as to that patent, but not as to the rest of the case, including the affirmative claims asserted by the plaintiff. *See id.* at 562–63; *see also* Oral Order, *Novartis AG v. HEC Pharm Co.*, No. 15-151 (D. Del. May 2, 2016) (correcting reference to the patent at issue in the PTAB proceeding).

The decision in *Boston Scientific Corp. v. Edwards Lifesciences Corp.*, No. SACV 16-730, 2017 WL 11568311 (C.D. Cal. Dec. 1, 2017), is even more off point. In that case, the IPR proceedings with respect to one set of patents was ongoing, and the district court determined that the PTAB's decisions as to those patents could significantly affect the district court litigation. *Id.* at *3. The *Boston Scientific* case therefore had nothing to do with a stay pending possible rehearing or appellate review of PTAB decisions.

Finally, in *Realtime Data LLC v. Silver Peak Systems, Inc.*, No. 17-CV-2373, 2018 WL 3744223 (N.D. Cal. Aug. 7, 2017), the plaintiff moved to lift the stay of district court proceedings after the PTAB had issued final written decisions on some, but not all, of the relevant IPR petitions. *Id.* at *1. In considering whether to lift the stay, the district court observed that the litigation was in its earliest stages—the first case management conference had yet to be held, and no deadlines

had been set. *Id.* at *2. In addition, the court noted that certain of the relevant IPR proceedings were ongoing. *Id.* The present case differs from *Realtime Data* in both respects.

That leaves two cases, *Safe Storage LLC v. Dell Inc.*, Nos. 12-1624 et al., 2016 WL 11689536 (D. Del. Mar. 11, 2016), and *Andrea Electronics Corp. v. Apple Inc.*, No. 16-CV-5220, 2019 WL 3712120 (E.D.N.Y. Aug. 6, 2019), among those on which PayPal and Ingenico rely. Although IOENGINE seeks to distinguish the *Safe Storage* case on the ground that "there remained *additional* pending IPRs challenging the patents-in-suit," Dkt. No. 131, at 2, that does not appear to be the case. The parties' district court filings in the *Safe Storage* case show that of the six IPR petitions that were filed in that case, institution was denied in four, and the other two resulted in final written decisions by the PTAB, all before the district court ruled on the plaintiff's motion to lift the stay. *See Safe Storage LLC v. Dell, Inc.*, No. 12-1624, Dkt. No. 38, Ex. Nos. 1–7; Dkt. No. 40. Nonetheless, that case can be distinguished from the present cases on two grounds. First, by the time the briefing on the motion to lift the stay was completed in *Safe Storage*, both parties had filed their Federal Circuit briefs, and thus the delay that would have resulted from a Federal Circuit appeal was likely to be considerably shorter than the delay that would result in the present cases.[4] Second, at the time the plaintiff filed its motion to lift the stay in *Safe Storage*, the case was truly in its infancy: no scheduling order had been entered, there had been no discovery, and claim construction had not commenced. *See Safe Storage LLC v. Dell, Inc.*, No. 12-1624, Dkt. Nos. 1–36. That fact, too, distinguishes the present cases from *Safe Storage*, as discovery is ongoing in

---

[4] In fact, the appeals from the PTAB's decisions in *Safe Storage* were decided by the Federal Circuit on August 9, 2016, only five months after the district court entered its order denying the plaintiff's motion to lift the stay. *See NetApp, Inc. v. Elecs. and Telecomm. Rsch. Inst.*, 667 F. App'x 996 (Fed. Cir. 2016) (Rule 36 affirmance).

10

these cases, and all claim construction briefing has been completed except for the defendants' sur-reply brief.

The final case on which PayPal and Ingenico rely, *Andrea Electronics*, is an unusual case, in that the district court action was subject to a mandatory statutory stay pending the disposition of an investigation by the International Trade Commission ("ITC"). 2019 WL 3712120, at *1. During that statutory stay, the defendant filed two IPR petitions with the PTAB. *Id.* The PTAB instituted both IPRs and canceled all but four of the asserted claims. *Id.* The defendant then filed an appeal with the Federal Circuit with regard to those four claims and sought to have the stay of district court proceedings extended until the resolution of the appeal. *Id.* By the time the district court ordered an extension of the stay, the defendant's appeal before the Federal Circuit had been fully briefed and had been awaiting oral argument for four months. *See id.* At that point, because of the stay pending the ITC investigation, very little progress had been made in the district court case, which the district court recognized was in its infancy. *Id.* at *2. Thus, at the time of the district court's stay decision in *Andrea Electronics*, the defendant's appeal from the PTAB decisions in that case was at a far more advanced stage than any potential appeals in the present cases, and the district court proceedings in *Andrea Electronics* were far behind the district court proceedings in the cases at bar.

This review demonstrates that although district courts have, from time to time, granted motions to stay pending appeals from IPR decisions to the Federal Circuit, that practice has been anything but "routine," as PayPal and Ingenico claim. In fact, the great weight of the case law, both in this district and elsewhere, has been to the contrary. Courts in this district have typically denied motions to extend stays after a ruling from the PTAB, emphasizing the difference between the circumstances before and after the PTAB issued its decision and how that difference in

circumstances cuts against an extension of the stay. *See, e.g.*, *Dermafocus LLC v. Ulthera, Inc.*, No. 15-654, 2018 WL 5113960, at *2 (D. Del. Oct. 19, 2019) ("[W]hile the Federal Circuit may come to a different conclusion than the PTAB, the mere *possibility* (as opposed to 'reasonable likelihood') that the asserted claims could be invalidated [after an] appeal and [that this would] result in simplification is too speculative to be given much weight." (citation omitted) (emphasis in original)); *Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, No. 14-1430, 2018 WL 1061370, at *1–2 (D. Del. Feb. 26, 2018) (same); *Triplay Inc. v. WhatsApp Inc.*, No. 13-1703, Dkt. No. 139 (D. Del. Sept. 18, 2017).

Moreover, IPR proceedings are statutorily limited in duration, while appeals to the Federal Circuit are not. For that reason, granting a stay pending appeal subjects the party opposing the stay to an open-ended period of delay, rather than a time-limited period, as in the case of a stay pending an IPR proceeding. *See Oyster Optics, LLC v. Ciena Corp.*, No. 17-cv-5920, 2019 WL 4729468 (N.D. Cal. Sept. 23, 2019)*; Acquis, LLC v. EMC Corp.*, No. 14-cv-13560, 2016 WL 4250245, at *2 (D. Mass. Aug. 10, 2016).

Beyond that, courts in this district have pointed out that the prejudice to the patent owner is increased by a stay pending appeal, because the period of delay pending a Federal Circuit appeal comes on top of the delay resulting from the initial stay pending the IPR decision by the PTAB. *See, e.g.*, *Dermafocus*, 2018 WL 5113960, at *3; *Elm 3DS Innovations*, 2018 WL 1061370, at *2; Oral Order, *Contour IP Holding, LLC v. GoPro, Inc.*, No. 15-1108 (D. Del. Nov. 7, 2016). For those reasons, as Chief Judge Stark wrote in *Zoll Med. Corp. v. Respironics, Inc.*, No. 12-1778, 2015 WL 4126741 (D. Del. July 8, 2015), the pendency of an appeal from an IPR, "and the possibility that the Federal Circuit may reverse the PTO . . . is not, in and of itself, a sufficient basis to make the patentee . . . continue to wait to enforce patent rights that it currently holds." *Id.* at *1.

Judge Stark added that continuing the stay pending a Federal Circuit appeal "would unduly prejudice [the patent holder] and unfairly advantage [the accused infringer] in part by keeping this case at its relatively early stage for perhaps up to another year, while the appeal is briefed and decided." *Id.*

In other districts, most courts faced with the same issue have employed similar analysis and have rejected motions to extend stays pending Federal Circuit review after some or all of the asserted claims have survived invalidity challenges in IPR proceedings. The courts have emphasized the fact that the circumstances change after the PTAB issues its final written decision in an IPR: by statute, the PTAB institutes IPR proceedings when it concludes that there is a "reasonable likelihood" that claims of the patent in issue will be found invalid, and thus the prospect that the IPR will simplify the proceedings before the district court is high. *See* 35 U.S.C. § 314(a). After the PTAB issues its decision, however, that prospect is considerably less likely. In *Oyster Optics,* the United States District Court for the Northern District of California explained the changed circumstances:

> Staying a case until the PTAB issues a final written decision ("FWD") on an IPR is often desirable because of the likelihood that this "expert panel" will bring its wisdom to bear on often highly technical and idiosyncratic issues. However, by the time the Federal Circuit reviews an appeal of an FWD, the patent claims at issue have undergone an adversarial process concerning their validity. In other words, all things being equal, the prospect for simplification of patent matters in a case wanes after the PTAB has issued the FWD.

2019 WL 4729468, at *3. That is, once the PTAB has issued its decision, "the mere possibility (as opposed to 'reasonable likelihood') that the asserted claims could be invalidated or amended on appeal . . . is too speculative to be given much weight." *Network-1 Sec. Sols., Inc. v. Alcatel Lucent USA, Inc.*, No. 6:11-CV-492, 2015 WL 11439060, at *3 (E.D. Tex. Jan. 5, 2015); *see also Juno Therapeutics, Inc. v. Kite Pharma*, No. CV 17-7639, 2018 WL 1470594, at *7 (C.D. Cal. Mar. 8,

13

2018); *Puget BioVentures, LLC v. Med. Device Bus. Servs., Inc.*, No. 3:17-CV-503, 2017 WL 6947786, at *2–3 (N.D. Ind. Sept. 22, 2017); *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15cv21, 2017 WL 11463823, at *3 (E.D. Va. Mar. 20, 2017); *Milwaukee Elec. Tool Corp. v. Hilti, Inc.*, Nos. 14-CV-1288 et al., 2016 WL 7495808, at *2 (E.D. Wis. Dec. 30, 2016); *Acquis,* 2016 WL 4250245, at *2.

Courts in other districts have also reached the same conclusion as courts in this district regarding the importance of the fact that the open-ended delay resulting from a stay pending a Federal Circuit appeal from the PTAB's decision in an IPR proceeding comes on top of the delay entailed in a stay pending the IPR proceeding itself, thus increasing the prejudice to the patent owner's interest in having its patent rights enforced on a timely basis. *See, e.g.*, *Papst Licensing GmbH & Co. v. Apple Inc.*, No. 6:15-CV-1095, 2018 WL 3656491, at *2 (E.D. Tex. Aug. 1, 2018); *Intellectual Ventures I LLC v. HCC Ins. Holdings, Inc.*, No. 6:15-CV-660, 2018 WL 1176495, at *3 (E.D. Tex. June 26, 2018); *Milwaukee Elec. Tool Corp.*, 2016 WL 7495808, at *3; *Network-1*, 2015 WL 11439060, at *5; *Smart Modular Techs., Inc. v. Netlist, Inc.*, No. 2:12-cv-2319, 2016 WL 5159524, at *3 (E.D. Cal. Sept. 21, 2016).

In the cases at bar, as noted, the PTAB's final written decisions have substantially simplified the proceedings before this court. Whether any further simplification will result from an appeal to the Federal Circuit from the PTAB's final written decisions is speculative. It is also hard to predict how long the appellate process will take, although from the available statistics, it is safe to assume that it will take at least a year. In my judgment, that delay, which would come on top of the delay of more than 13 months that IOENGINE has already had to endure while the IPRs were ongoing, would be unduly prejudicial to IOENGINE's interest in the timely enforcement of its patent rights.

Balancing the competing factors bearing on whether the stay should be lifted or extended, I conclude that the stay should be lifted, and it is so ordered.

The parties are directed to meet and confer and, within 10 days of the date of this order, to provide the court with a proposed order modifying the Revised Scheduling Order to govern the remaining schedule in these cases up to the time for the trials. The specific trial dates will have to be determined subsequently based on the availability of the parties and their witnesses, the court, and the courtroom facilities.

IT IS SO ORDERED.

SIGNED this 26th day of October, 2020.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE