# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IOENGINE, LLC<br>　　　Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>PAYPAL HOLDINGS, INC.,<br>　　　Defendant/Counterclaim Plaintiff. | C.A. No. 18-452-WCB<br><br>JURY TRIAL DEMANDED<br><br>ORIGINAL VERSION FILED: March 23, 2021<br><br>PUBLIC VERSION FILED: March 30, 2021 |

## IOENGINE, LLC'S OPENING LETTER REGARDING ITS DISCOVERY DISPUTE WITH PAYPAL HOLDINGS, INC.

OF COUNSEL:

Noah M. Leibowitz
Gregory T. Chuebon
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500
noah.leibowitz@dechert.com
greg.chuebon@dechert.com

Dated: March 23, 2021

SMITH, KATZENSTEIN & JENKINS LLP
Neal C. Belgam (No. 2721)
Eve H. Ormerod (No. 5369)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
eormerod@skjlaw.com

*Attorneys for IOENGINE, LLC*

Dear Judge Bryson:

Pursuant to the Court's March 19, 2021 instructions, IOENGINE, LLC ("IOENGINE") respectfully requests an order requiring PayPal Holdings, Inc. ("PayPal") to (i) search for and produce relevant and responsive e-mail, and (ii) update financial information that is now more than two years stale.

**Targeted E-mail Discovery:** IOENGINE's First Requests for Production (Ex. A) requested relevant and important email correspondence. PayPal has refused to produce even a single email. Importantly, IOENGINE is not requesting a broad, unbounded search of all of PayPal's email. Nor is this a fishing expedition. IOENGINE is requesting a targeted production of limited categories of email directly relevant to its claims, to and from the specific employees that PayPal has identified in its disclosures as having relevant information, and with specific third parties:

- Email to and from PayPal employees



PayPal's Paragraph 3 Disclosures (Ex. B), at 2-3; PayPal's Fed. R. Civ. P. 26(a)(1) Initial Disclosures (Ex. C), at 3-4.[1] These emails are likely to reveal the development of the accused products, *why* certain design decisions were made, the feasibility or cost of alternative designs, and the desirability and importance of infringing designs and functionalities. In addition to infringement, this information is relevant to willfulness and damages, as it reflects the value of the patented technology and its contribution to the accused products, and it cannot be gleaned from a review of PayPal's source code.

- Email to and from PayPal employee



Ex. B, at 2. These emails are likely to show the significance of the accused products to PayPal's finances, financial projections and forecasts, financial arrangements with third parties, the cost of developing and maintaining the accused products and services, and strategic decisions made in relation to those revenues and costs. This information is relevant to damages and is not available from an inspection of PayPal's limited production of summary financial information, which consists, in total, of only *five* documents.

- Email to and from **Ingenico Inc., Ingenico Corp., Ingenico Group S.A.,**



suppliers of PayPal's accused products, regarding purchase orders, sales agreements, financial arrangements, and the function, structure, and operation of the accused products. These emails are likely to reveal PayPal's product requirements, including infringing functionality, compatibility with PayPal's systems, the product features most significant to PayPal and its customers, and encouragement and instruction to provide products that infringe. This information is relevant to damages, inducement, and contributory and joint infringement nor is it found elsewhere in PayPal's

---

[1] PayPal last identified custodians most likely to have relevant information on August 20, 2018. PayPal is obligated to supplement or correct its disclosures if needed. Fed. R. Civ. Pro. 26(e).

document production.

- Email to and from **Lavu, Inc.**, **TouchBistro Inc.**, **Vend Ltd.**, **Erply Ltd.**, and **Brightpearl Ltd.**, PayPal's "POS Partners." PayPal provides and supports PayPal's accused products for use with its POS Partners' payment platforms. These communications are relevant and important to IOENGINE's claims, including its inducement and contributory and joint infringement claims, because they are likely to show how PayPal encouraged, instructed, or directed its POS Partners to use the accused products in an infringing manner, discussions of financial arrangements, the importance of the accused products to PayPal's and its POS Partners' businesses, the POS Partners' reactions and feedback to the accused products and their functionalities, and integration of the accused products with PayPal's and its POS Partners' systems. This information is relevant to damages, inducement, and contributory and joint infringement and is not contained PayPal's source code or in any of the materials produced by PayPal.

IOENGINE has made multiple attempts to work with PayPal to resolve this dispute.[2] PayPal, however, has refused to produce *any* e-mail under any circumstances, declaring that "PayPal will not be producing any e-mail in response to IOENGINE's existing document requests." *See* Ex. D (June 20, 2019 Letter from Caridis to Chuebon) at 2; *see also* Ex. E (July 26, 2019 Letter from Caridis to Chuebon) at 1 (stating that "the parties *are* likely at an impasse … on the production of e-mail communications….") (emphasis in original). PayPal's position is unsupported by legal authority and is contrary to the Federal Rules of Civil Procedure.

Email discovery has been recognized as a proper part of discovery for at least the past two decades. The importance of email discovery is reflected in the Committee Notes for Rule 34: "Rule 34(a)(1) is expansive and includes any type of information that is stored electronically. A common example often sought in discovery is electronic communications, such as e-mail.… Rule 34(a)(1) is intended to be broad enough to cover all current types of computer-based information." Fed R. Civ. Pro 34, Committee Notes on Rules—2006 Amendment. District courts have also repeatedly confirmed that e-email discovery is contemplated by the Federal Rules. *See, e.g., Rowe Entm't, Inc. v. William Morris Agency, Inc.*, 205 F.R.D. 421, 428 (S.D.N.Y. 2002) ("[D]efendants' e-mails … are equally discoverable. Electronic documents are no less subject to disclosure than paper records.") (collecting cases and finding "no justification for a blanket order precluding discovery of the defendants' e-mails on the ground that such discovery is unlikely to provide relevant information"); *Thompson v. United States HUD*, 219 F.R.D. 93, 96 (D. Md. 2003) ("Courts…have held that e-mail and other electronically stored information is subject to the disclosure requirements of Rule 26(a)(1), as well as discovery by a Rule 34 document production request.") (collecting cases).

Discovery of emails is also the norm in this District. The District of Delaware has, since 2011, provided parties with the Default Standard for Discovery, Including Discovery of Electronically Stored Information (Ex. J) (*available at* https://www.ded.uscourts.gov/sites/ded/files/pages/

---

[2] *See, e.g.*, Exs. F, G, H, and I (June 11, 2019, July 11, 2019, December 7, 2020, and December 22, 2020 Letters to PayPal). The parties also met and conferred several times, including on June 20, 2019, before this case was stayed, and on January 5, 2021, after the stay was lifted.

Electronic%20Discovery%20Default%20Standard_0.pdf), which explicitly calls for the search and production of emails. *See* Default Standard, at 3, 5 (instructing parties to discuss "likely sources of potentially relevant information…including…email.") ("The producing party **shall** search…emails…maintained by the custodians identified in accordance with paragraph 3(a).").

PayPal contends, without authority, that IOENGINE's requests are improper because they constitute "wholesale" production of e-mails. But, as described above, that is not the case. IOENGINE's requests have been narrowed in meet and confers, and are targeted to limited categories of email from the custodians that PayPal itself has identified as most likely to have relevant documents, and to PayPal's acknowledged suppliers and business partners. PayPal acknowledges that specific PayPal custodians are in the possession of relevant electronic discovery, but simply refuses to produce it.

PayPal also claims that e-mail discovery would be "burdensome." But its position is disingenuous. Burden is not measured in a vacuum. Indeed, all discovery involves some burden. But the relative burden is balanced against proportionality and relevance. PayPal generates *billions* of dollars of earnings a year and styles itself as a technology company. Surely it can run searches on the email of a handful of its identified employees and those related to specifically named business partners. Under PayPal's theory all email discovery can be avoided simply by claiming unsubstantiated "burden"—a position antithetical to the Federal Rules and to the Default Standard. *See* Fed. R. Civ. P. 26(b)(1). Indeed, the Default Standard is designed to prevent the very same type of obstruction that PayPal has engaged in here. In particular, the Default Standard requires discovery of electronically stored information, including email, but provides producing parties with the option to employ search terms to reduce any burden. PayPal's nebulous assertion of burden, while it shuns the burden-reducing procedures of the Default Standard, is gamesmanship. *See, e.g.*, *Frontier Commc'ns Corp. v. Google Inc.*, 10-cv-545-GMS, 2014 WL 12606321, at *5 (D. Del. Feb. 3, 2014) (defendant "stands in a unique position, as the producing party, to control its litigation expenses by, among other things (a) identifying proper record custodians; and (b) working with [plaintiff] to finalize the search terms for use in responding to discovery requests"). PayPal's refusal to follow the Default Standard's search term procedure does not excuse it from producing responsive e-mails. It just means that PayPal must locate responsive email by some other means.

**Updated Transaction Financial Information:** Prior to the Court's stay of this case pending *inter partes* review, PayPal responded to certain of IOENGINE's interrogatories by providing a single spreadsheet containing transaction financial data through December 2018. That information is now more than two years old. PayPal refuses to update the document, stating that it would do so only at an undetermined "later" date. There is little to no burden on PayPal to update just **one** financial spreadsheet, and fact discovery closes in just over 10 weeks. The time to update is now.

**Conclusion:** IOENGINE respectfully requests that PayPal be ordered to (i) locate and produce responsive emails as set forth in IOENGINE's December 7, 2020 correspondence to PayPal, *see* Ex. H and (ii) supplement and update its limited production of financial information, both by no later than April 9, 2021.

Respectfully,

*/s/ Eve H. Ormerod*

Eve H. Ormerod (#5369)

Enclosures

cc:     All Counsel of Record (via email)