IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IOENGINE, LLC, | ) |
|        Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 18-452 (WCB) |
| PAYPAL HOLDINGS, INC., | ) |
| | ) **JURY TRIAL DEMANDED** |
|        Defendant. | ) |

**PAYPAL'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedures, PAYPAL HOLDINGS, INC., will serve the subpoena attached hereto as Exhibit A on Ingenico, Inc.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant*

OF COUNSEL:

Jared Bobrow
Travis Jensen
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
(650) 614-7400

Alyssa M. Caridis
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
(213) 629-2020

March 30, 2021

# EXHIBIT A

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| IOENGINE, LLC *Plaintiff* v. PAYPAL HOLDINGS, INC. *Defendant* | Civil Action No. 18-452 (WCB) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Ingenico, Inc. c/o Corporate Trust Company, Agent for Service of Process
Corporate Trust Center, 1209 Orange St., Wilmington, DE 19801

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: ATTACHMENT A

| Place: MORRIS, NICHOLS, ARSHT & TUNNELL 1201 North Market Street, P.O. Box 1347 Wilmington, DE 19899 | Date and Time: 04/16/2021 at 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/30/2021

*CLERK OF COURT*

OR

_____        /s/ Travis Jensen
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Paypal Holdings, Inc , who issues or requests this subpoena, are:
Travis Jensen, Orrick, Herrington & Sutcliff LLP, 1000 Marsh Rd., Menlo Park, CA 94025; 650-614-7400; tjensen@orrick.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 18-452 (WCB)

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　**(i)** is a party or a party's officer; or
　　**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
　**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
　**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
　**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　**(i)** fails to allow a reasonable time to comply;
　　**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　**(iv)** subjects a person to undue burden.
　**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
　　**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
　**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　**(i)** expressly make the claim; and
　　**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

1. The "'047 patent" means U.S. Patent No. 8,539,047.

2. The "'969 patent" means U.S. Patent No. 9,059,969.

3. The "'703 patent" means U.S. Patent No. 9,774,703.

4. The "Asserted Patents" means any patent asserted in the Lawsuit or Other Actions, including the '047 patent, the '969 patent, and the '703 patent, individually or collectively.

5. "Non-Party Discovery Material" means any subpoena or other discovery request or process served on any non-party in connection with any case involving any Asserted Patent, any responses or documents produced in response to such a subpoena or discovery request or process, any documents voluntarily provided by a non-party in connection with or in relation to any case involving any Asserted Patent (whether the non-party was subpoenaed or not), and any transcripts of testimony obtained by you in connection with any case involving any Asserted Patent.

6. "Prior Art" means all publications, patents, physical devices, prototypes, products, uses, sales, offers to sell or other activity concerning the subject matter of any Asserted Patent, or any Related Application Or Patent, that existed on, or occurred on, a date relevant under 35 U.S.C. §§ 102 or 103 to any actual or effective filing date alleged by Plaintiff for the relevant asserted patent.

7. "Accused Products" means any of the systems, methods, devices, and/or products whose use, manufacture, sale, offer for sale, or importation Plaintiff contends infringes any claim of any Asserted Patent in the Lawsuit.

8. "Communication" means any transmission, transfer, or exchange of information (in the form of facts, ideas, inquiries or otherwise) by any means, including, without limitation, any written, printed, typed, electronic, photographed, recorded, or otherwise reproduced communication or representation.

9. "Documents" and "things" are defined to be synonymous in meaning and equal in scope to the usage of the terms by Rule 34(a) of the Federal Rules of Civil Procedure, and includes, without limitation, any written, printed, recorded, graphic matter, electronically stored information ("ESI"), or metadata that is or has been in Plaintiff's constructive possession, custody, or control, regardless of the medium on which it is produced, reproduced, or stored, including, without limitation, correspondence, records, reports, memoranda, notes, letters, telegrams, telexes, messages (including, without limitation, reports of telephone conversations and conferences), studies, analyses, books, magazines, newspapers, publications, booklets, pamphlets, circulars, bulletins, instructions, minutes, or other communications (including, without limitation, inter-office and intra-office communications), questionnaires, surveys, contracts, memoranda of agreement, memoranda of understanding, assignments, books of account, orders, working papers, records or summaries of negotiations, voice recordings, records or summaries of personal interviews or conversations, appointment calendars, diaries, schedules, printouts, drawings, specifications, patents, patent applications, certificates of registration, applications for registration, graphs, charts, studies, plans and planning materials, statistical statements, notebooks, data sheets, microfilm, microfiche, photographic negatives, blueprints, schematics, logic diagrams, timing diagrams, pictures, photographs, test results, belts, tapes, magnetic tapes, paper tapes, discs, data cards, films, data processing films and other computer readable records or programs, object codes, source codes, and all other written, printed, or

2

recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, and all originals (or, if originals are not available, identical copies thereof), drafts, and non-identical copies thereof. If the original of a document is not available or was not reviewed or received by a particular person, "document" includes any identical copy of the original. A draft or nonidentical copy is a separate document within the meaning of this term.

10. "Person" or "persons" means any natural person or any business, legal or governmental entity or association and the officers, directors, employees, agents, consultants and attorneys thereof.

11. The words "and," "or," and "and/or" are used in the broadest sense and shall be used conjunctively or disjunctively, whichever makes the request more inclusive.

12. The words "any," "all," and "each" are used in the broadest sense and shall mean any, all, each, and every.

13. "Include" and "including" means including but not limited to.

14. The terms "concern," "concerning," "evidence," "evidencing," "relating to," "relate to," "relates to," "related to," "refer to," "referring to," and "regarding," shall be construed broadly to mean in whole or in part alluding to; responding to; concerning; regarding; directly or indirectly relating to; connected with; involving; commenting on; in respect of; about; associated with; dealing with, discussing; evidencing; showing; describing; depicting; reflecting; analyzing; summarizing; mentioning; memorializing; bearing upon; consisting of; constituting; containing; embodying; identifying; pertaining to; demonstrating; stating; comprising; tending to support, discredit, refute, or contradict; referring to; and in any way touching upon.

3

15.     "Plaintiff" and "IOENGINE," mean or refer to Plaintiff IOENGINE, LLC and any and all predecessors, successors, divisions, subsidiaries, subcontractors, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all past or present officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to act on behalf of any of the foregoing.

16.     "You" and "Ingenico" mean Ingenico, Inc. LLC and any and all predecessors, successors, divisions, subsidiaries, subcontractors, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all past or present officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to act on behalf of any of the foregoing.

17.     "IOENGINE Products" means any system, method, device, and/or product that IOENGINE contends embodies, practices, or uses either a contact or contactless data communications protocol that has been, is or is intended to be manufactured, sold, offered for sale, or marketed by IOENGINE (as defined above).

18.     "Defendant" and "PayPal" mean Defendant PayPal Holdings, Inc., its predecessors and successors, all past and present parents, subsidiaries, and divisions of any of the foregoing.

19.     "Documentation" means Documents related to the development, maintenance, performance, operation, and improvement of Software or hardware, including without limitation requirements, architectural designs, technical specifications, manuals, change logs, and release notes.

4

20.     "Software" means programs and other operating information, including binaries, executables, applications, libraries, binary code, and source code.

21.     "Lawsuit" means the above-captioned action.

22.     "Other Actions" means litigations or proceedings other than the Lawsuit, including *inter partes* reviews, covered business method reviews, or other post-issue review proceedings at the PTO or at a non-United States patent authority or office (*e.g.*, European Patent Office), regardless of whether such proceedings were instituted, involving any Asserted Patent or any Related Application Or Patent, including, but not limited to, the following litigations:

- *IOENGINE LLC v. Interactive Media Corp.*, D. Del. Case No. 1-14-cv-01571;
- *IOENGINE LLC v. GlassBridge Enterprises, Inc.*, D. Del. Case No. 1-14-cv-01572; and
- *Ingenico Inc. v. IOENGINE LLC*, D. Del. Case No. 18-452.

## INSTRUCTIONS

The following instructions apply to the requests below.

1.      If any objection is made to any request herein, the objection shall state with particularity the bases therefor, and the request shall be responded to the extent not objected to. If the objection is based on the attorney-client privilege or the attorney work product doctrine, the objection shall identify the communication and shall in addition state the basis for the claim of privilege or work product as required by Federal Rule of Civil Procedure 26(b)(5).

2.      If you contend that a portion of a document contains information which is immune from discovery, then produce the document with the immune portion redacted therefrom and describe the redacted portion in a privilege log pursuant to the preceding paragraph.

3.      If You know of the existence, past or present, of any documents or things requested herein, but are unable to produce such documents or things because they are not

5

presently in Your possession, custody, or control, You shall so state and shall identify such documents or things, and the person who has possession, custody, or control of such documents or things.

4.	All documents requested are to be produced in the same file or other organizational environment in which they are maintained.  For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket, or grouping in the same order or manner of arrangement as the original.  File folders with tabs or labels identifying documents should be produced intact with such documents. Alternatively, as to each document and thing produced in response hereto, You shall identify the Request and where applicable, the interrogatory number, in response to which the Document or Thing is being produced.

5.	If, in responding to any request, You claim any ambiguity or vagueness either in the request itself or in an applicable definition or instruction, identify in Your response the particular language that You consider ambiguous or vague and state the interpretation used by You to respond.

6.	None of the definitions, instructions, or requests for production shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in any definition, instruction, or request.

7.	Separate and complete responses and required for each request.

8.	If you object to or disagree with any of the definitions set forth in these requests, or if you do not understand any term used in these requests, explain in detail the nature of your

6

disagreement with the definition, or lack of understanding of the term, and provide your definition of the term.

9. The form of production of documents and the numbering of such documents shall be performed in a manner that will allow PayPal to determine the source of each document.

10. These Requests are not limited as to time period unless explicitly stated.

11. The singular shall always include the plural and the present shall also include the past tense. Any pronoun shall mean the masculine, feminine, and/or neutral gender as in each case is most appropriate.

12. No request is meant to limit the scope of any other request, or any term defined, and no such interpretation should be given.

13. Pursuant to Federal Rule of Civil Procedure 26(e), these requests for documents and things are continuing in nature. If, after producing the requested documents and things, Plaintiff obtains or become aware of any further responsive documents or things, Plaintiff must produce to PayPal such additional documents and things.

14. These requests are propounded for the purpose of discovery and are not to be taken as waiving any objections that may be made at trial to the introduction of evidence on subjects covered by these requests or as an admission of the relevance or materiality at trial of any of the information requested by these requests.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All Non-Party Discovery Materials relating to the Lawsuit, Other Actions, or any proceeding involving any Asserted Patent.

**REQUEST NO. 2:** All Software, including source code, relating to the Accused Products.

**REQUEST NO. 3:** Documentation and marketing documents relating to the Accused Products.

**REQUEST NO. 4:** All documents relating to non-infringing alternatives and/or design arounds to the Asserted Patents.

**REQUEST NO. 5:** All Prior Art to the Accused Products.

**REQUEST NO. 6:** Documents sufficient to show Ingenico's costs of goods sold, revenues, and profits for the Accused Products.

**REQUEST NO. 7:** All agreements, including licenses, relating to the Accused Products or the subject matter of the Asserted Patents.

**REQUEST NO. 8:** Documents You intend to use at trial in pursuing Your declaratory judgment claims or in defending against Plaintiff's claims.

**REQUEST NO. 9:** Documents produced or provided by Plaintiff to You, including in connection with discovery.

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 30, 2021, upon the following in the manner indicated:

| | |
|---|---|
| Neal C. Belgam, Esquire<br>Eve H. Ormerod, Esquire<br>SMITH, KATZENSTEIN & JENKINS, LLP<br>1000 West Street, Suite 1501<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | VIA ELECTRONIC MAIL |
| Noah M. Leibowitz, Esquire<br>Gregory T. Chuebon, Esquire<br>DECHERT LLP<br>Three Bryant Park<br>1095 Avenue of the Americas<br>New York, NY  10036-6797<br>*Attorneys for Plaintiff* | VIA ELECTRONIC MAIL |
| Derek J. Brader, Esquire<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA  19104-2808<br>*Attorneys for Plaintiff* | VIA ELECTRONIC MAIL |
| Michael H. Joshi, Esquire<br>DECHERT LLP<br>3000 El Camino Real<br>Five Palo Alto Square, Suite 650<br>Palo Alto, CA  94306<br>*Attorneys for Plaintiff* | VIA ELECTRONIC MAIL |

*/s/ Brian P. Egan*

Brian P. Egan (#6227)