# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IOENGINE, LLC,<br>*Plaintiff,*<br><br>v.<br><br>PAYPAL HOLDINGS, INC.,<br>*Defendant.* | C.A. No. 18-452-WCB<br><br><br><br>JURY TRIAL DEMANDED |
| INGENICO INC.,<br>*Plaintiff,*<br><br>v.<br><br>IOENGINE, LLC,<br>*Defendant.* | C.A. No. 18-826-WCB |
| IOENGINE, LLC,<br>*Counterclaim Plaintiff,*<br><br>v.<br><br>INGENICO INC., INGENICO CORP., and INGENICO GROUP S.A.<br>*Counterclaim Defendants.* | JURY TRIAL DEMANDED<br><br>**Original Version Filed: July 12, 2021**<br>**Public Version Filed: July 19, 2021** |

## IOENGINE'S BRIEF IN SUPPORT OF ITS MOTION FOR ISSUANCE OF LETTERS OF REQUEST UNDER THE HAGUE EVIDENCE CONVENTION

OF COUNSEL:

Noah M. Leibowitz
Gregory T. Chuebon
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500
noah.leibowitz@dechert.com
greg.chuebon@dechert.com

Dated: July 12, 2021

SMITH, KATZENSTEIN & JENKINS LLP

Neal C. Belgam (No. 2721)
Eve H. Ormerod (No. 5369)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
eormerod@skjlaw.com
*Counsel for IOENGINE, LLC*

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... ii

I.   Introduction ................................................................................................................. 1

II.  Background ................................................................................................................. 1

III. Legal Standard ............................................................................................................ 2

IV.  Discussion ................................................................................................................... 3

    A. Factor 1: Ingenico and PayPal allege that Mr. Elazar and Mr. Harkabi possess information important to Ingenico and PayPal's allegations of inequitable conduct. .. 3

    B. Factor 2: IOENGINE's requests are narrow and targeted. ........................................... 4

    C. Factor 3: Ingenico has alleged that much of the information it seeks relates to business dealings in the United States. ........................................................................ 4

    D. Factor 4: No alternative means are available to obtain information possessed by Messrs. Elazar and Harkabi. ......................................................................................... 5

    E. Factor 5: IOENGINE's request is not contrary to any important U.S. or Israeli interest. ......................................................................................................................... 5

V.   CONCLUSION ........................................................................................................... 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ingenico Inc. v. IOENGINE, LLC*,
   No. 18-826-WCB, 2021 WL 765757 (D. Del. Feb. 26, 2021) ......................................... *passim*

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*,
   482 U.S. 522 (1987) ...............................................................................................................2

*Tulip Computs. Int'l B.V. v. Dell Comput. Corp.*,
   254 F. Supp. 2d 469 (D. Del. 2003) .......................................................................................2

**Other Authorities**

Hague Convention, Art. 1, T.I.A.S. No. 7444, reprinted at 28 U.S.C. § 1781 ................................2

T.I.A.S. No. 6638 (Feb. 10, 1969) ..................................................................................................2

I.  **INTRODUCTION**

The above-captioned related cases concern patented inventions made by Scott McNulty and owned by plaintiff IOENGINE.  *See* (D.I. 40[1]) (Order relating *IOENGINE LLC v. PayPal Holdings, Inc.*, Case No. 18-452 ("PayPal Action') and *Ingencio, Inc. v. IOENGINE LLC*, Case No. 18-826 ("Ingenico Action").[2]  On March 17, 2021, the Court granted Ingenico's motion for a letter of request for international judicial assistance concerning documents and testimony from Gideon Elazar and Daniel Harkabi, two residents of Israel who may possess information that Ingenico Inc., Ingenico Corp., and Ingenico Group SA (together, "Ingenico") contend is relevant to their claims and defenses in the Ingenico Action.  Case No. 18-cv-826, D.I. 192.  In addition, PayPal has informed IOENGINE that PayPal expects to pursue a parallel Letter of Request to obtain documents and testimony from Messrs. Elazar and Harkabi in the PayPal Action.

Although discovery in the Ingenico and PayPal Actions have been ordered "coordinated for discovery and scheduling purposes," (D.I. 40), it is uncertain whether, under applicable law and under the present circumstances, any party other than Ingenico will be authorized to question the witnesses during any depositions of Messrs. Elazar and Harkabi.  Accordingly, IOENGINE seeks to comply with Hague Convention formalities in an abundance of caution to ensure that it has the opportunity to make use of any evidence produced and participate in any depositions of Messrs. Elazar and Harkabi, should those depositions occur.

II.  **BACKGROUND**

Plaintiff IOENGINE, LLC ("IOENGINE") alleges infringement of eight claims of U.S. Patent Nos. 9,059,969 (the "'969 Patent") and 9,774,903 (the "'703 Patent") (together, the

---

[1] Docket entries are to Case No. 18-452 unless otherwise noted.
[2] Ingenico supplies PayPal with devices that are accused of infringing the patents-in-suit in both actions.

1

"Patents-in-Suit") by Ingenico and PayPal. PayPal and Ingenico's cases have been consolidated for scheduling and discovery purposes, with the *Ingenico* trial currently set for March 14, 2022 and the *PayPal* trial currently set for March 21, 2022.³

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████ Ingenico and PayPal have made various allegations of inequitable conduct and improper inventorship in these cases. *See* Case No. 18-cv-826, D.I. 93 at 114-120; Case No. 18-cv-452, D.I. 83 at 32-41.

### III. LEGAL STANDARD

The Hague Convention, to which both the United States and Israel are signatories,⁴ "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). "The Convention allows judicial authorities in one signatory country to obtain evidence located in another signatory country 'for use in judicial proceedings, commenced or contemplated.'" *Tulip Computs. Int'l B.V. v. Dell Comput. Corp.*, 254 F. Supp. 2d 469, 472 (D. Del. 2003) (quoting Hague Convention, Art. 1, T.I.A.S. No. 7444, reprinted at 28 U.S.C. § 1781). "There are multiple methods of taking evidence pursuant to the Convention." *Ingenico Inc. v. IOENGINE, LLC*, No. 18-826-WCB, 2021 WL 765757, at *1 (D. Del. Feb. 26, 2021). IOENGINE seeks to avail itself of the "letter rogatory" method, "in which a U.S. judicial authority sends a letter of request to the competent authority in the foreign state." *Id.*

---

³ *See* Case No. 18-cv-826, D.I. 237 (Third Revised Scheduling Order).
⁴ *See* T.I.A.S. No. 6638 (Feb. 10, 1969).

This Court has adopted a five-factor formulation for assessing the reasonableness of a Hague Convention request:

> (1) the importance to the litigation of the documents or other information requested, (2) the degree of specificity of the request, (3) whether the information originated in the United States, (4) the availability of alternative means of securing the information, and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

*Ingenico*, 2021 WL 765757, at *2.

## IV. DISCUSSION

### A. Factor 1: Ingenico and PayPal allege that Mr. Elazar and Mr. Harkabi possess information important to Ingenico and PayPal's allegations of inequitable conduct.

The first factor is "the importance to the litigation of the documents or other information requested." *Ingenico*, 2021 WL 765757, at *2. In its motion for issuance of Letters Rogatory, Ingenico has alleged that Mr. Elazar and Mr. Harkabi possess information and documents that will be important to its allegations of inequitable conduct and inventorship of the Patents-in-Suit. Case No. 18-cv-826, D.I. 188 at 5-10. The Court granted Ingenico's motion on March 17, 2021. *Id.*, D.I. 192. PayPal has made similar allegations of inequitable conduct in its Answer, Case No. 18-cv-452, D.I. 83 at 32-41, and has informed IOENGINE that PayPal intends to make a parallel motion for issuance of Letters Rogatory to this Court. IOENGINE believes that any information Messrs. Elazar and Harkabi are likely to have ████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████ Because it is important that IOENGINE be able to defend itself against Ingenico's and PayPal's allegations, IOENGINE simply seeks to comply with Hague Convention formalities in an abundance of caution to ensure

3

that it has the opportunity to participate in the depositions of Messrs. Elazar and Harkabi, should those depositions occur. This factor supports granting IOENGINE's motion.

**B.    Factor 2: IOENGINE's requests are narrow and targeted.**

The second factor is "the degree of specificity of the request." *Ingenico*, 2021 WL 765757, at *2. IOENGINE's requests for documents and testimony are identical to those approved by the Court for Ingenico.[5] *See* Case No. 18-cv-826, D.I. 187-2 at Schedules A-B. It is not IOENGINE's intention to burden Mr. Elazar or Mr. Harkabi with duplicative document requests or depositions. Instead, IOENGINE seeks only the right to rely on the evidence and responses Messrs. Elazar and Harkabi provide, and to question the witnesses at any deposition that occurs. The additional burden to Messrs. Elazar and Harkabi over the existing burden of the Ingenico and PayPal discovery requests will be insignificant.

**C.    Factor 3: Ingenico has alleged that much of the information it seeks relates to business dealings in the United States.**

The third factor is "whether the information originated in the United States." *Ingenico*, 2021 WL 765757, at *2. Ingenico alleges that the information sought relates to business dealings in the United States. Case No. 18-cv-826, D.I. 188 at 10-12. The Court granted Ingenico's motion on March 17, 2021. *Id*., D.I. 192. IOENGINE understands that PayPal intends to make the same allegations in a parallel request to this Court. Because the Court has already granted Ingenico's motion and IOENGINE simply seeks to comply with Hague Convention formalities in an abundance of caution to ensure that it has the opportunity to make use of any evidence produced and participate in the depositions of Messrs. Elazar and Harkabi that Ingenico is

---

[5] IOENGINE understands that PayPal intends to submit discovery requests identical to Ingenico's requests as well. IOENGINE's requests differ from Ingenico's only in that IOENGINE also provides a copy of the protective order in the PayPal matter.

pursuing and that PayPal is expected to pursue, this factor supports granting IOENGINE's motion

### D. Factor 4: No alternative means are available to obtain information possessed by Messrs. Elazar and Harkabi.

The fourth factor is "the availability of alternative means of securing the information." *Ingenico*, 2021 WL 765757, at *2. In ruling on Ingenico's motion, the Court found that the fourth factor was satisfied, explaining:

> As private individuals residing in Israel, Messrs. Harkabi and Elazar beyond this Court's jurisdiction, and they do not have representatives in the United States through which Ingenico could contact . . . . Furthermore, counsel for Ingenico have attempted to contact the two individuals by email, but the individuals have not responded. I find, therefore, that Ingenico has satisfied the fourth factor of the *Aerospatiale* test, i.e., establishing the unavailability of alternative means of securing the information.

*Id.*, at *3 (citations omitted). IOENGINE submits that the same conclusion applies to its motion.

### E. Factor 5: IOENGINE's request is not contrary to any important U.S. or Israeli interest.

The fifth factor is "the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located." *Id.* at *2. In ruling on Ingenico's motion the Court found the fifth factor to be satisfied, stating:

> I also find that Ingenico has satisfied the fifth *Aerospatiale* factor regarding the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with undermine important interests of Israel. After reading Ingenico' discovery requests, I can discern no reason why Ingenico's requests would be contrary to Israeli law. . . . To the extent that Ingenico's discovery requests call for communications that may be privileged under Israeli law, Ingenico has excepted such material from its requests. . . . I also note that preventing the

5

> requested discovery would undermine Ingenico's important interest in developing its claims and defenses.

*Id.* at *3 (citations omitted). IOENGINE's discovery requests are identical to Ingenico's and to those that PayPal has informed IOENGINE that it will request, and so are equally not contrary to Israeli law. Preventing IOENGINE from participating in the requested discovery would undermine IOENGINE's important interest in defending against Ingenico's and PayPal's allegations. The fifth factor supports granting IOENGINE's motion.

## V.   CONCLUSION

IOENGINE respectfully requests that the Court sign and issue the Letters of Request.

Dated:  July 12, 2021

OF COUNSEL:

Noah M. Leibowitz
Gregory T. Chuebon
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500
noah.leibowitz@dechert.com
greg.chuebon@dechert.com

Derek J. Brader
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000
derek.brader@dechert.com

Michael J. Joshi
DECHERT LLP
3000 El Camino Real
Five Palo Alto Square, Suite 650
Palo Alto, CA 94306
(650) 813-4800
michael.joshi@dechert.com

SMITH, KATZENSTEIN & JENKINS LLP

*/s/ Eve H. Ormerod*
Neal C. Belgam (No. 2721)
Eve H. Ormerod (No. 5369)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
eormerod@skjlaw.com

*Attorneys for IOENGINE, LLC*

7