IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IOENGINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-452 (WCB) |
| | ) | |
| PAYPAL HOLDINGS, INC., | ) | **REDACTED –** |
| | ) | **PUBLIC VERSION** |
| Defendant. | ) | |

**PAYPAL'S OPENING BRIEF IN SUPPORT OF
ITS MOTION FOR SPOLIATION SANCTIONS**

OF COUNSEL:

Jared Bobrow
Travis Jensen
Jacob M. Heath
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
(650) 614-7400

Alyssa M. Caridis
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
(213) 629-2020

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant*

Original Filing Date: December 6, 2021
Redacted Filing Date: December 13, 2021

**CONFIDENTIAL - FILED UNDER SEAL**

## TABLE OF CONTENTS

Page

I.  INTRODUCTION ........................................................................................................ 1

II.  FACTUAL BACKGROUND ..................................................................................... 2

    A.  The MediKey Device. ....................................................................................... 2

    B.  McNulty Swears Behind Prior Art to Obtain His Patents. ................................ 3

    C.  McNulty Is Accused of Inequitable Conduct Based on False Representations About the MediKey in His April 2010 Declaration to the PTO. ........................... 3

    D.  IOENGINE Sues PayPal, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. ................................. 5

    E.  IOENGINE Refuses to Provide Discovery Regarding the MediKey. .................. 5

    F.  The MediKey Goes "Missing." ........................................................................... 6

    G.  The MediKey is Essential to Proving the Falsity of McNulty's Declaration. ........ 9

    H.  IOENGINE Relies on the MediKey ▉▉▉▉▉▉▉▉▉▉▉▉▉▉. ......................................... 9

III.  LEGAL STANDARD .................................................................................................. 10

IV.  ARGUMENT ............................................................................................................... 10

    A.  IOENGINE Spoliated the MediKey and the Software Stored on It. ................... 10

        1.  IOENGINE's Duty to Preserve the MediKey Prototype Device Attached No Later Than March 23, 2018. ................................................. 11

        2.  The MediKey Was Lost Because IOENGINE Failed to Take Reasonable Steps to Preserve It. ................................................................ 11

        3.  ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. ........................... 12

    B.  IOENGINE Spoliated the MediKey with Intent to Deprive PayPal of the Use of the ESI on the Device. ..................................................................................... 13

    C.  IOENGINE's Spoliation Is Highly Prejudicial to PayPal. ................................... 16

**CONFIDENTIAL - FILED UNDER SEAL**

D.     Sanctions Are Warranted Because IOENGINE Spoliated the MediKey with Intent to Deprive PayPal of the Use of the ESI on the MediKey. ........................ 18

     1.     An Adverse Inference/Adverse Inference Instruction Is Necessary to Remedy the Severe Prejudice that IOENGINE's Spoliation Caused. ...... 18

     2.     PayPal is Entitled to Additional Sanctions Under Rule 37(e)(1)............. 20

V.     CONCLUSION ............................................................................................................. 20

**CONFIDENTIAL - FILED UNDER SEAL**

<u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Cases**

*Agfa Corp. v. Creo Prods. Inc.*,
  451 F.3d 1366 (Fed. Cir. 2006)............................................................17

*Bistrian v. Levi*,
  448 F. Supp. 3d 454 (E.D. Pa. 2020) .......................................... *passim*

*Charlestown Capital Advisors, LLC v. Acero Junction, Inc.*,
  337 F.R.D. 47 (S.D.N.Y. 2020) .....................................................20

*Cognex Corp. v. Microscan Sys., Inc.*,
  990 F. Supp. 2d 408 (S.D.N.Y. 2013)...............................13, 14, 18, 19

*DR Distribs., LLC v. 21 Century Smoking, Inc.*,
  513 F. Supp. 3d 839 (N.D. Ill. 2021) ...............................................20

*DVComm, LLC v. Hotwire Commc'ns, LLC*,
  No. 14-5543, 2016 WL 6246824 (E.D. Pa. Feb. 3, 2016) .....................19

*Eisenband v. Pine Belt Auto., Inc.*,
  No. 17-8549 (FLW) (LHG), 2020 U.S. Dist. LEXIS 53369 (D.N.J. Mar. 27,
  2020) ..........................................................................................10

*First Sr. Fin. Grp. LLC v. Watchdog*,
  No. 12-cv-1247, 2014 WL 1327584 (E.D. Pa. Apr. 3, 2014)............13, 16

*Folino v. Hines*,
  No. 17-1584, 2018 WL 5982448 (W.D. Pa. Nov. 14, 2018)............13, 16

*GN Netcom, Inc. v. Plantronics, Inc.*,
  930 F.3d 76 (3d Cir. 2019)......................................................17, 18, 19

*GN Netcom, Inc. v. Plantronics, Inc.*,
  No. 12-1318-LPS, 2016 WL 3792833 (D. Del. July 12, 2016), *aff'd in
  relevant part*, 930 F.3d 76 (3d Cir. 2019).................................... *passim*

*Goldrich v. City of Jersey City*,
  No. 15-885 (SDW) ...........................................................13, 17, 19

*Magnetar Techs. Corp. v. Six Flags Theme Park Inc.*,
  886 F. Supp. 2d 466 (D. Del. 2012)..............................................17

*Manning v. Safelite Fulfillment, Inc.*,
  No. 17-2824, 2021 WL 3557582 (D.N.J. Apr. 29, 2021)..................11, 12

CONFIDENTIAL - FILED UNDER SEAL

*Micron Tech., Inc. v. Rambus Inc.*,
   255 F.R.D. 135 (D. Del. 2009), *aff'd in relevant part, vacated in part*, 645
   F.3d 1311 (Fed. Cir. 2011) ...............................................................................................11

*Micron Tech., Inc. v. Rambus Inc.*,
   645 F.3d 1311 (Fed. Cir. 2011) ........................................................................................11

*Miller v. Thompson-Walk*,
   No. 15-1605, 2019 WL 2150660 (W.D.Pa. May 17, 2019) ........................................13, 16, 19

*O'Berry v. Turner*,
   No. 7:15-CV-00064-HL, 2016 WL 1700403 (M.D. Ga. Apr. 27, 2016) ...............................19

*Sinclair v. Cambria Cty.*,
   No. 3:17-cv-149, 2018 WL 4689111 (W.D. Pa. Sept. 28, 2018) ....................................18, 20

**Rules and Statutes**

Fed. R. Civ. P. 37(e) ........................................................................................... *passim*

**CONFIDENTIAL - FILED UNDER SEAL**

## I.   INTRODUCTION

When a party spoliates inculpatory evidence, it threatens the integrity of the judicial process.  That is the case here.  Mr. Scott McNulty ("McNulty"), the sole inventor of the Asserted Patents and principal of IOENGINE, spoliated evidence that would render the Asserted Patents unenforceable due to inequitable conduct.  That evidence was the MediKey prototype device (the "MediKey"),[1] █████████████████████████████████."

McNulty submitted a declaration to the PTO during prosecution of the parent '731 Application to swear behind prior art.  In his declaration, McNulty claimed that he developed a working prototype—*i.e.*, the MediKey—in 2002 that practiced the claimed subject matter.  IOENGINE subsequently sued Imation for infringement of the '047 patent.  In response, Imation pleaded an inequitable conduct defense, alleging that McNulty lied to the PTO about the MediKey's capabilities to obtain his patents.  The Court denied IOENGINE's motion to dismiss the defense and held post-trial proceedings on inequitable conduct.  Soon thereafter, in the fall of 2017, IOENGINE settled the Imation case.  Only a few months later, IOENGINE sued PayPal, again asserting the '047 patent as well two continuation patents.  In the face of a clear duty to preserve the highly relevant MediKey, ████████████████████████████████████ ██████████████████████████████████████████████████████ ████████████████████.  What purportedly happened next strains credulity.

As soon as PayPal served discovery about the MediKey, it purportedly went "missing." When PayPal sought to learn what happened to the MediKey, McNulty spun a story under oath that does not add up.  ████████████████████████████████████ ██████████████████████████████████████████████████████

---

[1]   Herein, "MediKey" refers to the device itself and the ██████████████ stored thereon.

CONFIDENTIAL - FILED UNDER SEAL

███████████████████████████████████████████████.  This

testimony is plainly false.  The fire department's records show that they responded to a fire in

August, ███████████; the fire marshal testified that he responded to a fire in August, ██

███████; and ██████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████.

████████████████████████████████, IOENGINE waited until May

31, 2019—*after* PayPal had approached the Court to compel discovery of the MediKey—to

disclose the spoliation to PayPal, despite PayPal's discovery request seeking the MediKey since

August 2018.[2]  With the MediKey ███████████ now gone, PayPal has no way of confirming

that McNulty's PTO declaration contains false statements.

Under Rule 37(e), PayPal is entitled to spoliation sanctions, including an adverse inference

that McNulty's representations in his PTO Declaration regarding the MediKey were knowingly

false.  No other sanction is adequate to compensate for IOENGINE's spoliation.

## II.   FACTUAL BACKGROUND

### A.   The MediKey Device.

████████████████████████████████████████████████████████

███████████████████████████████████████.[3]  Ex. 2 at 13-15; *see also* Ex. 3

at 6 (picture of MediKey).  ███████████████████████████████████

████████████████████████████████████████████████████████

---

[2]      A timeline of these events is attached hereto as Exhibit 1.

[3]      Note that, ████████████████████████████████████████
█████████████████████████████████████████. Ex. 2, at 13-15.

CONFIDENTIAL - FILED UNDER SEAL



. Ex. 4 at 3:55 (showing ████████████ in MediKey thumb drive); Ex. 5, ¶ 12. IOENGINE admits that the MediKey is "█████████████████████████████████████ ██████████████████████████████." Ex. 6, at IOENGINE013117; Ex. 7 at 15.

**B.  McNulty Swears Behind Prior Art to Obtain His Patents.**

In March 2004, McNulty filed U.S. Pat. App. No. 10/807,731 ("the '731 application"), the parent application to the Asserted Patents. Ex. 8. In October 2009, the PTO rejected *all* claims of the '731 application, citing prior art from 2003 and 2004. *See* Ex. 9 at 2-19. To overcome the PTO's final rejection, McNulty swore behind the prior art, submitting a declaration to the PTO in April 2010 to "establish an actual reduction to practice" of the claimed invention prior to December 12, 2002. *See* Ex. 5, ¶¶ 2-3. McNulty represented in his declaration, among other things, that the MediKey portable device: (i) included a program executed on it that could cause it to initiate a web search and access data on a remote computer; (ii) could "issue an instruction via the terminal network interface to a remote server"; and (iii) was "configured to communicate through the terminal network interface with a device/server/data storage system." *See id.* ¶¶ 4-12.

In May 2010, McNulty met with the patent examiner and purportedly "demonstrated the functionality" of the MediKey. Ex. 10 at 2. As a result, the '731 Application issued as U.S. 7,861,006 (*see* Ex. 8) and McNulty filed a chain of continuation applications that issued as U.S. 8,539,047 (the "'047 patent"); U.S. 9,059,969 (the "'969 patent"); and U.S. 9,774,703 (the "'703 patent") in 2017 (collectively, the "McNulty Patents").

**C.  McNulty Is Accused of Inequitable Conduct Based on False Representations About the MediKey in His April 2010 Declaration to the PTO.**

In December 2014, IOENGINE sued Imation for infringement of the '047 Patent. Ex. 11.

████████████████████████████████████████████████████████████

**CONFIDENTIAL - FILED UNDER SEAL**

█████████████.  Ex. 12 at 13.  Imation accused McNulty of inequitable conduct, arguing that the McNulty Patents were unenforceable because he misrepresented that he had "a working prototype of a portable storage and processing device"—*i.e.*, the MediKey—in his April 2010 declaration.  *See* Ex. 13, ¶ 86.  ████████████████████████

███████.  *See* Ex. 12 at 13.  █████████████████████████████

████████████████████████████████████████████.

*See, e.g.*, Ex. 4, at 3:55 to 6:33.

████████████████████████████████

████████████████████████████████

██████████████████████████████████.  Ex. 14 at 3.

████████████████████████████████

████████████████████████████████████."

*Id.* at 16.  ██████████████████████████

███████████████."  *Id.* at 17.  ████████████

████████████████████.  *Id.*  ████████

████████████████████████."  *Id.*

████████████████████████

████████████████████████

██████████████████████████████.  Ex. 15,

¶¶ 7-20.  ████████████████████████

███ (*see, e.g.*, Ex. 4 at 3:55 to 6:33),  █████████

████████████████.  *See* Ex. 12 at 13.  ████████

███████████████████.  Ex. 15, ¶¶ 41-73.

**CONFIDENTIAL - FILED UNDER SEAL**

At the 2017 jury trial, IOENGINE relied on the MediKey to tell McNulty's inventorship story, McNulty testifying that it was the first prototype he developed just months after conceiving the purported invention.  *See* Ex. 16 at 127:6-9; 181:23-182:11.  Before the Court reached the merits of Imation's inequitable conduct defense, IOENGINE settled the case.  Ex. 17 at 2.

**D.   IOENGINE Sues PayPal,** ████████████████████████████
████████████████████████████.

In March 2018, IOENGINE sued PayPal, alleging it infringed the McNulty Patents.  D.I. 001, ¶¶ 13-15, 19.  At the time, ████████████████████████████████



████████████████████████.  *See* Ex. 12 at 13.  ████████████████████

████████████████████████████████████████████████

████████████████████.  *See* Ex. 18 at 120:11-13, 121:11-16; D.I. 014.

████████████████████████████████████████████████

████████████████████████████████████████████████.  Ex. 18

at 128:2-23.  ████████████████████████████████████████.  Ex. 12

at 14.  ████████████████████████████████████████.  *See*

Ex. 18 at 122:19-23 and 125:16-21.  ████████████████████████

████████████████████████████████████████████████

████████████.  Creating a backup would have been trivial to do; after all, during the Imation

litigation, ████████████████████████████████████████████

████████████████████.  ████████████████████████████████

████████████████████████████████████████.  *See,*

*e.g.*, Ex. 4 at 3:55 to 6:33; *see also* Ex. 12 at 13.

**E.   IOENGINE Refuses to Provide Discovery Regarding the MediKey.**

In  August  2018,  PayPal  served  discovery  on  IOENGINE  regarding  the  MediKey.

**CONFIDENTIAL - FILED UNDER SEAL**

Interrogatory No. 1 sought a description of the circumstances concerning McNulty's conception and reduction to practice, including the identity of "all Documents and Things relevant thereto...." Ex. 19 at 10. Request for Production ("RFP") No. 42 expressly sought documents and things relating to the MediKey. *See* Ex. 20 at 15; *see also id.* at 10 (RFP No. 7).

Although IOENGINE understood the MediKey's relevance to this litigation, both for inequitable conduct and reduction to practice, for nearly *eight months*, it steadfastly refused to produce MediKey discovery. Between September 2018 and April 2019, the parties met and conferred multiple times; each time, IOENGINE refused to provide responsive MediKey discovery, asserting dubious excuses. *See generally* Ex. 21 at 1-2; Ex. 22 at 1; *see also* Ex. 23 at 2; Ex. 24 at 3 (referencing the parties October 17 and 24, 2018 meet and confers); Ex. 25 at 3-4. IOENGINE, for instance, argued that discovery relating to the MediKey and reduction to practice was not relevant because PayPal had not yet pleaded an invalidity defense (*see, e.g.*, Ex. 24 at 3)— an argument the Court had *already* rejected as a "technicality." *See* Ex. 26 at 93:20-94:19. IOENGINE's refusals continued even after PayPal formally pleaded invalidity and inequitable conduct in its Answer and Counterclaims in February 2019. *See* D.I. 52, Ex. 25, at 3-4.

It was only after the Court denied IOENGINE's motion to dismiss PayPal's inequitable conduct claim (*see* D.I. 070) and PayPal sought to compel the discovery that IOENGINE agreed to produce MediKey discovery. Ex. 27, at 1-2; Ex. 28. By then, it was too late. 

" Ex. 27 at 2.

### F.   The MediKey Goes "Missing."



" *See* Ex. 12 at 14.

. *Id.*

. *See* Ex. 18 at 119:19-120:10.

**CONFIDENTIAL - FILED UNDER SEAL**

████████████████████████████████. *See id.* at 145:11-14; Ex. 29 at 270:9-20.   In

deposition testimony and interrogatory responses, ████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████. Ex. 27 at 2; *see also* Ex. 30 at 9-13; Ex. 31 at 101:19-102:9.  This story

is plainly a fabrication designed to hide the destruction of critical evidence.

████████████████████████████████████████████████. *See* Ex.

18 at 139:15-140:4, 140:17-25, 153:15-20, 159:8-12; Ex. 30 at 9-10. ██████████████████

████████████████████████████████████████████. *See* Ex. 18 at 140:17-21; 153:15-20.

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████. *See id.* at 141:18-142:6, 143:4-144:6, 144:20-145:4, 145:11-17; Ex. 30 at 10.

Put bluntly, ████████████████ do not add up.  First, ████████████████████████

████████████████████████████████████ and by the testimony and fire report

of the Rowayton Fire Department (the "Fire Department").  The Fire Department testified that it

was only alerted to and responded to one fire at the McNulty residence.  Ex. 32 at 24:3-25.  The

Fire Department testimony and incident report shows that this fire occurred on August 15, 2018

████████████████████████. *Id.*; Ex. 33 at PP0026733.  The Fire Department has no record of any fire

occurring at the McNulty residence in ████████████████.  Ex. 32 at 36:20-37:17. ████████████

████████████████████████████████████████████████████████████████

████████████████. *See* Ex. 34 at 56:5-57:21. ████████████████████████████████

████. *See* Ex. 35 (showing August 29, 2018 as first day for Norwalk Public Schools).

Second, ████████████████████████████████████████████████████████████████.

Contrary to his story, ████████████████████████████████████████████████████

**CONFIDENTIAL - FILED UNDER SEAL**

████████. Ex. 34 at 57:2-58:6.  And contrary to Mr. McNulty's testimony that the Fire Department

did not respond to a call in August 2018, ██████████████████████████████████████

██████████████████████████████████████████████████. *See id.* at 57:2-21; Ex.

32 at 28:6-21 (testifying that fire department responded to a *woman's* call on Aug. 15); Ex.33 at

PP0026733 (report form box E1), PP0026736 (report form box K2).

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████. *See* Ex. 18 at 140:22-

141:17.  ██████████████████████████████. ████████████████████████.

██████████████████████████████████████████████████████

████████. *Id.* at 142:3-6, 143:4-11, 144:20-145:10, 156:16-25.

██████████████████████████████████████████. *See id.* at 157:2-18.

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████." *id.* at 130:15-131:12—██████████████████████████

██████████████████████████." *See id.* at 128:2-23; Ex. 12 at 9-10.  But this, too, is a falsehood.

According to IOENGINE's counsel, they learned of the "missing" prototypes in February 2019—

██████████████████████████████████████████." *See* Ex. 31 at 101:14-102:9.

IOENGINE's counsel has not explained why they waited until late May 2019—███████████

████—before disclosing the purported fires and "missing" MediKey to PayPal.  Ex. 27 at 1-2.

It strains credulity to believe that ████████████—one of which is key to proving that

McNulty submitted a false declaration to the PTO—████████████████████████████████

CONFIDENTIAL - FILED UNDER SEAL

████████████████████████████████████████████████████████

████████████████. Ex. 18, 145:11-14; Ex. 29, 270:9-20.  It is equally hard to believe that

McNulty and his attorneys—fully aware of the importance of the MediKey—████████████████

████████████████████████████████████████.

**G.     The MediKey is Essential to Proving the Falsity of McNulty's Declaration.**

In any event, the MediKey is "missing" ████████████.  *See* Ex. 27 at 2; Ex. 31 at

101:19-102:9; Ex. 7 at 15.  ██████████████████████████████████████

███████████████. *See* Ex. 29 at 173:2-14.  ████████████████████████████

██████████████████████████████████████████████████.

*See* Sections II.A.-B., *supra*.  Indeed, the Court in the Imation case found the allegations of

inequitable conduct sufficiently well-pleaded to overcome a motion to dismiss, and ordered post-

trial briefing on the issue.  *See* Ex. 36 at 106:22-107:24; Ex. 37 at 15:22-17:2.  With the MediKey

now "missing," PayPal is deprived of the opportunity to test the device for itself, confirm that it

did not perform as McNulty represented in his April 2010 declaration, or ████████████████

██████████████████████.  IOENGINE has effectively denied PayPal—and any

future litigant—of the opportunity to prove the falsity of McNulty's declaration.

**H.     IOENGINE Relies on the MediKey ████████████.**

Wanting to have its cake and eat it too, IOENGINE relies on the "missing" MediKey to

show that McNulty was "████████████████████████████████████."  Ex. 2 at 13-15.

PayPal's invalidity defenses rely on prior art that IOENGINE may attempt to swear behind using

the MediKey.  Thus, IOENGINE is attempting to use the MediKey to thwart PayPal's invalidity

defenses while claiming the device is missing, thereby preventing PayPal from supporting its

inequitable conduct defense based on McNulty's false declaration.

CONFIDENTIAL - FILED UNDER SEAL

## III.   LEGAL STANDARD

Fed. R. Civ. P. 37(e) governs spoliation of evidence.  *GN Netcom, Inc. v. Plantronics, Inc.*, No. 12-1318-LPS, 2016 WL 3792833, at *5 (D. Del. July 12, 2016), *aff'd in relevant part*, 930 F.3d 76, 82 (3d Cir. 2019).  Spoliation exists where the evidence: (1) "should have been preserved in the anticipation or conduct of litigation"; (2) was "lost because a party failed to take reasonable steps to preserve it"; and (3) "cannot be restored or replaced through additional discovery."  Fed. R. Civ. P. 37(e).  Once a party has established spoliation, Rule 37(e) provides a framework for determining the appropriate sanctions.  *Bistrian v. Levi*, 448 F. Supp. 3d 454, 466 (E.D. Pa. 2020).  Upon a finding that the spoliating party acted with an intent to deprive another party of the information's use in the litigation," the Court may (i) "presume that the lost information was unfavorable to the [spoliating] party;" (ii) "instruct the jury that it may or must presume the information was unfavorable to the [spoliating] party; or" (iii) "dismiss the action or enter a default judgment." Fed. R. Civ. P. 37(e)(2).  Rule 37(e)(1) permits the Court to "order measures no greater than necessary to cure the prejudice" even without a showing of a party's intent to deprive, "upon finding prejudice to another party from loss of the information."  Fed. R. Civ. P. 37(e)(1).

## IV.   ARGUMENT

### A.   IOENGINE Spoliated the MediKey and the Software Stored on It.

The program files—███████████████████████████████████—on the MediKey are ESI; accordingly, Rule 37(e) applies.  *See Eisenband v. Pine Belt Auto., Inc.*, No. 17-8549 (FLW) (LHG), 2020 U.S. Dist. LEXIS 53369, at *18 n.9 (D.N.J. Mar. 27, 2020).  As established herein, IOENGINE spoliated the MediKey.  IOENGINE had a duty to preserve the MediKey and ESI thereon at least by March 23, 2018, when it sued PayPal.  Despite multiple opportunities, IOENGINE failed to take any reasonable steps to preserve the MediKey, including the MediKey.exe software application.

10

CONFIDENTIAL - FILED UNDER SEAL

1. **IOENGINE's Duty to Preserve the MediKey Prototype Device Attached No Later Than March 23, 2018.**

Rule 37(e)'s duty to preserve evidence is coextensive with the common law duty to preserve relevant information when litigation is reasonably foreseeable. *See Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1320 (Fed. Cir. 2011) (asserting "duty to preserve evidence begins once litigation is 'pending or reasonably foreseeable'"). The duty arises no later than when a lawsuit is filed, but it can arise years earlier. *See Bistrian*, 448 F. Supp. 3d at 468; *see also Micron Tech., Inc. v. Rambus Inc.*, 255 F.R.D. 135, 148 (D. Del. 2009) (duty may arise "years before litigation [starts]"), *aff'd in relevant part, vacated in part*, 645 F.3d 1311 (Fed. Cir. 2011).

Given the prior *Imation* litigation (*see supra* Section II.C.), it was reasonably foreseeable to IOENGINE that PayPal would assert an inequitable conduct defense based on McNulty's false declaration. *See Bistrian*, 448 F. Supp. 3d at 468. It also was foreseeable that IOENGINE might rely on the MediKey to swear behind prior art. And it was foreseeable that McNulty would seek to tell the jury in this case his "invention story," as he did in the Imation case, by describing his work on the MediKey. *See, e.g.*, Ex. 16 at 127:6-9, 181:10-183:6.

2. **The MediKey Was Lost Because IOENGINE Failed to Take Reasonable Steps to Preserve It.**

Once the duty to preserve attaches, a party must take reasonable affirmative steps to secure the data—*e.g.*, backing up ESI on an external device. *See Manning v. Safelite Fulfillment, Inc.*, No. 17-2824 (RMB/MJS), 2021 WL 3557582, at *7 (D.N.J. Apr. 29, 2021); *Bistrian,* 448 F. Supp. 3d at 474-75. IOENGINE failed to take any steps to preserve the MediKey, including the MediKey software application. ████████████████████████████████████████████████

████████████████████████████████████████. *See* Section II.C., *supra*. ████████████

████████████████████████████████████████████████████.

At a minimum, ████████████████████████████████████████████

**CONFIDENTIAL - FILED UNDER SEAL**

███████. *See Manning*, 2021 WL 3557582, at *7 (duty to preserve ESI required taking reasonable affirmative steps such as backing up ESI on an external device). Indeed, it would have been a trivial matter for IOENGINE ████████████████████████████████████████ ████████████████████████████████████. *See* Section II.C., *supra*.

IOENGINE was keenly aware of the MediKey's relevance. IOENGINE undoubtedly understood that b████████████████████████████████████████████ ████████████████████████████████████. *See* Section II.C., *supra*. Thus, ████████████████████████████████ is especially egregious and, by itself, demonstrates a failure to take reasonable measures to preserve the ESI. *See Bistrian*, 448 F. Supp. 3d at 474-75 (finding spoliating party's failure to prevent loss of a video unreasonable because the party was able to preserve other relevant clips in the litigation).

**3.** ████████████████████████████████████████.

IOENGINE admits the MediKey and its ESI are missing ████████████████████ ██████████. *See* Section II.G., *supra*. As an alternative, IOENGINE offered ██████████ ██████████. That ███ is no substitute for the original ESI and does not ameliorate the prejudice to PayPal. *First*, the loss of the MediKey deprives PayPal the opportunity to assess ***for itself***, *inter alia*, whether the MediKey operates in the manner McNulty described in his 2010 declaration—an assessment critical to PayPal's inequitable conduct defense.

*Second*, relying on anything other than the original MediKey ESI could present an incomplete or even distorted view of what the MediKey contained. *See GN Netcom, Inc.*, 2016 WL 3792833, at *10 (rejecting argument that recovering a fraction of lost emails mitigated spoliation because the recovered emails may not be "representative of [all the] deleted emails"). For this very reason, courts do not require the non-spoliating party to rely on substitute ESI. *See id.* This is especially true here because ████████████████████████████████████████

12

**CONFIDENTIAL - FILED UNDER SEAL**



. For example, ████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████.” Ex. 38 at IOENGINE010928 – 30.

The ████████ program is the only evidence PayPal—or any other future litigant—could rely on to rebut IOENGINE's expert's opinions and thereby prove the falsity of McNulty's declaration. *See Bistrian*, 448 F. Supp. 3d at 475; *Goldrich v. City of Jersey City*, No. 15-885 (SDW)/(LDW), 2018 WL 4492931, at *9 (D.N.J. Jul. 25, 2018).

### B. IOENGINE Spoliated the MediKey with Intent to Deprive PayPal of the Use of the ESI on the Device.

Given IOENGINE's spoliation, the next question is whether IOENGINE intended to deprive PayPal of the MediKey. *See Bistrian*, 448 F. Supp. 3d at 475. Courts can rely on "circumstantial evidence to determine intent," including the timing and method of destruction, whether there was selective destruction of harmful information but preservation of helpful or neutral information, and inconsistent statements or misrepresentations about the preservation of evidence. *Id.*; *see also Miller v. Thompson-Walk*, No. 15-1605, 2019 WL 2150660, at *13 (W.D. Pa. May 17, 2019); *Folino v. Hines*, No. 17-1584, 2018 WL 5982448, at *3 (W.D. Pa. Nov. 14, 2018); *GN Netcom, Inc.*, 2016 WL 3792833, at *8; *First Sr. Fin. Grp. LLC v. Watchdog*, No. 12-cv-1247, 2014 WL 1327584, at *8-9 (E.D. Pa. Apr. 3, 2014); *Cognex Corp. v. Microscan Sys., Inc.*, 990 F. Supp. 2d 408, 420-21 (S.D.N.Y. 2013). Here, the circumstances surrounding the disappearance of the MediKey establish that IOENGINE intentionally "lost" the MediKey.

*First*, IOENGINE had both the motive and opportunity to dispose of the MediKey. As for motive, fresh off the Imation case, IOENGINE understood that the MediKey could be used to establish that McNulty's April 2010 declaration was false. IOENGINE knew that submitting a

13

**CONFIDENTIAL - FILED UNDER SEAL**

false declaration to the PTO to swear behind a prior art reference amounts to inequitable conduct and could render the McNulty Patents unenforceable.  Without the MediKey, IOENGINE could seek to insulate itself from an inequitable conduct defense.

Moreover, IOENGINE had the opportunity to dispose of the MediKey.  Shortly after suing PayPal, *during litigation*, ███████████████████████████████████████ ██████████████████████████████████████████.  *See* Sections II.D.-F., *supra*.  ██████ ██████████████, the MediKey went "missing."  *See* Section II.F., *supra*.  ███████████ ████████████████████████████████████████████████████████████ ████████████████████.  Ex. 29 at 275:11-276:24.  The Fire Marshal denied taking the MediKey. Ex. 32 at 34:11-21. And neither the Fire Department nor the power company representative had any motive to do so.  ██████████████████████████████████████████ ███████████████████████████████████, *see* Section II.F, *supra*.  Accordingly, the only person who could have "disposed of" the MediKey was McNulty himself.

*Second*, the of timing the Medikey's disappearance demonstrates an intent to deprive. Spoliation that occurs after a lawsuit starts is indicative of bad faith.  *GN Netcom, Inc.*, 2016 WL 3792833, at * 7 (timing of spoliation evinced an intent to deprive).  Here, IOENGINE claims that the MediKey went "missing" ███████████████████████, several months after the case began.  *See* Section II.F., *supra*.  Even more telling, as soon as PayPal requested discovery of the MediKey, it went "missing."  Spoliation that occurs after discovery is sought is also indicative of bad faith and an intent to deprive.  *See Cognex Corp.*, 990 F. Supp. 2d at 420-21 (finding culpable state of mind where plaintiff failed to preserve evidence after defendants requested it).  ████ ████████████████████████████████████████.  *See* Section II.F., *supra*.  If it went "missing" in the ████████████, this was just ██████ before PayPal sought

**CONFIDENTIAL - FILED UNDER SEAL**

discovery regarding the MediKey.  And if went "missing" in the ███████████████████████

████████████████, it was █████████████ *after* PayPal served its discovery relevant to the

MediKey.  *See* Section II.E., *supra*.  This timing evidences deliberate destruction.

     *Third*, the highly-selective nature of the spoliation evidences bad faith.  ████████████

████████████████████████ (*see* Section II.F., *supra*), the MediKey was █████████████ that

went "missing." ████████████████████████████████████████████████

████████████████████. *See* Section II.D., *supra*.  ██████████████████████████

███████████████████████████████████████████████████. *See* Section

II.F., *supra*.  █████████████████████████████████████████████████

████████████████. Ex. 29 at 275:11-276:24.  Accordingly, to have the MediKey go "missing" ██

██████████████████████████████████████ is highly improbable

without some deliberate effort by McNulty. ██████████████████████████████

████████████████████████████—is evidence of bad faith.

     *Fourth*, IOENGINE's behavior after the MediKey went missing is indicative of bad faith

in the form of a coverup. ████████████████████████████████████████.

Once McNulty purportedly learned that the MediKey went "missing," IOENGINE delayed

disclosing the spoliation to PayPal for months, while simultaneously arguing against producing

the MediKey in discovery.  *See* Section II.E., *supra*.  PayPal and IOENGINE met and conferred

in February 2019 (*see* Ex. 25 at 1), but IOENGINE waited to disclose this information until after

the Court denied IOENGINE's motion to dismiss PayPal's inequitable conduct defense, *see*

Section II.E., *supra*, and PayPal had approached the Court to compel the discovery, Ex. 28.

████████████████████████████████████████████████████████████

████████████████. *See* Section II.F., *supra*.  But IOENGINE's counsel represented to the Court

CONFIDENTIAL - FILED UNDER SEAL

that they knew the device was "missing" in February 2019—████████████████████

████████████████. *See id.* This glaring inconsistency aside, ████████████████

████████████████████████████████████████████████████████████████.

Even so, that does not excuse IOENGINE's months-long delay in disclosing it to PayPal. What is

far more likely is that McNulty knew the MediKey was missing well before ██████████ and

covered it up, hoping the Court would determine that the MediKey was no longer relevant.

    *Fifth*, IOENGINE's narrative regarding the disappearance of the MediKey is fraught with

inconsistences, ████████████████████████████████████████████████████

████████████████████████████████████. *See* Section II.F., *supra*. These

inconsistencies highlight the implausibility of McNulty's story.

    *Lastly*, IOENGINE failed to take reasonable steps to preserve the MediKey. This includes,

among other things, ████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████. *See supra* IV.A.2.

    Alone, each of these circumstances demonstrates an intent to deprive PayPal of the

MediKey. Taken together, these circumstances establish deliberate intent to dispose of the

MediKey and cover it up. *See GN Netcom, Inc.*, 2016 WL 3792833, at *8 (finding a party's

"repeated obfuscation and misrepresentations" regarding deletion of evidence warrants finding of

bad faith); *see also Miller*, 2019 WL 2150660, at *13 (finding intent to deprive where spoliating

party failed to disclose evidence was missing and delayed other party's attempt to learn of this

fact); *First Sr. Fin. Grp. LLC*, 2014 WL 1327584, at *8-9; *Folino*, 2018 WL 5982448, at *3

(finding intent to deprive where party destroyed evidence knowing of its importance).

    **C.   IOENGINE's Spoliation Is Highly Prejudicial to PayPal.**

    A finding of prejudice empowers a court to "order measures no greater than necessary to

CONFIDENTIAL - FILED UNDER SEAL

cure the prejudice." Fed. R. Civ. P. 37(e)(1).  The non-spoliating party shows prejudice when "the spoliation materially affected the substantial rights of the adverse party and is prejudicial to the presentation of his case."  *Magnetar Techs. Corp. v. Six Flags Theme Park Inc.*, 886 F. Supp. 2d 466, 481 (D. Del. 2012) (internal quotations omitted).   A non-spoliating party must show "plausible, concrete suggestions" of what the missing evidence would have shown.  *Id.*  The spoliation is particularly prejudicial to the non-spoliating party where the evidence is relevant to a claim or defense in the litigation.  *See Goldrich*, 2018 WL 4492931, at *10; *see also* Fed. R. Civ. P. 37(e)(1), Advisory Committee Notes (2015) (evaluation of prejudice "necessarily includes an evaluation of the information's importance in the litigation.").

Here, the MediKey is critical to PayPal's inequitable conduct defense.  *See* Sections II.G. and IV.A.3., *supra*. ███████████████████ provides evidence that McNulty's April 2010 Declaration is false.  *See* Section II.C., *supra*.  However, without the MediKey, PayPal cannot perform its own tests to confirm it did not operate as McNulty represented in his declaration or to rebut IOENGINE's expert's testimony about the workings of the device.  Because an inequitable conduct finding would render the McNulty Patents unenforceable—*see Agfa Corp. v. Creo Prods. Inc.*, 451 F.3d 1366, 1379 (Fed. Cir. 2006)—the MediKey is uniquely critical to resolution of a dispositive issue in this case. ████████████████████████ (*see supra* Section IV.A.3.), IOENGINE's spoliation is prejudicial to PayPal.  *See GN Netcom, Inc.*, 930 F.3d at 83.

Moreover, without the MediKey, PayPal's ability to challenge McNulty's invention story and prevent McNulty from swearing behind PayPal's prior art is prejudiced.  During the Imation trial, McNulty testified at length about the development of the MediKey.  Without the ability to test the Device, PayPal has no effective way to rebut McNulty's story.  PayPal's invalidity defenses include prior art that is not Section 102(b) art.  Without the ability to test the MediKey, PayPal

CONFIDENTIAL - FILED UNDER SEAL

will be prejudiced in its ability to rebut McNulty's story that, ███████████████

███████████████████████████ .

### D. Sanctions Are Warranted Because IOENGINE Spoliated the MediKey with Intent to Deprive PayPal of the Use of the ESI on the MediKey.

District courts have broad authority to impose sanctions for spoliation. *See Cognex Corp.*, 990 F. Supp. 2d at 420. For unintentional spoliation, a court may remedy the loss upon a finding of prejudice. *See* Fed. R. Civ. P 37(e)(1). Available remedies include "discovery from sources that would ordinarily be considered inaccessible," a jury instruction regarding the spoliation, preclusion of evidence, and awarding costs. *See* Fed. R. Civ. P. 37(e) advisory committee note (2015); *Bistrian*, 448 F. Supp. 3d at 477-78; *Sinclair v. Cambria Cty.*, No. 3:17-cv-149, 2018 WL 4689111, at *3 (W.D. Pa. Sept. 28, 2018). However, intentional spoliation warrants "specific and *very severe measures* to address or deter failures to preserve" ESI, including (1) a "presum[ption] that the lost information was unfavorable to the [spoliating] party; (2) "instruct[ions to] the jury that it may or must presume the information was unfavorable to the [spoliating] party; or (3) "dismiss[al of] the action or enter[ing of] default judgment." Fed. R. Civ. P. 37(e)(2).

### 1. An Adverse Inference/Adverse Inference Instruction Is Necessary to Remedy the Severe Prejudice that IOENGINE's Spoliation Caused.

In determining sanctions under Rule 37(e)(1) or (2), courts in the Third Circuit consider:

(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others.

*GN Netcom, Inc. v. Plantronics, Inc.*, 930 F.3d 76, 82 (3d Cir. 2019).

Here, IOENGINE's intentional bad faith, its high degree of fault, and the substantial prejudice to PayPal—and all future litigants—warrants an adverse inference and, to the extent IOENGINE is permitted to present testimony regarding the MediKey to the jury, an adverse inference instruction that (i) IOENGINE spoliated the Medikey in bad faith; (ii) the ESI on the

CONFIDENTIAL - FILED UNDER SEAL

MediKey contained proof that the MediKey did not operate the way McNulty claimed it did in his declaration to the PTO; and (iii) Paragraphs 3-12 of his April 2010 declaration are knowingly false. Without the MediKey, PayPal is prejudiced in challenging IOENGINE's claim that ████████ ████████████████████████████████████████████████████████, *see* Section II.H..

Moreover, the Court should draw the same adverse inferences in PayPal's inequitable conduct defense. ████████████████████████████████████████████████████ ██████████, PayPal would not be deprived of the ability to test the device, establish that the McNulty Declaration is false, and rebut IOENGINE's expert. *Cf. Cognex Corp.*, 990 F. Supp. 2d at 420-21. ████████████████████ is no substitute for the MediKey, and does not cure or mitigate the prejudice to PayPal, because ████████████████████████████████ ██████████████████████.   Without the MediKey, PayPal is prejudiced in rebutting those opinions.  An adverse inference and associated jury instruction, are the only remedies that can begin to address the missing MediKey and ESI. *See Miller*, 2019 WL 2150660, at *13.

Lastly, the adverse inference and adverse inference instruction are less severe than a dispositive sanction, allowing IOENGINE to continue litigating the case while deterring misconduct by future litigants. *See id.*; *see also GN Netcom, Inc. v. Plantronics, Inc.*, 930 F.3d 76, 82-83 (3d Cir. 2019).  Indeed, courts often grant adverse inferences or adverse inference jury instructions that the spoliated ESI was unfavorable to the spoliating party in similar instances where the court has found spoliation with intent to deprive. *See Miller*, 2019 WL 2150660, at *13; *Goldrich*, 2018 WL 4492931, at *2; *O'Berry v. Turner*, No. 7:15-CV-00064-HL, 2016 WL 1700403, at *4 (M.D. Ga. Apr. 27, 2016); *DVComm, LLC v. Hotwire Commc'ns, LLC*, No. 14-5543, 2016 WL 6246824, at *7-8 (E.D. Pa. Feb. 3, 2016).   Accordingly, an adverse inference/adverse inference instruction is appropriate here.

CONFIDENTIAL - FILED UNDER SEAL

**2. PayPal is Entitled to Additional Sanctions Under Rule 37(e)(1).**

Although they cannot fully remedy the harm that IOENGINE's spoliation has caused, the Court should award additional sanctions under Rule 37(e)(1). The Court should preclude IOENGINE from presenting evidence or argument about how the MediKey, █████████ █████████, operate for any purpose. This sanction is appropriate in light of the prejudice caused by IOENGINE's spoliation. In other words, IOENGINE should not be able to benefit from its spoliation of the MediKey by describing the device ██████████ or introducing evidence about the device ████████████████ █████████ while PayPal is unable to test the evidence. *See also DR Distribs., LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 981-82 (N.D. Ill. 2021); *Charlestown Capital Advisors, LLC v. Acero Junction, Inc.*, 337 F.R.D. 47, 56, 68 (S.D.N.Y. 2020) (precluding argument or evidence related to inadvertently deleted email).

Should IOENGINE be allowed to present evidence to the jury about the MediKey ██ ████████████ or ██████████████████, the jury also should be made aware of IOENGINE's spoliation of the MediKey. *See Bistrian*, 448 F. Supp. 3d at 477-78. Accordingly, the Court should instruct the jury that IOENGINE spoliated the MediKey and allow the jury to consider the spoliation in deciding any factual questions. *See id.*

Lastly, under either Rule 37(e)(1) or Rule 37(e)(2), PayPal should be awarded its attorneys' fees and costs to remedy the prejudice it endured in pursuing discovery regarding the spoliated MediKey and in preparing this spoliation motion. *See Sinclair*, 2018 WL 4689111, at *3.

## V. CONCLUSION

For the foregoing reasons, PayPal respectfully request that the Court grant its motion.



20

**CONFIDENTIAL - FILED UNDER SEAL**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

OF COUNSEL:

Jared Bobrow
Travis Jensen
Jacob M. Heath
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
(650) 614-7400

*Attorneys for Defendant*

Alyssa M. Caridis
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
(213) 629-2020

December 6, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 6, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 6, 2021, upon the following in the manner indicated:

Neal C. Belgam, Esquire                                                  *VIA ELECTRONIC MAIL*
Eve H. Ormerod, Esquire
SMITH, KATZENSTEIN & JENKINS, LLP
1000 West Street, Suite 1501
Wilmington, DE  19801
*Attorneys for Plaintiff*

Noah M. Leibowitz, Esquire                                           *VIA ELECTRONIC MAIL*
Gregory T. Chuebon, Esquire
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
*Attorneys for Plaintiff*

Derek J. Brader, Esquire                                               *VIA ELECTRONIC MAIL*
Luke M. Reilly, Esquire
Michael A. Fisher, Esquire
Judah Bellin, Esquire
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
*Attorneys for Plaintiff*

Michael H. Joshi, Esquire                                                 *VIA ELECTRONIC MAIL*
DECHERT LLP
3000 El Camino Real
Five Palo Alto Square, Suite 650
Palo Alto, CA  94306
*Attorneys for Plaintiff*


*/s/ Jack B. Blumenfeld*
_____

Jack B. Blumenfeld (#1014)