## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IOENGINE, LLC, | § | |
| *Plaintiff/Counterclaim Defendant,* | § | |
| | § | C.A. No. 18-452-WCB |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| PAYPAL HOLDINGS, INC., | § | |
| *Defendant/Counterclaim Plaintiff.* | § | **Original Version: May 10, 2022** |
| | § | **Public Version: May 17, 2022** |
| | § | |

## IOENGINE, LLC'S COMBINED BRIEF IN SUPPORT OF ITS MOTIONS *IN LIMINE*

OF COUNSEL:

Noah M. Leibowitz
Gregory T. Chuebon
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500
noah.leibowitz@dechert.com
greg.chuebon@dechert.com

SMITH, KATZENSTEIN & JENKINS LLP

Neal C. Belgam (No. 2721)
Eve H. Ormerod (No. 5369)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
eormerod@skjlaw.com

*Counsel for IOENGINE, LLC*

Dated: May 9, 2022

TABLE OF CONTENTS

**Page**

# CONTENTS

I.      MOTION IN LIMINE #1: PTAB PROCEEDINGS ......................................................... 1

II.     MOTION IN LIMINE #2: DISAPPEARANCE OF THE MEDIKEY DEVICE
        OR ANY NEGLIGENCE RELATED TO THE MEDIKEY ........................................... 2

III.    MOTION IN LIMINE #3: INEQUITABLE CONDUCT ALLEGATIONS ................... 3

IV.     MOTION IN LIMINE #4: PEJORATIVE REFERENCES TO IOENGINE OR
        NPE BUSINESS MODEL (*E.G.*, "PATENT TROLL," "NONPRACTICING
        ENTITY," "PATENT ASSERTION ENTITY") ................................................................. 4

V.      MOTION IN LIMINE #5: UNRELATED FUJI LITIGATION OR
        ALLEGATIONS OF "FRAUD" ........................................................................................ 5

VI.     MOTION IN LIMINE #6: UNDISCLOSED TESTING OF PHYSICAL PRIOR
        ART DEVICES ................................................................................................................... 6

VII.    MOTION IN LIMINE #7: UNCHARTED BACKGROUND ART
        REFERENCES ................................................................................................................... 7

VIII.   MOTION IN LIMINE #8: TESTIMONY FROM EYAL SOBOL ................................. 9

IX.     MOTION IN LIMINE #9: FACT WITNESSES' COMPARISON OF THE
        ASSERTED CLAIMS TO ANY OF PAYPAL'S PRODUCTS OR ANY PRIOR
        ART REFERENCES ......................................................................................................... 11

X.      MOTION IN LIMINE #10: DECRYPTION SERVICES AGREEMENT ..................... 12

XI.     CONCLUSION .................................................................................................................. 14

**TABLE OF AUTHORITIES**

**Page(s)**

Cases

*Am. Calcar, Inc. v. Am. Honda Motor Co., Inc.*,
651 F.3d 1318 (Fed. Cir. 2011)..................................................................................................3

*Bio-Rad Labs, Inc. v. 10X Genomics Inc.*,
967 F.3d 1353 (Fed. Cir. 2020)................................................................................................12

*Biomérieux, S.A. v. Hologic, Inc.*,
18-cv-21, 2020 WL 583917 (D. Del. Feb. 6, 2020).................................................................3

*CIF Licensing, LLC v. Agere Sys. Inc.*,
07-cv-170, 2010 WL 582744 (D. Del. Feb. 17, 2010).............................................................4

*CIVIX-DDI, LLC v. Hotels.com*,
05-cv-6869, 2012 WL 6591684 (N.D. Ill. Dec. 18, 2012) ...............................................11, 12

*Contentguard Holdings, Inc. v. Amazon.com, Inc.*,
13-cv-01112, 2015 WL 11089490 (E.D. Tex. Sept. 4, 2015)...................................................4

*CR Bard Inc. v. AngioDynamics Inc.*,
15-cv-218, 2018 WL 3468215 (D. Del. July 18, 2018)............................................................3

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys.*,
15-cv-00037-RWS-RSP, Dkt. 450 (E.D. Tex. July 25, 2017)..................................................8

*Droplets, Inc. v. Yahoo! Inc.*,
12-cv-3733, 2022 U.S. Dist. LEXIS 37716 (N.D. Cal. Feb. 28, 2022) ..................................13

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys.*,
LLC, 927 F.3d 1292 (Fed. Cir. 2019) ......................................................................................8

*Enova Tech. Corp. v. Initio Corp.*,
10-cv-04, 2013 WL 12156023 (D. Del. Jan. 31, 2013) .......................................................3, 4

*Fairchild Semiconductor Corp. v. Power Integrations, Inc.*,
12-cv-00540-LPS, 2015 WL 10457176 (D. Del. Apr. 23, 2015) .............................................7

*Finjan, Inc. v. Cisco Sys. Inc.*,
17-cv-00072, 2020 WL 13180008 (N.D. Cal. June 5, 2020)....................................................4

*GS Cleantech Corp. v. Adkins Energy LLC*,
951 F.3d 1310 (Fed. Cir. 2020)................................................................................................3

*ICU Med., Inc. v. RyMed Techs., Inc.*,
  752 F. Supp. 2d 486 (D. Del. 2010)................................................................8

*Integra LifeSciences Corp. v. HyperBranch Med. Tech., Inc.*,
  15-819, 2018 WL 2186677 (D. Del. May 11, 2018) .............................................1

*Intellectual Ventures I LLC v. Symantec Corp.*,
  10-cv-1067-LPS, 2015 WL 82052 (D. Del. Jan. 6, 2015) ......................................4

*Intellectual Ventures I LLC v. T-Mobile USA, Inc. et al*,
  17-cv-577-JRG, Dkt. 294 (E.D. Tex. Jan. 8, 2019) .............................................8

*Interdigital Commc'ns Inc. v. Nokia Corp.*,
  13-cv-10, 2014 WL 12465431 (D. Del. Aug. 28, 2014)........................................4

*Interdigital Commc'ns Inc. v. Nokia Corp.*,
  13-cv-10, 2014 WL 8104167 (D. Del. Sept. 18, 2014) ......................................1, 2

*Karlo v. Pittsburgh Glass Works, LLC*,
  10-CV-1283, 2016 WL 69651 (W.D. Pa. Jan. 6, 2016) ........................................6

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
  694 F.3d 51 (Fed. Cir. 2012)...............................................................12, 13

*Lucent Techs., Inc. v. Gateway, Inc.*,
  580 F.3d 1301 (Fed. Cir. 2009)...............................................................13

*Magna Elecs., Inc. v. TRW Auto. Holdings Corp.*,
  12-654, 2016 WL 4238769 (W.D. Mich. Jan. 28, 2016) ........................................2

*Milwaukee Elec. Tool Corp. v. Snap-On Inc.*,
  14-1296, 2017 WL 4570787 (E.D. Wis. Oct. 12, 2017)........................................1

*MLC Intell. Prop., LLC v. Micron Tech. Inc.*,
  3:14-cv-03657, D.I. 688 (N.D. Cal. July 18, 2019) ...........................................2

*MSKP Oak Grove, LLC v. Venuto*,
  10-6465 (JBS/JS), 2017 WL 1807562 (D.N.J. May 5, 2017)...................................6

*NeuroGrafix v. Brainlab, Inc.*,
  12-6075, 2021 WL 1057312 (N.D. Ill. Mar. 18, 2021) ........................................2

*Perdiemco, LLC v. Industrack LLC*,
  15-cv-00727-JRG, Dkt. 250 (E.D. Tex. Oct. 13, 2016).........................................8

*Personalized Media Commc'ns, LLC v. Zynga, Inc.*,
  12-68, 2013 WL 10253110 (E.D. Tex. Oct. 30, 2013)..........................................8

*Personalized User Model, L.L.P. v. Google Inc.*,
   09-525, 2014 WL 807736 (D. Del. Feb. 27, 2014)...................................................................1

*Read Corp. v. Portec, Inc.*,
   748 F. Supp. 1078 (D. Del. 1990).............................................................................................8

*Reckitt Benckiser Pharm. Inc. v. Watson Labs., Inc.*,
   13-cv-1674, 2015 U.S. Dist. LEXIS 167982 (D. Del. Dec. 16, 2015) ....................................1

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*,
   13-cv-213, 2015 WL 627430 (E.D. Tex. Jan. 31, 2015) ..........................................................2

*St. Clair Intellectual Property Consultants, Inc. v. Toshiba Corp.*,
   09-cv-00354-KAJ, 2015 WL 5286815 (D. Del. Oct. 2, 2015) .................................................7

*Tracinda Corp. v. DaimlerChrysler AG*,
   362 F. Supp. 2d 487 (D. Del. 2005).........................................................................................6

*United States v. Bailey*,
   696 F.3d 794 (9th Cir. 2012) ...............................................................................................5, 6

*United States v. Morrison*,
   98 F.3d 619 (D.C. Cir. 1996)...................................................................................................5

*Vaporstream, Inc. v. Snap Inc.*,
   17-cv-220, 2020 WL 978731 (C.D. Cal. Feb. 28, 2020) .........................................................1

*Verizon Servs. Corp. v. Cox Fibernet Va., Inc.*,
   602 F.3d 1325 (Fed. Cir. 2010)..............................................................................................12

**Other Authorities**

Fed. R. Civ. P. 26...........................................................................................................6, 7, 11, 12

Fed. R. Evid. 402 ................................................................................................................ *passim*

Fed. R. Evid. 403 ................................................................................................................ *passim*

Fed. R. Evid. 408 .......................................................................................................................6

Fed. R. Evid. 602 ...................................................................................................................9, 11

Fed. R. Evid. 608 .......................................................................................................................5

Fed. R. Evid. 609 .......................................................................................................................6

Fed. R. Evid. 701 ...................................................................................................................11, 12

Fed. R. Evid. 702 ...................................................................................................................11, 12

Fed. R. Evid. 703 ...................................................................................................................11, 12

## TABLE OF ABBREVIATIONS

| Abbreviation | Document(s) and Terms |
|---|---|
| '047 Patent | U.S. Patent No. 8,539,047 |
| CPSA | Custom Product Sales Agreement |
| Defendants | Ingenico and PayPal |
| DSA | Decryption Services Agreement |
| Fuji | Fuji Photo Film U.S.A., Inc. |
| Fuji Lawsuit | *Fuji Photo Film U.S.A., Inc. v Scott. F. McNulty*, 05-cv-07869 (S.D.N.Y.) |
| Ingenico | Ingenico Inc., Ingenico Corp., and Ingenico Group SA, |
| IOENGINE | IOENGINE, LLC |
| IPR | *Inter Partes* Review |
| Patents-in-Suit | U.S. Patent No. 9,059,969 & U.S. Patent No. 9,774,703 |
| PayPal | PayPal Holdings, Inc. |
| PTAB | Patent Trial and Appeal Board |
| PTO | Patent and Trademark Office |
| WD | Collectively, Western Digital Corporation and its predecessor M-Systems Inc. |

Pursuant to the Court's May 5, 2022 Order Regarding Motions *in Limine* in this case, D.I.

454, Plaintiff IOENGINE respectfully moves *in limine* to exclude or preclude the following

evidence, testimony, and argument:

## I.      MOTION IN LIMINE #1: PTAB PROCEEDINGS

PayPal should be precluded from offering evidence, testimony, or argument at trial

concerning IPR proceedings challenging unasserted claims of the Patents-in-Suit or the

parent/grandparent '047 Patent.  The conduct and outcome of the IPRs are not relevant and would

be confusing, misleading, prejudicial, and a waste of time.  *See, e.g*., Fed. R. Evid. 402 and 403.

Courts in this District and elsewhere routinely exclude reference to factual findings,

decisions, and legal conclusions from IPRs and other PTAB proceedings as having minimal

probative value that is substantially outweighed by the potential for prejudice and confusion.  *See,*

*e.g.*, *Interdigital Commc'ns Inc. v. Nokia Corp.*, 13-cv-10, 2014 WL 8104167, at *1 (D. Del. Sept

18, 2014); *Personalized User Model, L.L.P. v. Google Inc.*, 09-cv-525, 2014 WL 807736, at *3

(D. Del. Feb. 27, 2014); *Magna Elecs., Inc. v. TRW Auto. Holdings Corp.*, 12-cv-654, 2016 WL

4238769, at *2-3 (W.D. Mich. Jan. 28, 2016); *Vaporstream, Inc. v. Snap Inc.*, 17-cv-220, 2020

WL 978731, at *8 (C.D. Cal. Feb. 28, 2020); *Milwaukee Elec. Tool Corp. v. Snap-On Inc.*, 14-cv-

1296, 2017 WL 4570787, at *6 (E.D. Wis. Oct. 12, 2017).  Indeed, in *Reckitt Benckiser Pharm.*

*Inc. v. Watson Labs., Inc.*, 13-cv-1674, 2015 U.S. Dist. LEXIS 167982, at *2 (D. Del. Dec. 16,

2015), this Court excluded evidence of PTAB proceedings even in a bench trial.

This is because the PTAB applies a lower preponderance of the evidence standard, rather

than the higher clear and convincing evidence standard governing claims of invalidity at trial.  *See*

*Integra LifeSciences Corp. v. HyperBranch Med. Tech., Inc.*, 15-cv-819, 2018 WL 2186677, at *1

(D. Del. May 11, 2018).  Further, "[t]he complexity involved in giving the full context" of the

PTAB's decisions will confuse the jury and prejudice IOENGINE.  *Interdigital*, 2014 WL

1

8104167, at *1; *Magna*, 2016 WL 4238769, at *2-3.  This is even more true here, where claims found unpatentable in IPR are not being asserted at trial and where the PTAB's final written decisions remain on appeal.

Thus, PayPal should be precluded from offering any evidence, testimony, or argument about the IPRs challenging unasserted claims of the Patents-in-Suit or the '047 Patent.

## II.   MOTION IN LIMINE #2: DISAPPEARANCE OF THE MEDIKEY DEVICE OR ANY NEGLIGENCE RELATED TO THE MEDIKEY

PayPal should be precluded from offering any evidence, testimony, or argument concerning allegations or inferences of spoliation, negligence, or intentional destruction, or related in any way to the disappearance of the MediKey. The Court denied PayPal's motions for spoliation sanctions. *See* D.I. 452. Introduction of evidence or allegations of spoliation or negligence would be irrelevant to the issues before the jury under Fed. R. Evid. 402, highly prejudicial to IOENGINE under Fed. R. Evid. 403, and contrary to the Court's ruling.

Courts routinely preclude parties from raising spoliation to a jury.  *See, e.g.*, *NeuroGrafix v. Brainlab, Inc.*, 12-cv-6075, 2021 WL 1057312, at *6 (N.D. Ill. Mar. 18, 2021) ("[T]he Court ruled against plaintiffs regarding this [spoliation] contention on both their motion for sanctions and motion for reconsideration.  Having lost on this point, plaintiffs cannot appropriately put these contentions before the jury.  Jurors … do not decide discovery disputes."); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, 13-cv-213, 2015 WL 627430, at *6 (E.D. Tex. Jan. 31, 2015); *MLC Intell. Prop., LLC v. Micron Tech. Inc.*, 3:14-cv-03657, D.I. 688, at *3 (N.D. Cal. July 18, 2019).

In denying PayPal's motion for spoliation sanctions, the Court explained that "the risk of prejudice to PayPal and Ingenico at the jury trial from the disappearance of the MediKey device appears to be minimal."  D.I. 452, at 16.  And the Court held that it would only "permit PayPal

and Ingenico to offer evidence of the MediKey's disappearance" in the event that "the disappearance of the MediKey become[s] relevant to issues raised during the jury trial in a way that prejudices PayPal and Ingenico." *Id.* at 17.

The Court permitted IOENGINE to refer to the fact that "Mr. McNulty was generally developing the MediKey for some period of time," but found that PayPal would not have to refer to the MediKey's disappearance in response to such general statements. *Id.* Thus, so long as IOENGINE does not refer to specific functionalities of the MediKey device in its affirmative case, PayPal is without a credible showing of prejudice from the MediKey's absence and should be precluded from introducing any evidence, testimony, or argument regarding the disappearance of the MediKey—whether through discussion of spoliation, negligence, or otherwise.

## III.  MOTION IN LIMINE #3: INEQUITABLE CONDUCT ALLEGATIONS

PayPal should be precluded from making any reference to inequitable conduct at trial, including any evidence, argument, or suggestion that anyone intentionally withheld material information from the PTO or had (and violated) a duty of candor to the PTO. Inequitable conduct is an equitable issue tried to the Court, not to the jury. *See GS Cleantech Corp. v. Adkins Energy LLC*, 951 F.3d 1310, 1331 (Fed. Cir. 2020) (quoting *Am. Calcar, Inc. v. Am. Honda Motor Co., Inc.*, 651 F.3d 1318, 1333 (Fed. Cir. 2011)). Referencing inequitable conduct before the jury would be confusing, misleading, prejudicial, and a waste of time.  Accordingly, such evidence should be excluded under Fed. R. Evid. 402 and 403.  *See CR Bard Inc. v. AngioDynamics Inc.*, 15-cv-218, 2018 WL 3468215, at *3 (D. Del. July 18, 2018) (granting motion *in limine* precluding evidence of inequitable conduct from being presented to the jury); *see also BioMérieux, S.A. v. Hologic, Inc.*, 18-cv-21, 2020 WL 583917, at *1 (D. Del. Feb. 6, 2020); *Enova Tech. Corp. v. Initio Corp.*, 10-cv-04, 2013 WL 12156023, at *1 (D. Del. Jan. 31, 2013); *CIF Licensing, LLC v. Agere Sys. Inc.*, 07-cv-170, 2010 WL 582744, at *1 (D. Del. Feb. 17, 2010).

## IV. MOTION IN LIMINE #4: PEJORATIVE REFERENCES TO IOENGINE OR NPE BUSINESS MODEL (*E.G.*, "PATENT TROLL," "NONPRACTICING ENTITY," "PATENT ASSERTION ENTITY")

PayPal should not be permitted to refer to IOENGINE using pejorative descriptions that risk unfair prejudice. *See* Fed. R. Evid. 403. These descriptions are irrelevant to IOENGINE's claims of infringement, or any defenses that PayPal may assert. And such labels will inevitably taint the jury's perception of IOENGINE and distract the jury from the issues it must decide.

This Court has previously granted similar motions *in limine*, precluding reference to parties as "trolls" or "non-practicing entities." *See, e.g., Intellectual Ventures I LLC v. Symantec Corp.*, No. 10-cv-1067-LPS, 2015 WL 82052, at *1 (D. Del. Jan. 6, 2015) (noting that "such disparagement is irrelevant"); *Interdigital Commc'ns Inc. v. Nokia Corp.*, 13-cv-10-RGA, 2014 WL 12465431, at *2 (D. Del. Aug. 28, 2014) ("Defendants may not refer to Plaintiff as troll, non-practicing entity (NPE), patent assertion entity, or extortionist."). Other courts have held similarly. *See, e.g., Finjan, Inc. v. Cisco Sys. Inc.*, 17-cv-00072, 2020 WL 13180008, at *3 (N.D. Cal. June 5, 2020) (precluding "use of the terms 'patent troll,' 'patent assertion entity,' 'PAE,' 'non-practicing entity,' and 'NPE'" because "such projective labels are irrelevant, unhelpful to the jury, and in some instances carry negative connotations"); *Contentguard Holdings, Inc. v. Amazon.com, Inc.*, 2:13-cv-01112, 2015 WL 11089490, at *2 (E.D. Tex. Sept. 4, 2015) (prohibiting "any argument, evidence, testimony, insinuation, reference, or assertion implying that [Plaintiffs] are 'patent trolls,' 'patent pirates,' non-practicing entities, or other pejorative terms, or otherwise disparaging [Plaintiffs'] business model.").

IOENGINE seeks a corresponding ruling here. The Court should preclude PayPal from any pejorative references to IOENGINE or its business model, such as referring to IOENGINE as a "patent troll," "nonpracticing entity," "pirate," "extortionist," "patent assertion entity," or any other term that casts aspersions on IOENGINE.

4

## V.      MOTION IN LIMINE #5: UNRELATED FUJI LITIGATION OR ALLEGATIONS OF "FRAUD"

Ingenico sought discovery from Fuji Photo Film U.S.A., Inc. ("Fuji") regarding unrelated litigation (*Fuji Photo Film U.S.A., Inc. v Scott. F. McNulty et al*, 05-cv-07869 (S.D.N.Y.), the "Fuji Lawsuit") involving Fuji and Scott McNulty,[1] the founder of IOENGINE and named inventor of the Asserted Patents. The complaint in the Fuji Lawsuit alleged "fraud" by Mr. McNulty, but the case was settled more than a decade ago, with no admission of wrongdoing and no adjudication of Fuji's allegations. Although this discovery was sought only by Ingenico, pursuant to the August 27, 2021 cross-use stipulation, the discovery sought by Ingenico is available to PayPal.  *See* D.I. 271.  PayPal should be precluded from proffering any testimony, evidence, or otherwise referring to the Fuji Lawsuit, any unproven allegations of "fraud," or using the word "fraud" before the jury, because it would be more prejudicial than probative per Fed. R. Evid. 403, in violation of Fed. R. Evid. 408, counter to Fed. R. Evid. 608, and constitute impermissible hearsay.

Fuji's complaint is "merely an accusation of conduct and not, of course, proof that the conduct alleged occurred."  *See United States v. Bailey*, 696 F.3d 794, 801 (9th Cir. 2012); *United States v. Morrison*, 98 F.3d 619, 628 (D.C. Cir. 1996) ("[T]he mere filing of a complaint is not 'probative of truthfulness or untruthfulness,' regardless of whether the allegations in the complaint, if true, would seriously undermine the witness' credibility."); Fed. R. Evid. 403.  Reference to prejudicial allegations of unproven "fraud" may "permit[] the jurors to succumb to the simplistic reasoning that if [Mr. McNulty] was accused of the conduct, it probably or actually occurred." *Bailey*, 696 F. 3d at 801.  "Such inferences are impermissible."  *Id.*  The inadmissibility of this type of evidence is a well-established principle: "Except for a criminal ***conviction*** under Fed. R.

---

[1] The Fuji Lawsuit included 10 named defendants.

Evid. 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct." Fed. R. Evid. 408 (emphasis added).  Similarly, reference to the settlement of the Fuji Lawsuit as an attempt to invite the jury to infer culpability runs afoul of Fed. R. Evid. 408.  Moreover, Fuji's out-of-court allegations are hearsay and cannot be accepted for the truth of the matters they assert. *Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 499 (D. Del. 2005).

Finally, allowing PayPal to introduce such highly prejudicial evidence would confuse the jury and "risk turning the trial into a series of 'mini-trials,'" where Mr. McNulty would be forced to defend himself against the unproven Fuji allegations.  *See Karlo v. Pittsburgh Glass Works, LLC*, No. 10-cv-1283, 2016 WL 69651, at *4-5 (W.D. Pa. Jan. 6, 2016); *MSKP Oak Grove, LLC v. Venuto*, 10-cv-6465 (JBS/JS), 2017 WL 1807562, at *2 (D.N.J. May 5, 2017) (allowing evidence regarding unrelated and unproven allegations "would impermissibly involve this Court in determining the merits of other…unadjudicated claims from other cases").

PayPal should be precluded from proffering any testimony, evidence, or otherwise referring to the Fuji Lawsuit, any allegations of "fraud," or using the word "fraud" before the jury.

## VI.   MOTION IN LIMINE #6: UNDISCLOSED TESTING OF PHYSICAL PRIOR ART DEVICES

PayPal should be precluded from introducing any testimony regarding the testing or inspection of physical devices that was not disclosed in PayPal's experts' reports.

The Federal Rules of Civil Procedure require a testifying expert to submit a report containing, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them ... at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(B)(i); (a)(2)(D).  "Allowing [an expert] to testify beyond the bounds of his expert report would [] constitute[] a direct violation of Fed. R. Civ. Pro. 26, defeating the rule's demand that the report include 'a complete statement of all opinions the witness will express.'"  *St. Clair*

6

*Intellectual Property Consultants, Inc. v. Toshiba Corp.*, 09-cv-00354-KAJ, 2015 WL 5286815, at *2 (D. Del. Oct. 2, 2015); *see also Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, No. 12-cv-00540-LPS, 2015 WL 10457176, at *4 (D. Del. Apr. 23, 2015) ("Absent approval of the Court, all experts for all parties are PRECLUDED from testifying beyond the scope of their reports..."). Accordingly, PayPal's proffered experts may testify only as to material disclosed in their reports.

None of PayPal's experts' reports disclose any testing or inspection of physical devices that PayPal alleges are prior art.  In particular, PayPal's technical expert Dr. Bims did not include in his report any testing of a DiskOnKey device.  *See also* Ex. 1,[2] Deposition of Dr. Harry Bims, Jan. 20, 2022 at 116:18-117:15 (PayPal's technical expert testifying that he didn't test any of the DiskOnKey MyKey executable software).  Accordingly, PayPal should be precluded from proffering any testimony or evidence related to any such alleged testing or inspection at trial.

## VII.   MOTION IN LIMINE #7: UNCHARTED BACKGROUND ART REFERENCES

PayPal should be precluded from offering into evidence or publishing to the jury any references not fully described and charted, on an element-by-element basis, in the claim charts in PayPal's Final Invalidity Contentions.

In a June 5, 2019 discovery teleconference, this Court instructed the parties that references that are not charted on an element-by-element basis "can be used as background, can be used by the experts in their reports, and can be alluded to by the experts in the course of testimony; ***but they cannot be admitted as exhibits or otherwise published to the jury*** in the form, for example, of a demonstrative."  Ex. 2 at 8:22-9:6 (emphasis added).  As the Court explained, any minimal probative value from these documents is outweighed by the "dangers of a jury being misled by

---

[2] All Exhibit numbers are exhibits to the Brader Declaration, filed concurrently herewith.

thinking that the background art is a fact open for consideration as invalidating art as a prior [art] reference, in effect, despite any effort by the court to try to instruct to the contrary[.]" *Id.* at 8:14-21. For the same reason, any testimony about such uncharted references must be significantly constrained—as the Court has ruled, the references may be no more than "alluded to"—so as to prevent jury confusion about what is and is not prior art. *Intellectual Ventures I LLC v. T-Mobile USA, Inc. et al*, 17-cv-577-JRG, Dkt. 294 at 4 (E.D. Tex. Jan. 8, 2019) (excluding anything other than a "passing reference" to uncharted art); *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys.*, 15-cv-00037-RWS-RSP, Dkt. 450 at 2 (E.D. Tex. July 25, 2017) (precluding reliance on uncharted prior art to prove invalidity and excluding its admission as exhibit or demonstrative); *Perdiemco, LLC v. Industrack LLC*, 15-cv-00727-JRG, Dkt. 250 at 2 (E.D. Tex. Oct. 13, 2016) (same).

Several of the uncharted references purport to show "template" figures used by prosecution counsel in unrelated patents. Admitting evidence of templates used for drafting figures during patent prosecution is irrelevant under Fed. R. Evid. 402 and highly prejudicial under Fed. R. Evid. 403. Therefore, courts routinely preclude reference to unrelated patents as irrelevant and likely to confuse. *See*, *e.g. Read Corp. v. Portec, Inc.,* 748 F. Supp. 1078, 1101–02 (D. Del. 1990), *aff'd in relevant part,* 970 F.2d 816 (Fed. Cir. 1992) (excluding evidence on unrelated patents); *ICU Med., Inc. v. RyMed Techs., Inc*., 752 F. Supp. 2d 486, 489–90, n.3 (D. Del. 2010) (same); *Personalized Media Commc'ns, LLC v. Zynga, Inc.,* No. 2:12-CV-00068-JRG, 2013 WL 10253110, at *1 (E.D. Tex. Oct. 30, 2013) (excluding evidence "as to the content of other patents (e.g., the claims of an unasserted patent)").

Allowing PayPal to admit into evidence or proffer substantive testimony about uncharted references at this late stage would be highly prejudicial to IOENGINE, since they have never been

asserted as invalidating prior art references by PayPal and there has been no attempt made to show where, on an element-by-element basis, each element of the claims can be found in the reference.

## VIII.   MOTION IN LIMINE #8: TESTIMONY FROM EYAL SOBOL

PayPal may seek to introduce the testimony of Eyal Sobol, an employee of non-party Western Digital Corporation and former employee of its predecessor, M-Systems Inc. (collectively "WD") regarding certain documents relating to the alleged DiskOnKey prior art.  His testimony has no other relevance to this case.  Because Mr. Sobol was not employed by WD until June 2004, he lacks personal knowledge of any documents, circumstances or events before that date, and any such testimony should be excluded under Fed. R. Evid. 602.  *See* Ex. 3 at 15:18-25, 133:3-14, 134:2-14.  Likewise, Mr. Sobol's testimony regarding documents or technology arising after the earliest effective filing date of the patents-in-suit—March 23, 2004—is irrelevant and prejudicial, and should be excluded under Fed. R. Evid. 402 and 403.

At Mr. Sobol's deposition, Defendants' questioning "focused on what happened prior to March 23rd, 2004"—that is, before the effective filing date of the patents-in-suit and before Mr. Sobol joined WD.  *See* Ex. 3 at 15:18-25, 20:9-17.  But despite Defendants' attempts to lead Mr. Sobol using documents that preceded his employment, he lacked personal knowledge regarding documents and events preceding June 2004, when his employment began. *See, e.g.*, *id.* at 24:11-25:5 (asking witness to read aloud passaged highlighted by counsel: "[Q.] Does this describe the timing of the launch of the DiskOnKey in the United States? … THE WITNESS: I have no idea."), 27:9-15 ("I can only answer how [MyKey] was provided starting when I joined the company"), 30:2-6 ("I can only answer since I joined the company."), 68:12-25, 83:20-23, 88:6-11 ("I cannot answer what was done prior to [joining the company]."), 109:17-23.

Mr. Sobol has no personal knowledge of the origin, authorship, timing, or publication of any documents preceding his time at WD and its predecessors.  For example, when asked about a

DiskOnKey specification, he was unable to say from personal knowledge when it was created, who the author was, or whether it was a draft.  Ex. 3 at 137:1-138:2; *see also, e.g.*, *id.* at 138:3-142:2, 164:12-165:1, 177:3-7, 177:18-20.  When asked about a press release, he did not know who wrote it or even whether it had in fact been released.  *Id.* at 146:1-11.  When asked about a presentation, he testified, "I have no idea.  I don't know what type of presentation is it [sic], whether it was presented or not.  All I know that it was found in ███████████████ and that's it."  *Id.* at 161:15-18; *see also, e.g.*, *id.* at 163:20-25.  He was directed to review purported metadata, but he had no personal knowledge regarding this metadata—instead, he simply reviewed uncorroborated metadata that was provided by counsel for PayPal or Ingenico.  *See id.* at 147:3-9, 160:8-17, 164:1-4, 173:17-174:4.  Moreover, Mr. Sobol has no expertise in reviewing metadata and neither Defendant has disclosed any expert testimony on the reliability or interpretation of the purported metadata.

Furthermore, Mr. Sobol ████████████████████████████ ███████████████████████████████████████████████████████ *See* Ex. 3 at 12:2-18, 19:11-20:4. ████████████████████████████ ████████████████████████████████ *Id.* at 174:5-175:7. And when asked about the ██████████████████████████ he had no personal knowledge of who authored them or when.  *See id.* at 173:12-20, 175:8-22, 176:8-19.

Mr. Sobol's testimony regarding events during his employment at WD would be irrelevant and prejudicial.  The earliest effective filing date of the patents in suit is March 23, 2004—before Mr. Sobol was first employed at WD.  *See* D.I. 1-2 at 2.  Mr. Sobol's personal knowledge about WD documents and technology is thus too late to be relevant to the issue of validity, and is therefore irrelevant and should be excluded under Fed. R. Evid. 402.  Moreover, any testimony by

Mr. Sobol regarding documents and information related to the alleged DiskOnKey prior art that he learned about in his employment at WD, *i.e.*, *after* June 2004, risks conflating alleged prior art with after-arising technology. The prejudice of such testimony would outweigh any probative value it may have, so it should be excluded under Fed. R. Evid. 403.  Accordingly, testimony from Mr. Sobol about documents or events after March 23, 2004 should be excluded under Fed. R. Evid. 403.

In sum, Mr. Sobol has no admissible testimony to offer.  He has no personal knowledge regarding purportedly relevant documents, circumstances or events preceding his employment at WD, so his testimony regarding any events before June 2004 should be excluded under Fed. R. Evid. 602.  And any personal knowledge he does have about WD documents or events after his employment began would be *after* March 23, 2004, and should be excluded under Fed. R. Evid. 402 and 403 as irrelevant and potentially misleading.

## IX.    MOTION IN LIMINE #9: FACT WITNESSES' COMPARISON OF THE ASSERTED CLAIMS TO ANY OF PAYPAL'S PRODUCTS OR ANY PRIOR ART REFERENCES

PayPal may seek to introduce testimony offering a comparison made by a fact witness between the asserted claims and any of PayPal's products or prior art references. This would be improper under Federal Rules of Evidence 701, 702, and 703 and Fed. R. Civ. P. 26.  Comparisons of the asserted claims to the accused products or prior art references fall outside the scope of matters "rationally based on the witness's perception" and are instead "based on scientific, technical, or specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701; *see also CIVIX-DDI, LLC v. Hotels.com*, 05-cv-6869, 2012 WL 6591684, at *4 (N.D. Ill. Dec. 18, 2012) ("[Lay witnesses] may not provide any opinion testimony on the ultimate questions of invalidity and infringement"); *Verizon Servs. Corp. v. Cox Fibernet Va., Inc.*, 602 F.3d 1325, 1339-40 (Fed. Cir. 2010) ("[T]he district court properly allowed testimony from the witnesses about the patents

11

they invented based on their personal knowledge, and properly excluded these same witnesses from providing expert testimony on invalidity for which they had not previously provided expert reports or been qualified as an expert.").  Such evidence should be excluded under Federal Rules of Evidence 701, 702, and 703, as well as under Fed. R. Civ. P. 26 because none of PayPal's fact witnesses submitted a report containing, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them ... at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(B)(i).

## X.  MOTION IN LIMINE #10: DECRYPTION SERVICES AGREEMENT

To limit the amount of damages in this case, PayPal intends to rely on ███████████ ███████████████████, which is contained within a Custom Product Sales Agreement ("CPSA") between PayPal and Ingenico Inc.'s predecessor, ROAM Data, Inc.  Ex. 4 at 4-5. PayPal's damages expert, Ms. Stamm, opined that the ███████████████ "can be considered an upper-bound on the value of the Asserted Patents…." Ex. 5 at ¶ 115.  Ms. Stamm then used that ███████████ in arriving at a royalty rate. *Id.* at ¶ 164.

The ████ and testimony about the ████ must be excluded under Fed. R. Evid. 402 and 403 because there is no evidence it is technically comparable to a license of the patented technology. *See Bio-Rad Labs, Inc. v. 10X Genomics Inc.*, 967 F.3d 1353, 1372-73 (Fed. Cir. 2020) (requiring technical and economic comparability); *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys.*, LLC, 927 F.3d 1292, 1299 (Fed. Cir. 2019) ("[P]rior licenses or settlements need to be 'sufficiently comparable' for evidentiary purposes…."). As the proponent of the ████, PayPal has the burden to show "that the 'licenses relied upon…in proving damages [are] sufficiently comparable to the hypothetical license at issue in suit.'" *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 71 (Fed. Cir. 2012) (quoting *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009)).  Neither PayPal's technical nor damages experts provide any opinion as to the ████

technical comparability. *See* Ex. 5 at ¶¶ 111-15; Ex. 6 at 90:19-24 ("I don't know that I would use the word 'comparable.'"). PayPal's technical expert does not address the ▮▮ at all.

Further, Ms. Stamm is not qualified to render an opinion on technical comparability. *See Droplets, Inc. v. Yahoo! Inc.*, No. 12-cv-3733, 2022 U.S. Dist. LEXIS 37716, at **6-8 (N.D. Cal. Feb. 28, 2022) (excluding license where damages expert unqualified to render opinion on technical comparability). Ms. Stamm purports to opine without explanation or analysis that "the components of value from the ▮▮▮▮▮▮ are broader than that from the hypothetical negotiation." Ex. 5 ¶ 115. But Ms. Stamm's expertise is in finance and accounting, not in any relevant technology. *See id.* at 71-72 (curriculum vitae); Ex. 6 at 17:7-20. And she was unable to answer questions about the technical differences between the ▮▮▮▮▮▮▮▮ and the Patents-in-Suit. *See, e.g.*, Ex. 6 at 92:15-93:7 (could not answer whether decryption services provide the claimed device verification).

Indeed, the ▮▮ is not at all comparable to a license that would result from the hypothetical negotiation. It is not even a patent license, but rather a ▮▮▮▮▮" that is ancillary to an overarching ▮▮▮▮▮ Ex. 6 at 93:14-17 (agreeing that ▮▮▮▮▮ ▮▮▮▮▮ To the extent the ▮▮ could be read to include a patent license, there is simply no competent evidence connecting the subject matter of anything licensed in the ▮▮ to the hypothetical negotiation. The ▮▮ limited license to ▮▮▮▮▮ ▮▮▮▮▮ does not reference any specific patents at all, and Ms. Stamm was not aware of any relevant patents. *See* Ex. 4 at 15-16 ▮▮▮▮▮ not identifying any patents); Ex. 6 at 92:8-14 ▮▮▮▮▮

13

Further, the ███████████████████████████████████████████████████ ████ card readers—that is, a back-end processing service not technically comparable to the invention of the patents-in-suit.  Ex. 4 at 29; *see also* Ex. 6 at 91:14-92:7.  Accordingly, even if the ████ could be regarded as a license, PayPal proffers no comparison of the licensed technology to the patents-in-suit, and thus no technical comparability to the license that would result from the hypothetical negotiation.

In sum, PayPal offers no proof of the technical or economic comparability of the ████, and so it is irrelevant under Fed. R. Evid. 402.  For the same reason, it would be misleading to the jury and is therefore more prejudicial than probative under Fed. R. Evid. 403. The DSA and any testimony about the DSA should be excluded.

## XI.   CONCLUSION

For the foregoing reasons, IOENGINE respectfully requests that the Court grant its Motions *in Limine* 1-10.

Dated: May 9, 2022                    SMITH, KATZENSTEIN & JENKINS LLP

OF COUNSEL:                          */s/ Eve H. Ormerod*
                                     Neal C. Belgam (No. 2721)
Noah M. Leibowitz                    Eve H. Ormerod (No. 5369)
Gregory T. Chuebon                   1000 West Street, Suite 1501
DECHERT LLP                          Wilmington, DE 19801
1095 Avenue of the Americas          (302) 652-8400
New York, NY 10036                   nbelgam@skjlaw.com
(212) 698-3500                       eormerod@skjlaw.com
noah.leibowitz@dechert.com
greg.chuebon@dechert.com             *Counsel for IOENGINE, LLC*

14

## **CERTIFICATE OF SERVICE**

I, Eve H. Ormerod, hereby certify that on May 9, 2022, a true and correct copy of the

foregoing document was served on the following counsel via email:

Jack B. Blumenfeld
Brian P. Egan
**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
1201 N. Market Street, Suite 1800
Wilmington, DE 19801
jblumenfeld@morrisnichols.com
began@morrisnichols.com


*/s/ Eve H. Ormerod*
Eve H. Ormerod (No. 5369)