IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IOENGINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-452 (WCB) |
| | ) | |
| PAYPAL HOLDINGS, INC., | ) | REDACTED - PUBLIC VERSION |
| | ) | |
| Defendant. | ) | |

**OPENING BRIEF IN SUPPORT OF**
**PAYPAL'S MOTIONS *IN LIMINE* (1-8)**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant/Counterclaim Plaintiff PayPal Holdings, Inc.*

OF COUNSEL:

Jared Bobrow
Travis Jenson
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
(650) 614-7400

Alyssa Caridis
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
(213) 612-2372

Originally Filed: May 10, 2022
Redacted Version Filed: May 17, 2022

# TABLE OF CONTENTS

Page

**TABLE OF AUTHORITIES** ..... II

**TABLE OF EXHIBITS** ..... IV

**MIL NO. 1. MOTION TO EXCLUDE IMC/IMATION JURY VERDICTS AND SETTLEMENT AGREEMENTS** ..... 1

**MIL NO. 2. MOTION TO EXCLUDE LICENSE AGREEMENTS NOT DISCUSSED IN THE BODY OF ANY DAMAGES EXPERT'S REPORT** ..... 3

**MIL NO. 3. MOTION TO EXCLUDE TOTAL REVENUE, NET WORTH, OR SIZE OF PAYPAL, OR ITS ABILITY TO PAY A JUDGMENT** ..... 4

**MIL NO. 4. MOTION TO EXCLUDE EVIDENCE OF INFRINGEMENT VIA TESTING DUE TO LACK OF CORRESPONDING DAMAGES THEORY** ..... 5

**MIL NO. 5. MOTION TO EXCLUDE ANY ARGUMENT OR SUGGESTION THAT PAYPAL WAS ON NOTICE OF INFRINGEMENT, OR AWARE OF THE ASSERTED PATENTS OR ALLEGED "INVENTION," PRIOR TO THE LAWSUIT** ..... 6

**MIL NO. 6. MOTION TO EXCLUDE REFERENCE TO NON-ASSERTED IOENGINE OR MCNULTY PATENTS OR UNRELATED TECHNOLOGY** ..... 7

**MIL NO. 7. MOTION TO EXCLUDE EVIDENCE AND ARGUMENT RELATED TO THE FUNDING OF SCOTT MCNULTY'S ALLEGED PROTOTYPE DEVELOPMENT** ..... 8

**MIL NO. 8. MOTION TO EXCLUDE REFERENCE TO PAYPAL OR INGENICO'S INDEMNIFICATION CLAIMS** ..... 9

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Acceleration Bay LLC v. Activision Blizzard, Inc.*,
324 F. Supp. 3d 470 (D. Del. 2018)....................1

*Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*,
No. 14-CV-6544(KAM)(GRB), 2019 WL 2330855 (E.D.N.Y. May 31, 2019)....................4

*Applications in Internet Time, LLC v. RPX Corp.*,
897 F.3d 1336 (Fed. Cir. 2018)....................9

*Bombardier Recreational Prods., Inc. v. Arctic Cat Inc.*,
No. CV 12-2706, 2017 WL 5256741 (D. Minn. Nov. 11, 2017)....................7

*Eidos Display, LLC v. Chi Mei Innolux Corp.*,
No. 6:11-CV-00201-JRG, 2018 WL 1156284 (E.D. Tex. Mar. 5, 2018), *amended*, No. 6:11-CV-00201-JRG, 2019 WL 13026863 (E.D. Tex. Oct. 22, 2019)....................5

*Evolved Wireless, LLC v. Apple Inc.*,
No. 15-542-JFB-SRF, 2019 WL 1100471 (D. Del. Mar. 7, 2019)....................4

*In re Gabapentin Pat. Litig.*,
No. CA 00-CV-2931 FSH, 2011 WL 1807448 (D.N.J. May 12, 2011)....................10

*Insight Tech. Inc. v. SureFire LLC*,
No. 04-CV-74-JD, 2009 WL 3242554 (D.N.H. Oct. 8, 2009)....................2, 3

*IOENGINE, LLC v. Imation Corp.*,
No. 1:14-cv-01572-GMS (D. Del. Dec. 31, 2014)....................1, 2

*IOENGINE, LLC v. Interactive Media Corp.*,
No. 1:14-cv-01571-GMS (D. Del. Dec. 31, 2014)....................1, 2

*Jones v. City of Coll. Park, Ga.*,
No. 1:05-CV-1797-JTC, 2009 WL 10744201 (N.D. Ga. Aug. 31, 2009)....................10

*Liqwd, Inc. v. L'Oreal USA, Inc.*,
No. 17-147-JFB-SRF, 2019 WL 10252611 (D. Del. June 25, 2019)....................3

*Masimo Corp. v. Philips Elecs. N. Am. Corp.*,
No. CV 09-80-JJF-MPT, 2010 WL 925864....................8

*Realtime Data, LLC v. Actian Corp.*,
No. 6:15-CV-463 RWS-JDL, 2017 WL 11662045, at *1 (E.D. Tex. May 4, 2017) ....8

*Sprint Commc'ns Co. LP v. Charter Commc'ns, Inc.*,
No. 17-1734-RGA, 2021 WL 982732 (D. Del. Mar. 16, 2021) ....1, 2, 3

*State Farm Mut. Auto. Ins. Co. v. Campbell*,
538 U.S. 408 (2003)....4

*TQ Delta LLC v. 2Wire, Inc.*,
No. CV 13-1835-RGA, 2019 WL 13038199 (D. Del. Apr. 25, 2019) ....10

*Tull v. United States*,
481 U.S. 412 (1987)....9

*United States v. Baker*,
928 F.3d 291 (3rd Cir. 2019) ....9

**Statutes**

Fed. R. Civ. P. 26 and 37 ....6

Fed. R. Civ. P. 26(a)(2)(B) ....3

FED. R. EVID. 401....4, 7

Fed. R. Evid. 401-403 ....1, 2, 8

FED. R. EVID. 402....4, 7, 10

FED. R. EVID. 403....4, 6, 7, 10

FED. R. EVID. 404....7

Fed. R. Evid. 411 ....10

**Other Authorities**

157 Cong. Rec. S1376 (Mar. 8, 2011) ....9

**TABLE OF EXHIBITS**

| Exhibit | Document |
|---|---|
| 1 | Excerpts from the Expert Report of Jeffery A. Stec, Ph.D., dated November 19, 2021 [Filed Under Seal[ |
| 2 | Excerpts from the Expert Report of Dr. Avi Rubin, dated November 19, 2021 [Filed Under Seal] |
| 3 | Excerpts from Plaintiff IOENGINE, LLC's Responses and Objections to Defendant PayPal Holdings, Inc.'s First Set of Interrogatories, dated September 20, 2018 [Filed Under Seal] |
| 4 | Excerpts from Plaintiff IOENGINE, LLC's Second Supplemental Responses and Objections to Defendant PayPal Holdings, Inc.'s First Set of Interrogatories, dated July 9, 2019 [Filed Under Seal] |
| 5 | Excerpts from *IOENGINE, LLC v. Interactive Media Corp.,* No. 14-1571-GMS (D. Del.) Transcript of Trial Day 1, dated January 11, 2017 (IOENGINE002296-2380) [Filed Under Seal] |

PayPal Holdings, Inc. ("PayPal") respectfully moves the Court, *in limine*, to preclude Plaintiff IOENGINE, LLC ("IOENGINE") from raising the following at trial.

**MIL No. 1. Motion to Exclude IMC/Imation Jury Verdicts and Settlement Agreements.**

To the extent not resolved by the Court's rulings on PayPal's pending *Daubert* motion, PayPal moves *in limine* to preclude IOENGINE from proffering evidence, testimony, or argument regarding the jury verdicts and post-verdict settlement agreements in *IOENGINE, LLC v. Interactive Media Corp.*, No. 1:14-cv-01571-GMS (D. Del. Dec. 31, 2014) (the "*IMC*" case), and in *IOENGINE, LLC v. Imation Corp.*, No. 1:14-cv-01572-GMS (D. Del. Dec. 31, 2014) (the "*Imation*" case).

The Jury Verdict from the *Imation* and *IMC* Cases Should Be Excluded.

IOENGINE's damages expert improperly relies on the 2017 jury damages awards in the *IMC* and *Imation* cases to calculate a reasonable royalty in this case. D.I. 403 at 38. The verdicts and damages awards in these cases should be excluded pursuant to Federal Rules of Evidence 401-403 because they are irrelevant to the calculation of a reasonable royalty in this case and highly prejudicial.

Generally, "[j]ury-determined damages are not evidence of arm's-length negotiations between parties, and will not help the trier of fact determine a royalty." *Acceleration Bay LLC v. Activision Blizzard, Inc.*, 324 F. Supp. 3d 470, 489-90 (D. Del. 2018). Furthermore, for evidence of the prior jury damages awards to be admissible they "must pass muster, like any other evidence, as relevant and probative of an issue in [this] case." *Sprint Commc'ns Co. LP v. Charter Commc'ns, Inc.*, No. 17-1734-RGA, 2021 WL 982732, at *8 (D. Del. Mar. 16, 2021). "The timing of prior verdicts can impact their relevancy" and, where, as here, the prior damages awards occurred years after the 2015 hypothetical negotiation date, D.I. 403 at 38, the damages awards are irrelevant because PayPal and IOENGINE would not have been aware of, nor

considered, these damages awards during their hypothetical negotiation. *Id.* at *8-9. As such, they are irrelevant to calculations of a reasonable royalty in this case and should be excluded. *Id.*

Moreover, the *IMC* and *Imation* trials involved (i) products that have no relation to the Accused PayPal products in this case and (ii) a patent that is not asserted in this case. Introducing a jury's determination that products which have no connection to the Accused Products infringe a non-asserted patent runs the risk of confusing the jury into mistakenly believing that because one company was found to infringe, PayPal must infringe as well.

The Post-Verdict Settlements from the *Imation* and *IMC* Cases Should Be Excluded.

IOENGINE's damages expert also improperly relies on the 2017 post-verdict settlement agreements in the *IMC* and *Imation* cases to calculate a reasonable royalty in this case. D.I. 403 at 38. The post-verdict settlement agreements in these cases should be excluded pursuant to Federal Rules of Evidence 401-403 because they are irrelevant to the calculation of a reasonable royalty in this case and because any probative value of these agreements is outweighed by the risk of unfair prejudice, confusion of the issues, and misleading the jury.

As explained in Defendant's pending *Daubert* motion, these agreements are not relevant to a reasonable royalty calculation. D.I. 403 at 40. But even if the post-verdict settlements were relevant, they are of minimal probative value because they are "not comparable to a negotiation between two willing parties" given that the agreement resulted from not only litigation but a jury verdict awarding damages after finding infringement. *Sprint Commc'ns,* 2021 WL 982732, at *10; *see also Insight Tech. Inc. v. SureFire LLC*, No. 04-CV-74-JD, 2009 WL 3242554, at *1 (D.N.H. Oct. 8, 2009) (ruling that settlement resulting from ongoing litigation not probative of reasonable royalty because it did "not provide an accurate reflection of what a willing licensor would do in an arm's length transaction"). The settlements are even less probative "where, as

here, the settlement agreements occurred years after the hypothetical negotiation." *Sprint Commc'ns Co.*, 2021 WL 982732, at *10. For this reason alone, the post-verdict agreements should be excluded. *Id.*

Lastly, any marginal probative value of the post-verdict settlements "in proving a reasonable royalty is substantially outweighed by the danger of unfair prejudice to [PayPal] and the likelihood of confusing the jury and wasting time." *Insight Tech. Inc.*, 2009 WL 3242554, at *1. This is because introducing the agreements "would necessitate a lengthy explanation to the jury of the economics of litigation risk, competition, and other considerations that inform a litigation settlement." *Id.* Such evidence "would be collateral, and therefore confusing and a waste of time." *Id.* Moreover, any introduction of the settlement agreements would likely include a discussion of the timing of and circumstances related to those agreements which, as discussed above would be highly prejudicial. As such, the post-verdict settlements should be excluded. *Id.*

**MIL No. 2.   Motion to Exclude License Agreements Not Discussed in the Body of any Damages Expert's Report.**

PayPal moves *in limine* to preclude IOENGINE from proffering evidence, testimony, or argument regarding licenses not expressly analyzed in IOENGINE's damages report or asserted to be comparable by IOENGINE's damages expert. It is well settled that an expert may not testify outside the scope of their report, and this Court has frequently granted motions *in limine* to prevent experts from doing so. Fed. R. Civ. P. 26(a)(2)(B); *see, e.g.*, *Liqwd, Inc. v. L'Oreal USA, Inc.*, No. 17-147-JFB-SRF, 2019 WL 10252611, at *1 (D. Del. June 25, 2019) (collecting cases). The report of IOENGINE's damages expert, Dr. Stec, includes an exhibit, printed in approximately size 3 font, with dozens of allegedly "Potentially Comparable Licenses," many of which were never mentioned, let alone sufficiently analyzed, in the body of his report. Ex. 1 at Exhibit 15. Discussion of these licenses should be precluded.

**MIL No. 3. Motion to Exclude Total Revenue, Net Worth, or Size of PayPal, or its Ability to Pay a Judgment.**

The Court should exclude references to PayPal's overall size, revenues, net worth, or ability to pay a judgment because such evidence is irrelevant to the case and would unfairly "skew the damages horizon for the jury." *Evolved Wireless, LLC v. Apple Inc.*, No. 15-542-JFB-SRF, 2019 WL 1100471, at *4 (D. Del. Mar. 7, 2019) ("[T]he probative value of the evidence [of defendant's size and financial resources] is outweighed by the danger that the jury might set damages on ability to pay rather than proper evidence of damages.").

The accused PayPal Here and Zettle mobile point of sales technologies are a small fraction of PayPal's overall business, which focuses on online payments. Reference to PayPal's overall size and financial status—which necessarily would include reference to this unaccused technology—risks the jury surmising that any damages award is reasonable because it is relatively small compared to PayPal's overall revenues or profits.

Furthermore, IOENGINE should not be permitted to use PayPal's overall size, financial status or ability to pay a judgment to cast itself as the scrappy underdog. *Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*, No. 14-CV-6544(KAM)(GRB), 2019 WL 2330855, at *6 (E.D.N.Y. May 31, 2019) (excluding evidence of "parties' wealth, size, or finances to the extent [that] it…characterizes the dispute as one of David versus Goliath," because "the relative ownership structure and wealth of the parties" is irrelevant to determining a reasonable royalty).

Because this evidence is not relevant to any of the issues that must be decided in this litigation and is likely to prejudice the jury against PayPal, it should be excluded. *See* FED. R. EVID. 401, 402, 403. The Supreme Court has recognized the risk of prejudice to large businesses when evidence of their size or revenues is introduced at trial. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 417 (2003) ("[P]resentation of evidence of a defendant's net worth

creates the potential that juries will use their verdicts to express biases against big businesses, particularly those without strong local presences."). For these, IOENGINE should be precluded from mentioning PayPal's overall size, revenue, financial information, and ability to pay a judgment.

**MIL No. 4. Motion to Exclude Evidence of Infringement Via Testing Due to Lack of Corresponding Damages Theory.**

To the extent not resolved by the Court's rulings on PayPal's pending motions for summary judgment of noninfringement, PayPal respectfully moves *in limine* to exclude any evidence or argument that PayPal infringed the Asserted Claims by testing the accused card readers, because IOENGINE offers no corresponding damages theory for such "testing" infringement. As the Eastern District of Texas recognized in *Eidos Display, LLC v. Chi Mei Innolux Corp.*, presenting an infringement case with no corresponding damages case leads to jury confusion and creates uncertainty as to the meaning of the jury's damages verdict. No. 6:11-CV-00201-JRG, 2018 WL 1156284, at *9 (E.D. Tex. Mar. 5, 2018), *amended*, No. 6:11-CV-00201-JRG, 2019 WL 13026863 (E.D. Tex. Oct. 22, 2019). Moreover, a claim that calls for no relief lacks redressability and should be dismissed for lack of standing. *Id.* This Court should apply those principles and exclude IOENGINE's "testing" theory of infringement. Specifically, here, IOENGINE alleges that infringement occurs when merchants conduct credit card payment transactions using the accused card readers. *See, e.g.*, Ex. 2, ¶¶293 ("fourth code" limitation met "when the reader processes a transaction."). This merchant-based activity results in transaction revenue paid to PayPal (viz., a percentage each payment transaction). Dr. Stec (IOENGINE's damages expert) then uses the transaction revenue numbers as a royalty base, to which he applies a [REDACTED] [REDACTED]. Ex. 1 at 3 ("The total reasonable royalties due to IOENGINE is also composed of [REDACTED] of royalties for the transaction made using one of the accused

mPOS devices … based on a royalty rate of [redacted]"). Dr. Stec's damages model has nothing to do with—and is completely decoupled from—PayPal's alleged card reader *testing* because testing generates no transaction revenue. To the extent PayPal tested the accused card readers in the U.S. at all (there is no evidence of such testing (*see* D.I. 424 at 7-8)), it would have occurred infrequently and only in one-off circumstances. Allowing IOENGINE to proceed with its testing theory would lead to jury confusion, because the jury may incorrectly believe they can award the full measure of damages for IOENGINE's transaction revenue/merchant theory when the jury only found infringement based on testing.

**MIL No. 5. Motion to Exclude Any Argument or Suggestion that PayPal Was On Notice of Infringement, or Aware of the Asserted Patents or Alleged "Invention," Prior to the Lawsuit.**

IOENGINE should not be permitted to argue or present evidence that PayPal knew about the patents-in-suit, the patented technology, or IOENGINE's allegations of infringement before the lawsuit was filed in March 2018. In response to an interrogatory from PayPal about pre-suit notice, IOENGINE stated only that PayPal was aware of the patents-in-suit no later than the filing of the complaint. Ex. 3. It offered no evidence of pre-suit notice. When asked in an interrogatory to provide any evidence of copying it may have, IOENGINE provided none. Ex. 4. Nor does IOENGINE's amended complaint plead such knowledge. In fact, following the Court's order granting in part PayPal's motion to dismiss IOENGINE's indirect infringement and willfulness claims, IOENGINE only pleaded that PayPal has known about the patents and its alleged infringement since the filing of the complaint. D.I. 79 ¶¶ 115, 184, 186, 197, 280, 282. Given this history, any assertion of pre-suit notice or knowledge at trial would be prejudicial under Fed. R. Evid. 403 and improper under Fed. R. Civ. P. 26 and 37.

Based on IOENGINE's exhibit list, it appears that IOENGINE intends to have Mr. McNulty describe a conversation he allegedly had at a "Webby" awards ceremony in 2005 with

an unidentified PayPal marketing employee about his "invention." Such testimony would be highly prejudicial and of no probative value. First, as of 2005, the Patent Office had not issued any patents to Mr. McNulty and the asserted patents specifically did not issue until 2015 and 2017. Second, PayPal Here was launched more than seven years after the awards ceremony and there is no evidence that this unnamed PayPal employee was involved in its design or development. Third, the Webby awards that Mr. McNulty and PayPal received in 2005 had nothing whatsoever to do with Mr. McNulty's patents or PayPal Here. Evidence of such an award, however, might unfairly bolster Mr. McNulty's credentials in the eyes of the jury.

**MIL No. 6.    Motion to Exclude Reference to Non-Asserted IOENGINE or McNulty Patents or Unrelated Technology.**

IOENGINE should be precluded from referencing any IOENGINE or McNulty patent not currently asserted in this litigation (with the limited exception of earlier patents from which the asserted patents claim priority (*i.e.* U.S. Patent Nos. 7,861,006 and 8,539,047)), and any unrelated IOENGINE or McNulty technology. Specifically, IOENGINE should be precluded from referencing later-issued patents or patent applications owned or controlled by IOENGINE or Mr. McNulty (*e.g.*, U.S. Patent Nos. 10,397,374; 10,447,819; 10,992,786; 10,972,584; 11,082,537; 11,102,335; U.S. Pat. App. No. 17/409,761; and U.S. Pat. Pub. 2021/0385300A1). IOEONGINE should also be precluded from referencing any other IOENGINE or McNulty patents or patent applications that relate to irrelevant technology (*e.g.* "BIOPTid," "biowav," "ioREALITY," "ioTV," "ioPAY," "ioWEAR," "ioBANK," and "ioTRACK" patents or technology). Introduction of non-asserted patents and unrelated technology would be unduly prejudicial to PayPal, confusing to the jury, and irrelevant to issue of whether or not PayPal infringes the asserted patent claims. *See* FED. R. EVID. 401, 402, 403, 404; *Bombardier Recreational Prods., Inc. v. Arctic Cat Inc.*, No. CV 12-2706 (JRT/LIB), 2017 WL 5256741, at *3 (D. Minn. Nov. 11, 2017) (granting motion

*in limine* excluding references to unasserted patents, finding any possible probative value "is substantially outweighed by the danger of confusing the issues, misleading the jury, and wasting time."); *Realtime Data, LLC v. Actian Corp.*, No. 6:15-CV-463 RWS-JDL, 2017 WL 11662045, at *1 (E.D. Tex. May 4, 2017) (granting motion *in limine* to exclude evidence of never-asserted patents, with the exception of patents from which the asserted patent claims priority); *see also Masimo Corp. v. Philips Elecs. N. Am. Corp.*, No. CV 09-80-JJF-MPT, 2010 WL 925864, at *2 (D. Del. Mar. 11, 2010 ("Explanation and presentation of the existence and relevance of these non-asserted patents to the jury would only further complicate trial and inevitably lead to juror confusion."). There is also a significant danger that IOENGINE could use later-issued patents to create an improper impression in the minds of jurors that the asserted claims must be valid because additional patents have been granted by the PTO relating to similar, but different, technology. For the reasons set forth above, IOENGINE should be precluded from referencing any IOENGINE or McNulty patents not currently asserted in this litigation.

**MIL No. 7. Motion to Exclude Evidence and Argument Related to the Funding of Scott McNulty's Alleged Prototype Development.**

PayPal moves *in limine* to preclude IOENGINE from proffering evidence or argument regarding the funding of Scott McNulty's alleged prototype development, including any alleged evidence or argument intended to provoke a sympathetic or emotional response, such as any suggestion that Mr. McNulty spent his life savings or retirement funds on their development. Mr. McNulty has previously attempted to provide testimony along these lines in at least the prior *Interactive Media Corp.* ("IMC") trial. *See, e.g.*, Ex. 5 at IOENGINE002340 (pp. 177-178) (claiming to "put his savings" of over [REDACTED] into the prototypes).

The Court should exclude argument and evidence regarding the funding of the alleged prototype development under Rules 401 and 403, because it is not relevant to any issues at trial

in this case, and far more prejudicial than any potential probative value. *See, e.g.*, *United States v. Baker*, 928 F.3d 291, 298-99 (3rd Cir. 2019). Any attempt to reference the purported funding that is intended to provoke a sympathetic or emotional response, such as any suggestion that Mr. McNulty spent his life savings or retirement funds on their development, would be particularly prejudicial. *See, e.g.*, *id*. ("even if Mrs. Baker's testimony regarding her medical expenses were relevant, the District Court was within its discretion in deciding that the probative value of such testimony was substantially outweighed by danger that the testimony regarding her cancer and medical expenses could mislead the jury due to 'sympathy'").

The costs of any prototype development have no bearing on the issues at trial in this case, and there can be no legitimate dispute that introducing such testimony or evidence would serve to paint Mr. McNulty in a sympathetic light. The Court should thus preclude IOENGINE from introducing any such evidence or argument.

**MIL No. 8. Motion to Exclude Reference to PayPal or Ingenico's Indemnification Claims.**

PayPal moves *in limine* to preclude IOENGINE from proffering evidence and argument relating to any indemnification demands or alleged obligations stemming from PayPal and Ingenico's business relationship. Indemnification is not relevant to any issues to be tried by the jury. While IOENGINE has attempted to rely on indemnification issues to claim that PayPal and Ingenico are in privity for purposes of IPR estoppel, D.I. 405, that issue is reserved for the Court. The right to a jury trial does not attach to equitable issues. *Tull v. United States*, 481 U.S. 412, 417-18 (1987). And the Federal Circuit has framed the "concept of privity" in the IPR-estoppel context as "an equitable rule." *Applications in Internet Time, LLC v. RPX Corp.*, 897 F.3d 1336, 1349 (Fed. Cir. 2018) (internal quotation marks omitted); *see, e.g.*, *id.* at 1350 ("'privity is an *equitable rule*'" (quoting 157 Cong. Rec. S1376, S1376 (Mar. 8, 2011) (Sen. Kyl)).

The indemnity agreement and any demands or correspondence related thereto are

inadmissible under Rules 402, 403, and 411. The issues to be decided by the jury are not implicated by indemnity, as any potential indemnity agreement or claims would have no bearing on the jury's determination of liability and damages. To the extent that facts relating to indemnity may have some minimal probative value regarding who might ultimately be required to pay any judgment, it is substantially outweighed by the risk of confusion to the jury, the time required to explain the agreement, and the unfair prejudice to PayPal. *See TQ Delta LLC v. 2Wire, Inc.*, No. CV 13-1835-RGA, 2019 WL 13038199, at *1 (D. Del. Apr. 25, 2019); *see also In re Gabapentin Pat. Litig.*, No. CA 00-CV-2931 FSH, 2011 WL 1807448, at *9, n. 33 (D.N.J. May 12, 2011) (precluding use of indemnification agreement for willfulness or inducement, explaining that "[i]ndemnification agreements are treated like liability insurance under Rule 411."); *Jones v. City of Coll. Park, Ga.*, No. 1:05-CV-1797-JTC, 2009 WL 10744201, at *1 (N.D. Ga. Aug. 31, 2009) (precluding evidence related to indemnification because "[t]he minimal relevance such evidence has is outweighed by the likelihood that it may induce the jury to decide the case on something other than the merits.").

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street, Suite 1800
Wilmington, Delaware 19801
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Defendant.*

OF COUNSEL:

Jared Bobrow
Travis Jensen
Jacob M. Heath
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025-1015
(650) 614-7400
jbobrow@orrick.com
tjensen@orrick.com
jheath@orrick.com

Alyssa Caridis
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017
(213) 612-2372
araridis@orrick.com

May 9, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 16,2022, upon the following in the manner indicated:

Neal C. Belgam, Esquire
Eve H. Ormerod, Esquire
SMITH, KATZENSTEIN & JENKINS, LLP
1000 West Street, Suite 1501
Wilmington, DE 19801
*Attorneys for Plaintiff*

*VIA ELECTRONIC MAIL*

Noah M. Leibowitz, Esquire
Gregory T. Chuebon, Esquire
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
*Attorneys for Plaintiff*

*VIA ELECTRONIC MAIL*

Derek J. Brader, Esquire
Luke M. Reilly, Esquire
Michael A. Fisher, Esquire
Judah Bellin, Esquire
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
*Attorneys for Plaintiff*

*VIA ELECTRONIC MAIL*

Michael H. Joshi, Esquire
DECHERT LLP
3000 El Camino Real
Five Palo Alto Square, Suite 650
Palo Alto, CA 94306
*Attorneys for Plaintiff*

*VIA ELECTRONIC MAIL*

*/s/ Brian P. Egan*

Brian P. Egan (#6227)