# EXHIBIT 1

# UNREDACTED PUBLIC VERSION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IOENGINE, LLC, § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | Civil Action No. 18-452-WCB |
| § | | |
| PAYPAL HOLDINGS, INC., § | | |
| § | | |
| *Defendant*. § | | |
| _____ § | | |
| | | |
| INGENICO INC., § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | Civil Action No. 18-826-WCB |
| § | | |
| IOENGINE, LLC, § | | **FILED UNDER SEAL** |
| § | | |
| *Defendant*. § | | |
| _____ § | | |
| | | |
| IOENGINE, LLC, § | | |
| § | | |
| *Counterclaim Plaintiff*, § | | |
| § | | |
| v. § | | |
| § | | |
| INGENICO INC., § | | |
| INGENICO CORP., and § | | |
| INGENICO GROUP S.A., § | | |
| § | | |
| *Counterclaim Defendants*. § | | |
| _____ | | |

**MEMORANDUM OPINION AND ORDER**

In these consolidated cases, the parties have each filed case dispositive motions and motions to exclude expert testimony under *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). IOENGINE, LLC ("IOENGINE"), has moved for partial summary judgment on the issue of invalidity and has moved to exclude portions of the testimony of two experts retained by Ingenico Inc. ("Ingenico"). Dkt. No. 397.[1] PayPal Holdings, Inc. ("PayPal"), and Ingenico have moved for summary judgment on several issues, and they have moved to exclude the testimony of two of IOENGINE's experts. Dkt. Nos. 398–402. On April 6, 2022, and June 7, 2022, I heard oral argument on those motions.

## I. Background

IOENGINE alleges that PayPal and Ingenico infringe various claims of U.S. Patent No. 9,059,969 ("the '969 patent") and U.S. Patent No. 9,774,703 ("the '703 patent"). IOENGINE had previously alleged infringement of U.S. Patent No. 8,539,047 ("the '047 patent") as well, but IOENGINE dropped the '047 patent from these lawsuits after the Patent Trial and Appeal Board ("PTAB"), in an *inter partes* review ("IPR") proceeding, found all of the asserted claims of that patent to be unpatentable. Dkt. No. 131 at 1.

### A. The Patents In Suit

The '969 and '703 patents, which share a common specification, are directed to a "tunneling client access point" ("TCAP") that the patents describe as "a highly secure, portable, [and] power efficient storage and data processing device." '969 patent, Abstract. In a preferred embodiment, the TCAP is a Universal Serial Bus ("USB") device that connects to an "access terminal" (e.g., a desktop

---

[1] All citations to the docket are to Case No. 18-452, unless otherwise noted.

real-party-in-interest status in an IPR proceeding are for the jury to decide in district court litigation following upon IPR proceedings.

While issues of privity and real party in interest frequently involve factual questions, as they do in these cases, that does not automatically require that they be committed to the jury for resolution. Issues such as claim construction can involve factual disputes, but nonetheless are reserved to the court for decision. Preliminary determinations bearing on the admissibility of evidence are also routinely decided by courts, even when they turn on factual determinations. *See Bourjaily v. United States*, 483 U.S. 171, 177–78 (1987); *see generally* Fed. R. Evid. 104(a). The task of deciding the predicate question of PayPal's status in order to determine whether to permit PayPal to introduce certain evidence at trial is closely akin to the commonplace task of deciding preliminary factual questions in determining whether to admit particular evidence. In the PayPal case, then, the court will decide whether the IPR estoppel applicable to Ingenico also applies to PayPal. That decision will be made in advance of the trial in the PayPal case.

C. Anticipation for Combined References

IOENGINE next argues that PayPal and Ingenico rely upon several references to describe the DiskOnKey and Fuji camera devices, but have not shown "that the functionality described across multiple references ever actually existed in a single device." Dkt. No. 405 at 35 (emphases omitted). Anticipation, of course, depends on a finding that a single reference satisfied all the limitations of the challenged claim. Nonetheless, it is permissible for a defendant to establish anticipation by using several documents that reveal how a single prior art system works. *Brit. Telecomms. PLC v. IAC/InterActiveCorp*, No. 18-cv-366, 2020 WL 3047989, at *6 (D. Del. June 8, 2020); *see also Radware, Ltd. v. F5 Networks, Inc.*, No. 5:13-CV-02024, 2016 WL 861065, at *2 (N.D. Cal. Mar. 5, 2016); *Shuffle Tech Int'l, LLC v. Sci. Games Corp.*, No. 15 C 3702, 2018 WL 2009504, at *4 (N.D.