# EXHIBIT 7

# UNREDACTED PUBLIC VERSION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IOENGINE, LLC, | § § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | Civil Action No. 18-452-WCB |
| PAYPAL HOLDINGS, INC., | | |
| *Defendant*. | | |

| | | |
|---|---|---|
| INGENICO INC., | § § § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | Civil Action No. 18-826-WCB |
| IOENGINE, LLC, | | |
| *Defendant*. | | |

| | |
|---|---|
| IOENGINE, LLC, | § § § § § § § § § § § § § |
| *Counterclaim Plaintiff*, | |
| v. | |
| INGENICO INC., INGENICO CORP., and INGENICO GROUP S.A., | |
| *Counterclaim Defendants*. | |

## FOURTH REVISED SCHEDULING ORDER

The court adopts this Fourth Revised Scheduling Order for these two consolidated cases in response to the parties' July 22, 2021, requests to modify the Third Revised Scheduling Order. *See* Case No. 18-452, Dkt. Nos. 246 & 247; Case No. 18-826, Dkt. Nos. 263 & 264. The parties have proposed competing schedules for the remaining events in this case. For purposes of this order, the terms "party" and "side" refer to IOENGINE individually and PayPal and Ingenico collectively.

1. <u>Resolution of Discovery Disputes</u>. In the event of any further disputes over discovery issues that the parties cannot resolve after meeting and conferring and for which the parties need the court's intervention, the parties may proceed either by motion or by letter. If the parties need an immediate decision, they should contact the court by email at brysonw@cafc.uscourts.gov to schedule a telephonic conference. Unless otherwise ordered, the party seeking relief shall file a letter, no later than 72 hours before the conference, setting forth the issues in dispute and the party's position on those issues. Any party opposing the application for relief shall file a responsive letter no later than 24 hours before the conference setting forth the party's position on the issues. Unless otherwise ordered, the letters should each be no more than three pages in length.

2. <u>Papers Filed Under Seal</u>. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within 7 days of the filing of the sealed document. Should any party intend to request sealing or redaction of all or any portion of a transcript of a court proceeding (including a teleconference), the party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the court a motion for sealing/redaction and include as attachments (1) a copy of the complete transcript highlighted so the court can easily identify and

read the text proposed to be sealed/redacted, and (2) a copy of the sealed/redacted transcript. With the request, the party seeking redaction must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction or to a third party.

3. <u>Final Infringement and Invalidity Contentions</u>. By October 1, 2021, IOENGINE will serve its final infringement contentions on PayPal and Ingenico. Within 30 days after the service of those final infringement contentions, PayPal and Ingenico will serve their final invalidity contentions on IOENGINE.

4. <u>Close of Fact Discovery</u>. Fact discovery will close on October 22, 2021.

5. <u>Disclosure of Expert Testimony</u>. For the party that has the initial burden of proof on a particular issue, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony will be due on or before November 19, 2021. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party will be due on or before January 7, 2022. Along with the submissions of expert reports, the parties shall advise one another of the dates and times of their experts' availability for deposition. Expert discovery, including any expert depositions, shall be completed on or before January 28, 2022. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the court.

6. <u>Case Dispositive Motions (Other Than Motions Under Rule 12, Fed. R. Civ. P.)</u>. Each side may file as many case dispositive motions as it chooses, provided that each side will be limited to a combined total of 10,000 words for all opening briefs, a combined total of 10,000 words for all answering briefs, and a combined total of 5,000 words for all reply briefs, regardless of the number

of case dispositive motions that are filed. In the event that one side files, in addition to one or more case dispositive motions, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total number of words permitted for all case dispositive and *Daubert* motions shall be increased to a total of 12,500 words for all opening briefs, 12,500 words for all answering briefs, and 6,250 words for all reply briefs for each side.

Case dispositive motions and *Daubert* motions will be due for filing on or before February 18, 2022. Answering briefs will be due by March 11, 2022. Reply briefs will be due by March 18, 2022. A hearing on case dispositive motions and *Daubert* motions, if needed, will be conducted on a date to be determined.

7. <u>Joint Pretrial Order</u>. No fewer than 60 days before the date of the pretrial conference in Case No. 18-452, IOENGINE will serve on PayPal a proposed joint pretrial order in compliance with Local Rule 16.3(c). No fewer than 45 days before the date of the pretrial conference in Case No. 18-452, PayPal will serve on IOENGINE a proposed joint pretrial order in compliance with Local Rule 16.3(c). The parties will meet and confer to reach agreement, to the extent possible, on the contents of the joint pretrial order. No fewer than 30 days before the pretrial conference, the parties will file their proposed joint pretrial order with the court.

The same procedure will apply to Case No. 18-826: No fewer than 60 days before the date of the pretrial conference in that case, IOENGINE will serve on Ingenico a proposed joint pretrial order in compliance with Local Rule 16.3(c). No fewer than 45 days before the date of the pretrial conference in that case, Ingenico will serve on IOENGINE a proposed joint pretrial order in compliance with Local Rule 16.3(c). The parties will meet and confer to reach agreement, to the extent possible, on the contents of the joint pretrial order. No fewer than 30 days before the pretrial conference, the parties will file their proposed joint pretrial order with the court. Unless otherwise

Case 1:18-cv-00452-WCB Document 566 Filed 08/13/21 Page 4 of 7 PageID #: 45124

ordered by the court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint pretrial orders.

An important part of the meet and confer process relating to the proposed joint pretrial order will be for the parties to address the number of exhibits proposed by each party and the number of objections to those exhibits. The court notes that it is a common practice for parties in patent cases to include in the proposed joint pretrial order a huge number of exhibits—sometimes up to a thousand on each side—and for each party to object to most or all of the opposing party's exhibits. That exercise serves no purpose and will not be tolerated. Either in their proposals relating to the joint pretrial order or in the meet and confer on the joint pretrial order, each party will include only those exhibits it believes it will actually offer at trial, and each party will also reduce the number of its objections to those it seriously intends to press at trial.

8. In the event that there are remaining disputes over the admissibility of the trial exhibits, I will conduct an off-the-record meeting with counsel for both parties prior to each trial. Lead trial counsel will attend the meeting. The purpose of the meeting will be to resolve the admissibility of the remaining disputed exhibits. The meeting will continue for as long as it takes to resolve those disputes. I will then enter an order indicating which exhibits have been pre-qualified for admission at trial. The purpose of this meeting is to resolve evidentiary issues prior to trial so as not to consume either party's trial time with disputes over the admissibility of exhibits. I expect both parties to act in good faith in making this process work. In the event that any party is uncooperative in submitting a realistic proposed exhibit list, I will impose a limit on the number of exhibits that party may admit at trial.

9. <u>Pretrial Conference</u>. On a date or dates to be determined, a Rule 16(e) final pretrial conference (or conferences) will be held with counsel in Case No. 18-452 and Case No. 18-826.

10. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. In each case, each party shall file (i) proposed voir dire questions, (ii) proposed preliminary jury instructions, (iii) proposed final jury instructions, and (iv) a proposed verdict form no later than 5:00 p.m. on the third business day before the date of the final pretrial conference in that case. *See* Local Rules 47.l(a)(2) and 51.1. The parties shall also submit electronic copies of those documents in Word format (.docx) to brysonw@cafc.uscourts.gov.

11. <u>Trial</u>. Two five-day trials will be conducted in these consolidated cases. The trial in No. 18-826, Ingenico Inc. v. IOENGINE, LLC, and IOENGINE, LLC v. Ingenico Inc. et al., will begin on July 11, 2022, and will be held in Courtroom 6A of the J. Caleb Boggs Federal Building and United States Courthouse in Wilmington, Delaware. That trial will be followed by a trial in No. 18-452, IOENGINE, LLC v. PayPal Holdings, Inc., which will begin on July 25, 2022, and will also be held in Courtroom 6A of the J. Caleb Boggs Federal Building and United States Courthouse in Wilmington, Delaware. The trials will be timed, and each side in each case will be allocated a total of 11 hours in which to present its respective case, not counting opening statements and closing arguments.

12. <u>Judgment on the Verdict and Post-Trial Status Report</u>. Within 7 days after the jury returns a verdict in each case, the parties to that case shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties to that case shall submit a joint status report indicating, among other things, how the case should proceed and listing any post-trial motions each party to that case intends to file.

13. <u>Post-Trial Motions</u>. Unless otherwise ordered by the court, each party to a particular case will be limited to one post-trial motion addressing all post-trial issues in that case that each party

elects to raise. Each party to each case will be allowed a maximum of 40 pages for its opening brief, 40 pages for its answering brief, and 20 pages for its reply brief relating to the post-trial motions.

14. Courtesy Copies. The parties are not required to provide the court with courtesy hard copies of any materials filed electronically, except for papers relating to dispositive motions, *Daubert* motions, and papers filed during trial.

15. Filing Dates. All electronic filings will be due by 5 p.m. Eastern Time on the designated due date for that filing.

IT IS SO ORDERED.

SIGNED THIS 2nd day of August, 2021.

WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE