# EXHIBIT 10

# UNREDACTED PUBLIC VERSION

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                   FOR THE DISTRICT OF DELAWARE

 3

 4   IOENGINE, LLC,                      )
                                         )
 5         Plaintiff,                    )
           Counterclaim Defendant.)
 6                                       ) C.A. No. 18-452(WCB)
     v.                                  )
 7                                       )
     PAYPAL HOLDINGS, INC.,              )
 8                                       )
                   Defendant.            )
 9   - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
     INGENICO INC.,                      )
10                                       )
                   Plaintiff,            )
11                                       ) C.A. No. 18-826(WCB)
     v.                                  )
12                                       )
     IOENGINE, LLC,                      )
13                                       )
                   Defendant.            )
14   - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
     IOENGINE, LLC,                      )
15                 Counterclaim          )
                   Plaintiff             )
16                                       )
     v.                                  )
17                                       )
     INGENICO INC., INGENICO CORP.       )
18   and INGENICO GROUP SA,              )
                                         )
19                 Counterclaim          )
                   Defendant.            )
20
21                                       Friday, November 20, 2020
                                         9:58 a.m.
22                                       Teleconference

23
     BEFORE:   THE HONORABLE WILLIAM CURTIS BRYSON, U.S.D.C.J.
24

25
```

```
 1   APPEARANCES:

 2             SMITH KATZENSTEIN & JENKINS, LLP
               BY:  NEAL C. BELGAM, ESQUIRE
 3             BY:  EVE H. ORMEROD, ESQUIRE

 4                    -and-

 5             DECHERT LLP
               BY:  NOAH M. LEIBOWITZ, ESQUIRE
 6             BY:  GREGORY T. CHUEBON, ESQUIRE

 7                 For the Plaintiff and Counterclaim Defendant
                   IOENGINE LLC
 8

 9             MORRIS NICHOLS ARSHT & TUNNELL LLP
               BY:  JACK B. BLUMENFELD, ESQUIRE
10
                      -and-
11
               ORRICK HERRINGTON & SUTCLIFFE LLP
12             BY:  JARED BOBROW, ESQUIRE
               BY:  TRAVIS JENSEN, ESQUIRE
13
                    For the Defendant
14                  PayPal Holdings, Inc.

15
               RICHARDS LAYTON & FINGER, P.A.
16             BY:  CHRISTINE D. HAYNES, ESQUIRE

17                    -and-

18             SUNSTEIN KANN MURPHY & TIMBERS LLP
               BY:  KERRY L. TIMBERS, ESQUIRE
19
                   For the Plaintiff and Counterclaim Defendants
20                 Ingenico Inc., Ingenico Corp. and Ingenico
                   Group SA
21

22                  ***  PROCEEDINGS  ***

23             THE COURT:  Good morning.  This is Judge Bryson.

24   We have, I guess, a number of participants already on the

25   call.  We're a little early.
```

1    those again in the PTAB.
2              THE COURT: Well --
3              MR. BOBROW: That makes no sense, and we submit
4    that that's prejudicial.
5              THE COURT: Do you happen to have their motion
6    to lift the stay in front of you because I don't, and I was
7    curious whether there is such a representation in that
8    motion.
9              MR. BOBROW: I would need to call that up from
10   our records, Your Honor. I don't have that, but --
11             THE COURT: I don't, either. I had thought
12   that that -- well, I just -- I can't remember well enough to
13   even hazard a guess as to what that was.
14             Mr. Leibowitz, what was the representation? I
15   know there was a representation of some sort that you
16   weren't going to proceed with some category of the claims,
17   but I can't remember what the category was. Do you recall?
18             MR. LEIBOWITZ: Yes, Your Honor. And I don't
19   have the language in front of me, although I'm trying to
20   pull it up, but I recall the representation because we --
21   what we said to Your Honor was that we would not proceed in
22   this case on any claims that the patent -- the PTAB had
23   found unpatentable. And so we -- you know, we did not, I
24   don't believe, you know, bar ourselves from, you know, ever
25   in the future proceeding should the Federal Circuit reverse

1     the PTAB.

2              But in this case, we said we would not proceed
3     on any claims that the Patent Office found unpatentable to,
4     of course, you know, not have an issue where if the Federal
5     Circuit, you know, were to reverse in the midst of this
6     case, we would then be seeking to add those claims to this
7     case.  We're not.  This case would proceed on the claims
8     that were found not unpatentable.  You know, we believe --
9     and it should be these eight that we've put forward.

10             And then, you know, in terms of res judicata
11    effect, I think, Your Honor, you know, that would be an
12    argument that I would expect PayPal and Ingenico to make
13    were we to assert any other claim, but we would argue that
14    depending on -- and you know, it is even a different patent.
15    The '047 patent is a different patent than the two that
16    would be in this case now, of course related, but it is a
17    different patent.

18             MR. BOBROW:  Well, Your Honor -- I apologize.

19             THE COURT:  Go ahead.

20             MR. BOBROW:  This is Jared Bobrow.

21             THE COURT:  Go ahead.

22             MR. BOBROW:  The '047, of course, was part of
23    the case.  All of the relevant -- of the 20 claims were not
24    found.  And I just realized in reading the letter that was
25    submitted to Your Honor that this language was being parsed

1    available to us today, you know, setting aside the potential
2    reversal in the '047, that we would be -- you know, take it
3    as estoppel effect with respect to the eight claims in this
4    case.  So you know, if we can proceed on the eight claims
5    that are available, you know, as part of the claims that are
6    available to us today to assert, we would then accept that
7    effect with respect to any other claim that we could have
8    asserted today.
9              THE COURT:  So let me make sure I understand
10   exactly what you said because I'm a little confused when you
11   threw the term estoppel in there.  You are saying that the
12   eight claims, if I allow you to proceed on the eight claims,
13   that you will not -- that any decision with respect to those
14   claims in this litigation will have res judicata effect to
15   all other claims that are available to you at this time?
16             Is that right?
17             MR. LEIBOWITZ:  Yes, Your Honor.
18             THE COURT:  Okay.  Well, in that case, I don't
19   think I need the briefing on the res judicata issue.  I'm
20   going to go ahead and allow you to proceed with the eight
21   claims.  That was my biggest concern, and I think you have
22   allayed that concern.  And I don't want to ruin anybody's
23   weekend or whatever preparations they're having for
24   Thanksgiving.  So rather than having the two of you briefing
25   this perhaps somewhat arcane issue of the law of judgments,

1      it's --

2                    THE COURT:  Well, I thought it was pretty clear

3      here and it's, I think -- can you suggest a way that you

4      would articulate my question and Mr. Leibowitz's answer that

5      would resolve any ambiguity left on the table?  Because I

6      don't hear any.  I thought Mr. Leibowitz's answer was pretty

7      clear, and I thought my question was, but --

8                    MR. TIMBERS:  So we do have the transcript, Your

9      Honor, so my understanding of it is, the clarity of it is

10     that he's going with these eight claims, and that's it, and

11     we're not going to see any other claim.  Whatever the

12     decision on these claims has res judicata effect as to all

13     of the claims in these three patents.  We won't see them

14     again.

15                   THE COURT:  So -- well, no, I think there's a

16     qualification there, and I put the qualification in the

17     question.  And that is, with respect to claims that are

18     available to them now, not with respect to claims that have,

19     for the time being at least, been cancelled and may be

20     resuscitated by an appeal to the Federal Circuit.

21                   So with respect to those, the res judicata

22     issue, it seems to me is not so clear, and I would not be

23     prepared to base my decision on the eight versus three issue

24     on Mr. Leibowitz giving up those claims.

25                   Mr. Leibowitz, is that consistent with your

```
 1    position?
 2              MR. LEIBOWITZ:  Yes, Your Honor.
 3              THE COURT:  All right.  So that's as far as I
 4    think he would go and as far as I feel comfortable asking
 5    for him to make a representation.
 6              All right.  Well, I had one further question
 7    which I began with of whether the five claims were
 8    instituted or not instituted.  Do you have an answer for me
 9    on that?
10              MR. LEIBOWITZ:  Your Honor, yes.  We did look
11    into it, and although the PTAB mentions with respect to
12    those claims, for example, claim 10 of the '969 that
13    petitioners had not satisfied their burden of institution,
14    they did actually institute on those claims as under SAS.
15              THE COURT:  Yeah, that's --
16              MR. LEIBOWITZ:  And SAS's final written decision
17    reflects that.
18              THE COURT:  Okay.  I don't remember the timing.
19    Maybe SAS -- I can't even at this point remember when SAS
20    was decided, but it may be that SAS was decided at the time
21    after the initial institution decision, but before the
22    ultimate decision, and they may have decided to deal with
23    that issue by going ahead and tossing those claims in and
24    putting it in the final decision.  But in any event, okay,
25    that's the answer and I'm satisfied.
```