# EXHIBIT 12

# UNREDACTED PUBLIC VERSION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IOENGINE, LLC, | ) |
|         Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 18-452 (WCB) |
| PAYPAL HOLDINGS, INC., | ) |
| | ) |
|         Defendant. | ) |

## **DEFENDANT PAYPAL HOLDINGS, INC.'S INITIAL INVALIDITY CONTENTIONS**

Pursuant to Paragraph 4(d) of the District of Delaware Default Standard for Discovery, including Discovery of Electronically Stored Information ("ESI") ("Default Standard") and in accordance with the Scheduling Order of January 28, 2019 ("Scheduling Order"), Defendant PayPal Holdings, Inc. ("Defendant" or "PayPal") provides the following initial invalidity contentions for the claims that Plaintiff IOENGINE, LLC ("Plaintiff" or "IOENGINE") asserted in its Default Standard Paragraph 4(c) amended infringement contentions, served on March 1, 2019 (collectively, the "asserted claims").

### I. Introductory Statement

Pursuant to the Default Standard and the Scheduling Order, these initial invalidity contentions are preliminary and PayPal reserves all rights to supplement and/or amend its contentions. Further, PayPal's initial invalidity contentions apply only to the asserted claims identified in IOENGINE's March 1, 2019 amended infringement contentions. In particular, IOENGINE identified, and PayPal provides initial invalidity contentions for, the following asserted claims:

- U.S. Patent No. 8,539,047 ("the '047 patent") claims 1, 4, 12, 24, and 25;
- U.S. Patent No. 9,059,969 ("the '969 patent") claims 2, 3, 4, and 7; and

- U.S. Patent No. 9,774,703 ("the '703 patent") claims 55, 56, 57, 61, 100, 104, 105, 106, 110, 111, and 123.

The '047 patent, the '969 patent, and the '703 patent are collectively referred to herein as the "asserted patents." Although PayPal only addresses the asserted claims in these initial invalidity contentions, PayPal does not concede the validity of any other claim and reserves the right to assert all bases for invalidity for any other claims that IOENGINE is permitted to assert in this case or otherwise.

PayPal's initial invalidity contentions reflect PayPal's knowledge, analysis, and contentions as of the date of their filing. PayPal's invalidity investigation for the asserted claims is ongoing. In particular, PayPal's investigation concerning the scope of the asserted claims and the meaning of certain claim terms and phrases is ongoing and the Court has not issued a claim construction Order. PayPal also continues to search for prior art, including printed publications; the public use, sale, or offer for sale of products and systems; and other prior art that may anticipate or render obvious one or more asserted claims under 35 U.S.C. §§ 102 and/or 103. PayPal also continues to investigate whether the asserted claims satisfy other requirements for patentability, such as those set forth in 35 U.S.C. §§ 101 and 112.

PayPal also continues to conduct discovery on the invalidity of the asserted claims. However, PayPal's investigation of the validity of the asserted patents has been primarily limited to public information. Importantly, IOENGINE has not yet produced, or has not completed production of, discovery concerning sales, offers for sale, public use, or public knowledge of the claimed invention. PayPal's investigation has also been impacted by IOENGINE's failure to provide adequate infringement contentions. IOENGINE also has failed to properly respond to PayPal's interrogatories and other discovery requests which bear on these initial invalidity contentions, including by failing to specify without qualification (*e.g.*, by alleging that events