# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IOENGINE, LLC,<br><br>*Plaintiff/Counterclaim Defendant*,<br><br>v.<br><br>PAYPAL HOLDINGS, INC.,<br><br>*Defendant/Counterclaim Plaintiff*. | C.A. No. 18-452-WCB<br><br>**JURY TRIAL DEMANDED** |

**IOENGINE, LLC'S RESPONSE TO PAYPAL'S STATUS REPORT
AND CASE MANAGEMENT PROPOSAL (D.I. 563)**

OF COUNSEL:

Noah M. Leibowitz
Gregory T. Chuebon
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500
noah.leibowitz@dechert.com
greg.chuebon@dechert.com

SMITH, KATZENSTEIN & JENKINS LLP

Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, Delaware 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Counsel for IOENGINE, LLC*

Dated: June 20, 2025

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.     ARGUMENT.................................................................................................................. 1

       A.     PayPal Should Not Be Permitted Additional Summary Judgment Motions........... 1

       B.     PayPal's Preclusion-Related Theories Fail............................................................. 2

              1.     There Is No Collateral Estoppel on Validity ............................................... 2

              2.     There Is No Collateral Estoppel on Infringement....................................... 5

       C.     Judicial Economy Favors Restoring '969 Patent Claim 4 To This Case ................ 6

       D.     Nothing Remains on PayPal's §101 Defense ......................................................... 8

       E.     IOENGINE's Proposed Schedule Is Reasonable.................................................... 9

II.    CONCLUSION............................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

Cases

*Cardionet, LLC v. Infobionic, Inc.*,
  955 F.3d 1358 (Fed. Cir. 2020) ............................................................................................... 9

*Chrimar Sys., Inc. v. Foundry Networks., Inc.*,
  No. 06-cv-13936, 2011 WL 13161438 (E.D. Mich. May 2, 2011) ........................................... 4

*Elan Pharma Int'l Ltd. v. Abraxis Bioscience, Inc.*,
  No. 06-438 GMS, 2007 WL 9811205 (D. Del. Dec. 6, 2007) ................................................. 8

*IOENGINE, LLC v. Roku, Inc.*,
  C.A. No. 21-cv-1296-ADA, Dkt. 310, at 1 (W.D. Tex. Sept. 27, 2023) .................................. 9

*Kessler v. Eldred*,
  206 U.S. 285 (1907) .................................................................................................................. 6

*Koninklijke KPN N.V. v. Gemalto M2M GmbH*,
  942 F.3d 1143 (Fed. Cir. 2019) ................................................................................................ 9

*Kroy IP Holdings, LLC v. Groupon, Inc.*,
  127 F.4th 1376 (Fed. Cir. 2025) ............................................................................................... 5

*Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd.*,
  357 F.3d 1319 (Fed. Cir. 2004) ................................................................................................ 5

*ParkerVision, Inc. v. Qualcomm Inc.*,
  116 F.4th 1345 (Fed. Cir. 2024) ........................................................................................... 2, 5

*Rubber Tire Wheel Co. v. Goodyear Tire & Rubber Co.*,
  232 U.S. 413 (1914) .................................................................................................................. 6

*Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*,
  778 F.3d 1311 (Fed. Cir. 2015) ................................................................................................ 3

*Stragent, LLC v. BMW of N. Am., LLC*,
  No. 20-510-LPS, 2021 WL 1147468 (D. Del. Mar. 25, 2021) ................................................. 2

*TQ Delta, LLC v. 2Wire, Inc.*,
  2021 WL 2671296 (D. Del. June 29, 2021) ............................................................................. 2

*Visual Memory LLC v. NVIDIA Corp.*,
  867 F.3d 1253 (Fed. Cir. 2017) ................................................................................................ 9

Statutes

35 U.S.C. § 282(a) ............................................................................................................................ 4

I.     ARGUMENT

A.     **PayPal Should Not Be Permitted Additional Summary Judgment Motions**

At the May 16, 2025 status conference, PayPal suggested that it intended to move for summary judgment on issues other than collateral estoppel (*e.g.*, obviousness). *See* May 16, 2025 Tr. (Ex. A[1]) at 20:15-18 ("[W]e would propose simply filing a summary judgment motion of obviousness on those claims"), 28:20-29:6 ("If … you've got collateral estoppel … the case is over.... But if not, then the question [of] your entitlement to come back and make a claim of summary judgment … seems to me to be back on the table."). In its submission, PayPal abandons its request to move on any issues other than preclusion. D.I. 563 at 3 (seeking "early summary judgment briefing on preclusion related issues ... [because] PayPal could not have brought its proposed summary judgment motion … prior to the *Ingenico* verdict … [which] gives rise to the preclusion."). Accordingly, the Court should not entertain a summary judgment motion from PayPal on any other issue. *See id.* at 27:14-28:8; D.I. 564 at 16-17.

With respect to preclusion-related issues, the Court made clear at the May 16 hearing that the parties must progress this case expeditiously and that ***this*** exchange ***is*** the opportunity to make any preclusion-related arguments. Ex. A, 33:11-21 (providing three weeks for "a supplemental memo detailing…what the collateral estoppel effect of the first judgment is"), 36:15-24 (same). IOENGINE did not understand that the Court intended the parties to spend additional weeks or months engaged in briefing these issues, as PayPal proposes. Nor did the Court provide three weeks for briefing just so PayPal could notify the Court that it wanted to file a motion (which it already expressed on May 16). Rather, the Court instructed the parties to provide their positions

---

[1] All exhibits are to the Reilly Declaration, filed concurrently herewith.  Abbreviated terms not defined herein are defined in IOENGINE's opening submission, D.I. 564.

on preclusion now, so the Court could decide this issue and move the case forward. *Id.*, 42:7-10 ("Now, when can you get me your motions or let's just say your memoranda on the questions we've discussed?"). As explained in IOENGINE's opening and below, collateral estoppel does not apply to issues of validity or infringement of the claims remaining for trial. Neither does the *Kessler* doctrine or any of PayPal's other preclusion-based theories.

**B.   PayPal's Preclusion-Related Theories Fail**

**1.   There Is No Collateral Estoppel on Validity**

For collateral estoppel to apply, PayPal must prove that the claims IOENGINE now asserts and the claims invalidated in *Ingenico* are "patentably indistinct." *Stragent, LLC v. BMW of N. Am., LLC*, No. CV 20-510-LPS, 2021 WL 1147468, at *3 (D. Del. Mar. 25, 2021); *TQ Delta, LLC v. 2Wire, Inc.*, No. 13- cv-01835, 2021 WL 2671296, at *5 (D. Del. June 29, 2021). As the Federal Circuit has explained, this begins with "a comparison of the scope of the claims at issue" and "[t]he proper approach … is to 'look first to the intrinsic evidence of record[.]" *ParkerVision, Inc. v. Qualcomm Inc.*, 116 F.4th 1345, 1357 (Fed. Cir. 2024) (district court erred by failing to assess claim scope under *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed Cir. 2005) (*en banc*)).

PayPal does not address *ParkerVision* or even attempt to examine the intrinsic record to determine the scope of the claims. PayPal instead focuses on the *prior art*. This approach does not, and cannot, prove that the claims are materially indistinct.[2] As IOENGINE explained, the Synchronization Claims and '969 Patent claim 4 are materially different from those invalidated in *Ingenico*, with different elements, claim scope, and validity arguments. D.I. 564 at 6-11 (citing

---

[2] As PayPal notes, the Court previously declined to apply collateral estoppel based on the PTAB's IPR decisions. D.I. 563 at 13 n.7. PayPal asserts that its present arguments are somehow different because now "identical claims" are at issue. *Id.* This is wrong. PayPal now seeks to apply collateral estoppel from the *Ingenico* verdict to *different* claims. As explained, that is improper here.

2

intrinsic evidence). The fourth program code of the respective claims should be considered as a whole, and the functionality of the claims' respective fourth program codes (*e.g.*, portable device verification vs. synchronization vs. encryption) impacts the scope of the entire claim. *Id*. PayPal simply ignores the relationship between the final element and other elements of the claims.

With respect to the prior art, PayPal baldly contends that synchronization is "the routine incorporation of known technology," and that "the whole purpose of the DiskOnKey Firmware Upgrade software was to update (*i.e.*, synchronize) the DiskOnKey firmware by downloading the current version from the network server." D.I. 563 at 13, 2, 15. But PayPal cites only its own expert for these factual assertions, *see id.* at 13 (citing the report of *PayPal's* expert, Dr. Bims), which are disputed by IOENGINE's expert, D.I. 564 at 11-13, were not addressed by the jury verdict in *Ingenico* in any way, and should be decided in the first instance by a jury in this case.[3]

PayPal's reliance on *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311 (Fed. Cir. 2015) is misplaced. In *Soverain*, the court relied on an explicit finding by the court in the prior case, based on Soverain's expert's concession, that the dependent limitation "was a routine incorporation of Internet technology into existing processes." *Id*. at 1319. But the *Ingenico* jury made no finding that synchronization is "a routine technological addition." Nor did the jury find that a fourth program code as claimed in the Synchronization Claims is present in the prior art. To the contrary, the logical extension of the jury's distinct infringement verdict on the Synchronization Claims is that the jury recognized material ***differences*** between those claims and the other asserted claims at trial—which would be equally relevant to validity.

---

[3] To the extent PayPal argues that updating firmware is necessarily synchronization, that is also disputed. *See* Ex. B (Rubin Validity Report) at ¶ 451 (no evidence that checking for a newer firmware version refers to obtaining such firmware from a server as opposed to stored locally on a terminal). And PayPal does not demonstrate actual synchronization of content as opposed to simple file copy operations, which are not synchronization. *See id.* at ¶ 440, 445.

PayPal relies on *Chrimar Sys., Inc. v. Foundry Nets., Inc.*, No. 06-cv-13936, 2011 WL 13161438 (E.D. Mich. May 2, 2011) to argue that collateral estoppel can be applied on an element-by-element basis and it need prove only that the prior art contains the dependent claim elements. *See* D.I. 563 at 14. But in *Chrimar*, a special master's report relied on express findings of fact made on summary judgment in a prior case, identifying explicitly where specific claim elements were found in particular prior art references. *Chrimar* at *9 (relying on a "list of factual conclusions from the *Cisco* litigation that Chrimar is estopped from contesting"), *10-13 (quoting specific findings from the prior case that the court relied upon). But the jury verdict in *Ingenico* was a general verdict. *Ingenico*, D.I. 500 at 8. There is no indication of what specific evidence the jury relied on. In fact, there is no indication that the jury relied on the DiskOnKey, as opposed to other art presented by Ingenico, including background art, the parties' discussion of what was generally known at the time, MyKey, testimony by third party witnesses, including Mr. Sobol, Mr. Elazar, or the Elazar patent. *See, e.g.*, Ex. C at 761-64 (Ingenico's expert testifying as to what was known in the art.); 753-58 (discussing experience working with prior art products); 860-62 (discussing Mr. Elazar's testimony and patent). The verdict form did not identify the art the jury relied on in finding any particular claim invalid,[4] much less provide any specific factual findings.

PayPal cites no authority that a general invalidity verdict on specific claims can give rise to collateral estoppel on particular elements of *different* claims, which conflicts with 35 U.S.C. § 282(a) ("dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim"). *See also ParkerVision*, 116 F.4th at 1357 (assessing whether **claims** are materially the same); *Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd.*, 357 F.3d 1319, 1334 (Fed.

---

[4] During the *Ingenico* pretrial proceedings, IOENGINE proposed a verdict form including space for the jury to identify what art formed the basis of any invalidity finding. The Court declined to adopt it. *Compare Ingenico*, D.I. 443 (IOENGINE's proposal) *with* 442 (Ingenico's).

4

Cir. 2004) ("[a] validity analysis must be conducted on a claim-by-claim basis."). It is particularly improper for PayPal to create a patchwork, quasi-obviousness analysis—relying on the *Ingenico* verdict for certain elements and "synchronization" art for others—because "[e]ven if all its limitations could be found in the total set of elements contained in the prior art references, a claimed invention would not be obvious without a demonstration of the existence of a motivation to combine those references at the time of the invention." *Nat'l Steel Car*, 1337 (citation omitted).

Finally, PayPal argues that it is entitled to collateral estoppel on the elements of the independent base claims now that the PTAB's IPR decisions have been affirmed. D.I. 563, 14. But the Federal Circuit has foreclosed this, recently holding that because of the different standards of proof, IPR decisions—even when affirmed by the Federal Circuit—are preclusive only as to the particular cancelled claims, **not** others. *See Kroy IP Holdings, LLC v. Groupon, Inc.*, 127 F.4th 1376, 1381 (Fed. Cir. 2025) ("[A] prior final written decision of the Board of unpatentability on separate patent claims reached under a preponderance of the evidence standard cannot collaterally estop a patentee from asserting other, unadjudicated patent claims in district court litigation.").

## 2. There Is No Collateral Estoppel on Infringement

In order to apply collateral estoppel with respect to infringement, PayPal must show that the products in the two suits "operate, in all material respects, in the same manner." *ParkerVision*, 116 F.4th at 1356. But PayPal cannot prove this. Although the hardware for a subset of PayPal's products may have been supplied by Ingenico,[5] the PayPal software that controls how those products operate, including the PayPal Here Service, Mobile Application, and SDK, reads on the

---

[5] PayPal's assertion that estoppel should bar claims against Zettle and Miura card readers, D.I. 563, 17, is incredible in light of its prior representations that they are materially different. *See, e.g.*, Ex. D, July 23, 2021 Tr., 39:6-23 ("Zettle was independently developed by a European company … years ago. It uses different hardware. [is] supplied by a different foreign manufacturer….[,] has got its own independently developed app…and it provides a different consumer experience").

5

specific program code limitations in the asserted claims. D.I. 564 at 15-16. Dr. Rubin's analysis of the asserted claims—particularly with respect to synchronization and the accused products' interface with PayPal's servers—relies on code created and configured by *PayPal*, not Ingenico. *E.g.*, Ex. E ¶¶ 178-189, 198-212, 215-217, 222-229, 312-315, 423-424 (citing PayPal code).

PayPal's reliance on a "trade right" under the doctrine of *Kessler v. Eldred*, 206 U.S. 285 (1907), fares no better. As the Supreme Court explained in a follow-on case to *Kessler*:

> If [a] commodity is combined with other things in the process of the manufacture of a new commodity, the trade right in the original part as an article of commerce is necessarily gone. So that when other persons become manufacturers on their own behalf, assembling the various elements and uniting them so as to produce the patented device,—a new article,—it is manifest that the respondent cannot insist upon their being protected from suit for infringement by reason merely of its right to make and sell … some component part of that article.

*Rubber Tire Wheel Co. v. Goodyear Tire & Rubber Co.*, 232 U.S. 413, 418-19 (1914). That is precisely the case here: PayPal's software, which PayPal created and integrates into its products and services (which IOENGINE was not allowed to present at trial in *Ingenico* ), dictates how the PayPal devices function, and renders them different than the devices tried in *Ingenico*, particularly with respect to synchronization. D.I. 564 at 15; Ex. E ¶¶ 178-189, 198-212, 215-217, 222-229, 312-315, 423-424 (citing PayPal code). Moreover, the *Kessler* doctrine is intended to prevent a patentee from harassing a manufacturer's customers with infringement suits *after* the manufacturer is cleared of infringement. *Kessler*, 288-289. Here, IOENGINE *first* brought suit against PayPal, and Ingenico inserted itself into the dispute by suing IOENGINE months *later*. *Kessler* does not envision barring IOENGINE from proceeding against PayPal in these circumstances.

### C.  Judicial Economy Favors Restoring '969 Patent Claim 4 To This Case

PayPal concedes that after considerable discussion "the Court…took IOENGINE's blanket representation at the hearing '***off the table***,'" D.I. 563 at 8, and made explicit that IOENGINE's agreement was only "with respect to claims that are available to them now, **not with respect to**

6

***claims that have, for the time being at least, been cancelled and may be resuscitated by an appeal to the Federal Circuit.***" D.I. 140 at 42:15-20. Accordingly, there is no issue of waiver.

PayPal opposes restoring claim 4 to this case based on the mistaken premise that it would require "fact discovery and expert discovery anew at significant expense." D.I. 563 at 8. To the contrary, claim 4 can be trial ready with minimal additional work. Claim 4 was included in the Complaint, D.I. 79 at ¶ 117, and the parties served infringement and invalidity contentions addressing it. *E.g.* D.I. 564 at 18.[6] The parties also conducted substantial fact discovery bearing directly on claim 4, including reviewing source code for PayPal's transactions. When this case was stayed pending IPR, the parties had already engaged in over a year of fact discovery, including production of core technical documents and with document production substantially complete, all of which included claim 4. No additional fact discovery is required; all that would be necessary are short, supplemental expert reports relating to this single claim, which can be done simultaneously with the experts' supplementation of their reports on the other issues identified by the parties. Even if the Court were persuaded that some additional fact discovery is needed, any discovery would be circumscribed and limited to this single claim, can be accommodated in IOENGINE's proposed schedule, and is in line with what the Court anticipated. *See* Ex. A, 33:2-6 ("So it seems to me that a truncated period of discovery is in order, but not something that is going to drag out as long as the typical discovery period in patent cases goes."). Certainly, there is ample time if the Court adopts PayPal's schedule with trial in March 2026. In contrast, removing claim 4 from this case, as PayPal proposes, would leave it to a new case, resulting in repetitive litigation, far greater expense to the parties, unnecessary burden to the Court and a second jury.

---

[6] PayPal's argument that it would need "to locate and put forward additional prior art" elides that PayPal has *already* put forward alleged prior art directed to claim 4. D.I. 565, Ex. 12 at 1-2.

7

PayPal's reliance on *Elan Pharma Int'l Ltd. v. Abraxis Bioscience, Inc.* is inapposite. No. 06-438 GMS, 2007 WL 9811205 (D. Del. Dec. 6, 2007). In *Elan,* plaintiff consciously decided not to include certain claims in infringement contentions for many months, and sought to add new claims on the day expert reports were due. *Id*. at *1. The *Elan* plaintiff could have asserted those claims earlier in the case, but chose not to. *Id*. at *1, n.3. In contrast, here, claim 4 was asserted in the complaint and addressed through fact discovery, but was incorrectly found unpatentable in IPR and so was not available for IOENGINE to proceed to trial on at the time.

**D.     Nothing Remains on PayPal's §101 Defense**

PayPal's suggestion that there is anything left of its § 101 defense, D.I. 563 at 11, is mistaken. At summary judgment, this Court held that "PayPal and Ingenico have not shown that the claims at issue in these cases are directed to an abstract idea. PayPal and Ingenico's motion for summary judgment of invalidity therefore fails at Alice step one." D.I. 511 at 20. Moreover, this Court made specific determinations based on the intrinsic evidence, forming the basis for its decision:

- "[T]he character of the claims as a whole relates to a specific improvement in computing technology, and not to implementing an 'independently abstract' process that merely invokes computers as a tool";

- "The claims are directed to particular hardware components that have particular features and are arranged in a particular manner. The recited components perform a function and achieve a result, but what is claimed is a particular arrangement of particular components, not the abstract idea of transmitting messages through an intermediary, regardless of how that result might be achieved"; and

- "Although the claimed elements in IOENGINE's patents are broad in scope, there is sufficient structure in the claims to ensure that IOENGINE is not simply laying claim to an end result rather than to the process or machinery employed to achieve that result." D.I. 511 at 15, 16, 20.

It makes no difference that these determinations were made in the context of a motion for summary judgment of invalidity, as opposed to an affirmative motion of *no* invalidity under § 101. As the

8

Federal Circuit has explained "*Alice* step one presents a legal question that can be answered based on the intrinsic evidence." *Cardionet, LLC v. Infobionic, Inc.*, 955 F.3d 1358, 1371-72 (Fed. Cir. 2020) (relying on claims and specification and holding that "[t]he analysis under Alice step one is whether the claims as a whole are 'directed to' an abstract idea, regardless of whether the prior art demonstrates that the idea or other aspects of the claim are known, unknown, conventional, unconventional, routine, or not routine").[7] No additional factual evidence regarding prior art can contravene the determinations already made as a matter of law based on the intrinsic record.[8] Having made its decision under *Alice* step one, the factual issues of *Alice* step two are irrelevant. *Koninklijke KPN N.V. v. Gemalto M2M GmbH*, 942 F.3d 1143, 1153 (Fed. Cir. 2019); *Visual Memory LLC v. NVIDIA Corp.*, 867 F.3d 1253, 1262 (Fed. Cir. 2017).

### E.     IOENGINE's Proposed Schedule Is Reasonable

IOENGINE's schedule proposes trial in this matter by the end of 2025, accommodating the few issues remaining for the Court to address. PayPal's carries into next year, adding weeks for a frontloaded summary judgment motion on preclusion, which is duplicative of the present briefing, and with two separate expert deposition periods. IOENGINE's schedule provides a single expert deposition period after exchanging supplemental reports and rebuttals, which saves time.

***Privity/RPI:*** The parties agree that the Court should determine whether PayPal and Ingenico are in privity such that PayPal is estopped from presenting art at trial to the same extent as Ingenico. IOENGINE's proposed schedule provides for a hearing on this issue sufficiently in advance of trial so that the parties can plan appropriately. Once the Court has made its decision on

---

[7] Another court subsequently granted affirmative summary judgment of no invalidity under § 101 with respect to similarly structured claims in child patents to the patents-in-suit. *IOENGINE, LLC v. Roku, Inc.*, C.A. No. 21-cv-1296-ADA, Dkt. 310, at 1 (W.D. Tex. Sept. 27, 2023).

[8] To the extent *Cardionet* endorses any inquiry into extrinsic evidence on *Alice* step one, it does so only as a matter of "judicial notice," which even PayPal does not advocate. *Id.*, at 1373-74.

this issue, PayPal should identify a narrowed (triable) list of prior art on which it may proceed. There will only be two or three claims for trial in this case; PayPal's expert reports include at least 14 separate items of prior art—some based on dozens of underlying documents, so an exact count is elusive—plus "the knowledge of a POSITA." This is far more than can reasonably be presented at trial and should be narrowed to allow IOENGINE to prepare.

***Inequitable Conduct:*** The parties agree that inequitable conduct is an issue for the Court, and any determination should await the result of the trial, with nothing to be addressed at this time.

***Supplemental Discovery:*** PayPal eschews re-opening fact discovery, except: "PayPal may produce evidence rebutting IOENGINE's new damages theories." D.I. 563, 9. But IOENGINE's supplemental damages report was based on the record as it existed prior to this case being stayed; no additional fact discovery was taken for that report. IOENGINE does not disagree with PayPal's request to provide a supplemental rebuttal damages report, provided it is limited to 10 pages (equal to Dr. Stec's supplemental report). IOENGINE does not agree, however, that fact discovery may be reopened in a one-sided manner, without both parties' experts being permitted to address any new discovery. The only additional fact discovery related to damages should be production of updated financial information for the intervening period.

PayPal states that "most PayPal fact witness are no longer with the company, [and] PayPal needs to update its trial witness lineup." *Id*. 10. If PayPal substitutes its fact witnesses for trial, IOENGINE should be permitted to take trial depositions of the new witnesses. Any additional limited fact discovery on '969 Patent claim 4 can take place simultaneously.

## II.   CONCLUSION

IOENGINE respectfully requests that the Court reject PayPal's preclusion arguments, restore claim 4 to this case, enter IOENGINE's proposed schedule, and allow this case to proceed promptly to trial by the end of the year.

10

Dated: June 20, 2025

*Of Counsel:*

Noah M. Leibowitz
Gregory T. Chuebon
**DECHERT LLP**
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500
noah.leibowitz@dechert.com
greg.chuebon@dechert.com

**SMITH KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Plaintiff IOENGINE LLC*

11