IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IOENGINE, LLC,                          )
                                        )
                    Plaintiff,          )
                                        )
          v.                            )    C.A. No. 18-452 (WCB)
                                        )
PAYPAL HOLDINGS, INC.,                  )
                                        )
                    Defendant.          )


**PAYPAL'S RESPONSE TO IOENGINE'S
<u>SUBMISSION REGARDING REMAINING PRETRIAL PROCEEDINGS</u>**


OF COUNSEL:

Jared Bobrow
Travis Jensen
Robert L. Uriarte
Jacob M. Heath
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
(650) 614-7400

Alyssa M. Caridis
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
(213) 629-2020

Tyler Miller
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019
(212) 506-5000

June 20, 2025

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Brian P. Egan (#6227)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
began@morrisnichols.com
clark@morrisnichols.com

*Attorneys for Defendant*

## <u>TABLE OF CONTENTS</u>

**Page**

I.  INTRODUCTION ................................................................................................ 1

II.  THE COURT SHOULD NOT ALLOW IOENGINE TO ASSERT '969 CLAIM 4 ........ 3

III.  EARLY SUMMARY JUDGMENT IS WARRANTED ..................................... 3

    A.  Invalidity Preclusion ............................................................................. 4

    B.  Noninfringement Preclusion ................................................................ 8

IV.  DAMAGES ...................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brain Life v. Elekta Inc.*,
   746 F.3d 1045 (Fed. Cir. 2014)........................................................................9

*IOENGINE, LLC v. Ingenico Inc.*,
   100 F.4th 1395 (Fed. Cir. 2024) ............................................................ *passim*

*Kroy IP Holdings, LLC v. Groupon, Inc.*,
   127 F.4th 1376 (Fed. Cir. 2025) ...................................................................5, 7

*Kroy IP Holdings, LLC v. Safeway, Inc.*,
   107 F. Supp. 3d 656 (E.D. Tex. 2015)............................................................7

*Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*,
   778 F.3d 1311 (Fed. Cir. 2015)....................................................................4, 6

*Speedtrack, Inc. v. Office Depot, Inc.*,
   791 F.3d 1317 (Fed. Cir. 2015)........................................................................9

*TQ Delta, LLC v. 2Wire, Inc.*,
   No. 13-cv-01835-RGA, 2021 WL 2671296 (D. Del. June 29, 2021).......................................4

*TRUSTID, Inc. v. Next Caller Inc.*,
   No. 18-172 (MN), 2021 WL 3015280 (D. Del. July 6, 2021) ...........................................9, 10

## I.    INTRODUCTION

IOENGINE's proposal puts the cart before the horse by proposing to conduct supplemental fact discovery, new rounds of expert reports, expert depositions, and a bench trial on privity/IPR estoppel, all before deciding whether any claims (or accused products) remain in the case.  *See* D.I. 564 (the "IO Brief"), Appendix A (IOENGINE's Proposed Schedule).  The sensible (and judicially efficient) course is to first resolve what claims and products (if any) remain in the case as doing so will determine what other work actually needs to be done.

IOENGINE's assertion that "[t]his case is nearly ready for trial" is belied by its attempt to add a New Claim to the case and its own proposed schedule which includes a litany of tasks stretching over a six-month period.  Even that is aggressive given the amount of work remaining, especially if IOENGINE is allowed to add a New Claim or otherwise provide so-called "supplemental [technical] reports."  IO Brief, 19-20.  IOENGINE contends such "reports" are necessary in view of the Federal Circuit's opinion on the *Ingenico* IPRs, which allegedly impacted "the scope and effect of certain terms in the Synchronization Claims at issue here, including 'content,' 'program code,' and 'encrypted communications.'"[1]  *Id*., 19.  But this is nothing more than claim construction briefing in disguise, and would need to be separately accounted for in the case schedule.[2]  One thing PayPal can agree with is that the Encryption Claim was not the subject of expert reports and, if not invalidated on summary judgment at the outset, would require new rounds of expert discovery.

---

[1] The term "encrypted communications" is not present in either Synchronization Claim.

[2] The Court should deny further claim construction briefing—especially in the submarine form of expert reports proposed by IOENGINE—on the claim terms "content," "program code," and "encrypted communications."  Nothing about the Federal Circuit's IPR opinion—which was directed to the printed matter doctrine—requires claim construction or further expert testimony.

Far from being trial ready, this case is ripe for summary judgment based on the intervening *Ingenico* judgment invalidating most remaining claims (as both anticipated and obvious) and finding the balance not infringed.  IOENGINE argues that "PayPal Should Not Be Allowed to File a New Summary Judgment Motion Seeking an Obviousness Determination" because PayPal previously moved for summary judgment on other issues.  IO Brief, 16.  But this argument fails for two reasons.  *First*, PayPal's proposed motion is premised on preclusion (*viz.*, that DiskOnKey was in public use before the critical date and satisfies all of the base claim limitations) from a judgment that did not exist when PayPal filed its original summary judgment motion.  Thus, PayPal could not have brought its proposed motion before the Federal Circuit affirmed the *Ingenico* judgment.  As PayPal's Brief discusses (D.I. 563 ("PP Brief"), 13-15), there can be no genuine dispute that DiskOnKey meets the dependent claim requirements, making summary judgment of invalidity (*viz.*, on anticipation and obviousness) ripe for adjudication.  *Second*, PayPal is entitled to move for summary judgment on the Encryption Claim (if allowed into the case) because that claim was not asserted at the time of the prior summary judgment proceedings.  The fact that the intervening *Ingenico* judgment made it possible (and easy) for PayPal to win summary judgment of invalidity is a reason to conduct that proceeding now, not a reason for delay.

Regarding summary judgment of noninfringement based on preclusion, IOENGINE entirely ignores res judicata and the *Kessler* doctrine (which grants a trade right that attaches to the products themselves, independent of who uses them).  And when addressing collateral estoppel, IOENGINE ignores that the Court already granted summary judgment of no direct infringement for the '703 patent's Synchronization Claim.  As to the remaining Synchronization Claim (in the '969 patent), IOENGINE argues collateral estoppel does not apply because the PayPal Here smartphone app is different than Ingenico's app.  IO Brief, 13-15.  But the Court

already held that the "terminal" (*e.g.*, smartphone) was not a substantive claim limitation of the '969 claims.  D.I. 511, 32-33.  Given that the accused Ingenico card readers themselves are materially identical, preclusion-based noninfringement is ripe for summary judgment.

The Court should reject IOENGINE's attempt to hamper PayPal's damages rebuttal via shortened depositions, tight page limits, and an unrealistic timeline.  PayPal should be afforded a full and fair opportunity to fully rebut IOENGINE's new damages model, not be penalized for successfully excluding IOENGINE's original damages report.

## II.    THE COURT SHOULD NOT ALLOW IOENGINE TO ASSERT '969 CLAIM 4

There is no dispute that the so-called "Encryption Claim" ('969 patent claim 4) is not currently asserted.  Nor has it been since IOENGINE voluntarily dropped that claim on Nov. 4, 2020.  Ex. A (2020/11/04 Contentions).  Since that event preceded expert discovery, the "Encryption Claim" was not the subject of expert reports or depositions.  As such, belatedly allowing that claim into the case now would prejudice PayPal by requiring another round of infringement and invalidity expert reports, depositions, etc.  Without addressing the legal standard for adding new claims, IOENGINE asks the Court to allow it to assert the Encryption Claim because "the Federal Circuit reversed the PTAB's determination[] of unpatentability."  IO Brief, 17.  But IOENGINE does not dispute that it persuaded the Court to lift the IPR stay before the appeal was complete by representing that it would not assert any claims resuscitated on appeal. *See* PP Brief, 7 (quoting IOENGINE's representations and the Court's reliance thereon). IOENGINE's attempt to ignore the record should be rejected.

## III.    EARLY SUMMARY JUDGMENT IS WARRANTED[3]

---

[3] Should the Court deem it necessary for PayPal to amend its Answer to formally plead preclusion as an affirmative defense, good cause exists for leave to do so given that the events giving rise to preclusion occurred while the case was stayed.

IOENGINE argues that "[t]he Court should not allow PayPal to move on an issue it chose to pass on previously." IO Brief, 16. But that is not what PayPal seeks to do. PayPal's proposed summary judgment motions are premised on, and flow directly from, the recent *Ingenico* judgment. IOENGINE asserts that PayPal "cannot explain why [the *Ingenico* judgment] impacts its summary judgment choices." *Id.*, 16-17. But the explanation is simple—without the *Ingenico* judgment, there is no preclusion and PayPal could not have brought its proposed motions. Further, if IOENGINE is allowed to assert the Encryption Claim, PayPal must be allowed to move for summary judgement on any ground related to that claim because it was not asserted during the prior summary judgment briefing. IOENGINE tacitly recognizes this by including a schedule for summary judgment briefing "if allowed" (IO Brief, Appendix A), and there is no good reason to delay it.

## A.    Invalidity Preclusion

As PayPal's Brief explains (§V), PayPal has two straightforward preclusion-based arguments as to why the Synchronization and Encryption claims are invalid. **First**, under *Soverain Software*, neither the Synchronization nor Encryption claims "materially alter" the question of invalidity vis-à-vis the already invalidated claims and the case should be over.[4]

IOENGINE posits that new expert reports are required to address the meaning of certain terms in the Synchronization and Encryption claims following the Federal Circuit's IPR decision (IO Brief, 19-20). But that decision concerned the printed matter doctrine, and did not construe "content," "program code," or "encrypted communications." *IOENGINE, LLC v. Ingenico Inc.*, 100 F.4th 1395, 1404-05 (Fed. Cir. 2024). The Court should reject IOENGINE's attempt to

---

[4] *TQ Delta* (IO Brief, 11) is easily distinguished and turned on different claim language which "change[d] the [motivation to combine] analysis," something not at issue here. *TQ Delta, LLC v. 2Wire, Inc.*, No. 13-cv-01835-RGA, 2021 WL 2671296 at *5 (D. Del. June 29, 2021).

complicate matters, especially given admissions from Dr. Rubin and Mr. McNulty.  Rubin Inf.
Rpt., ¶403 (D.I. 404, Ex. 4) ("synchronization" limitation is met by "synchronizing … firmware
on the portable device with the latest version of such on a server"); Ex. B (2022/01/18 Rubin Tr.),
158:20-159:3 (IOENGINE did not "invent[] a new kind of encryption."); *Ingenico* case, D.I. 507
(Ingenico Trial Tr., McNulty), 276:17-21 ("I didn't invent the category of encryption.").[5]

IOENGINE cites *Kroy IP Holdings, LLC v. Groupon, Inc.*, 127 F.4th 1376, 1381 (Fed. Cir.
2025), for the proposition that an IPR decision "cannot collaterally estop a patentee from asserting
other, unadjudicated patent claims in district court."  IO Brief, 6 n.3.  But this misses the point—
PayPal argues preclusion based on the *Ingenico* judgment, not the IPR proceedings.  Regardless,
the IPR decisions provide persuasive support that, *e.g.*, encryption was well-known and obvious.
Indeed, the PTAB (affirmed by the Federal Circuit) found '703 claims 57 and 106 (which have
identical "encryption" language) unpatentable.  D.I. 544-1 (IPR2019-00929, Paper 53) at 77-81.

IOENGINE's convoluted argument that the "fourth program code" in the dependent claims
refers to a different "fourth program code" than the independent claims fails at the outset.  IO
Brief, 7-10.  The base claims all recite "fourth program code" and were invalidated by the *Ingenico*
jury in view of DiskOnKey.[6]  IOENGINE is estopped from contending otherwise.  For example,
'969 patent claim 10 depends on claim 2, which recites "wherein the fourth program code which,
when executed by the portable device processor, is configured to cause a communication to be
transmitted to the communication network node" and was invalidated by the *Ingenico* jury.
*Ingenico* Case, D.I., 500.  IOENGINE cannot credibly argue that the Synchronization Claims

---

[5] The claims actually only require "***facilitat[ing]*** the transmission of encrypted communications
…" or "***facilitat[ing]*** synchronizing content …," not actual encryption or synchronization.

[6] DiskOnKey includes the combination of U.S. Pub. 2004/0039932 ("Elazar," DX-363 from the
*Ingenico* trial) that formed the basis of the jury's obviousness verdict.

"claim[] *different* fourth program code."    IO Brief, 7 (emphasis in original).    Under basic antecedent basis principles, "the fourth program code" recited in the dependent claims is the same "fourth program code" in the base claims.    All that remains is to assess the incremental limitation which says that the "communication" caused to be sent by the "fourth program code" (already found present in DiskOnKey) "facilitates synchroniz[ation]."

IOENGINE argues that the jury "implicitly found that the scope of [the Synchronization Claims] is materially *different* when it found the Adjudicated Claims infringed and the Synchronization Claims *not* infringed."    IO Brief, 8-9.    But the Federal Circuit already rejected this line of argument in *Soverain Software*, stating that "[c]omplete identity of claims is not required to satisfy the identity-of-issues requirement for collateral estoppel."    *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC,* 778 F.3d 1311, 1319-20 (Fed. Cir. 2015).    In *Soverain Software*, limiting "network" in the independent claim to the "internet" in the dependent claim did not "materially alter the question of invalidity," even though "internet" is narrower.    *Id*.

**Second**, IOENGINE is estopped from disputing that DiskOnKey renders the base claims invalid.    That leaves only the question of whether DiskOnKey discloses (or renders obvious) the dependent claim limitations (*e.g.*, synchronizing portable device content with the network).    PP Brief, 13-15.    Trying to manufacture a factual dispute where none exists, IOENGINE argues that Dr. Rubin testified that DiskOnKey "could have been implemented" to "download [firmware] to the computer connected to the DiskOnKey" instead of to the DiskOnKey itself.    *Id*., 12.    Putting aside that this was speculation, it makes no sense—the whole point of downloading the latest firmware is to install it **on the DiskOnKey**, not the terminal.    Dr. Rubin's speculation cannot create a genuine dispute of fact.

The Court should reject IOENGINE's attempt to manufacture a dispute over the meaning

6

of "content." The content of an encrypted file may contain code, such as firmware. It's that simple.[7] Nothing in the IOENGINE patent specification changes this plain meaning. Moreover, in the *Ingenico* IPR proceedings, IOENGINE admitted that "synchronizing the contents of the portable device and server, includ[es] receiving updated data ***and program code***." Ex. C (IPR2019-00879. Paper 11) at 34. No claim construction proceedings or additional expert testimony/reports are needed, nor should they be allowed. *See Kroy IP Holdings, LLC v. Safeway, Inc.*, 107 F. Supp. 3d 656, 659 (E.D. Tex. 2015) ("The Court therefore declines [plaintiff's] invitation to deny [summary judgment of invalidity] on the ground that [defendant] failed to offer an expert declaration in support of its motion.").[8] Regardless, Elazar plainly discloses transmitting non-program code encrypted content. Elazar, [0038] ("[The server] sends the content through the network to the digital appliance .... The content may be encrypted.").

IOENGINE argues that PayPal should not be allowed to move for summary judgment now based on DiskOnKey because it could have done so earlier. IO Brief, 16. Not so. PayPal's proposed motion is expressly premised on preclusion flowing from the *Ingenico* judgment (*viz.*, that DiskOnKey was in public use before the critical date and satisfied all the base claim limitations). Whether DiskOnKey qualified as prior art was a heavily disputed material fact that

---

[7] If, on the other hand, IOENGINE is to be believed that there are complex nuances between "content," "program code," etc. that necessitate claim interpretation, another round of expert reports, etc., then IOENGINE's proposed accelerated schedule is unrealistic. IOENGINE cannot have it both ways—either the issues are straightforward and should be decided on summary judgment at the outset (as PayPal proposes), or they are more complex and should not be shoehorned into an accelerated schedule.

[8] *Kroy* also disposes of IOENGINE's argument that PayPal's expert allegedly "failed to address the 'database' element." IO Brief, 12. While PayPal disputes this assertion, it does not matter because IOENGINE's own expert admitted "databases were common ... in 2001" (Ex. B (2022/01/18 Rubin Tr.), 78:13-17) and the '969 patent concedes that databases were "conventional" ('969, col. 18:30-46), making summary judgment appropriate.

precluded summary judgment (or at least made any attempt futile). Indeed, IOENGINE pressed this issue on JMOL and appeal. As such, IOENGINE's refrain that PayPal should have previously moved for summary judgment rings hollow.

### B.    Noninfringement Preclusion

IOENGINE's treatment of preclusion is not only overly narrow (addressing only "collateral estoppel" while ignoring res judicata and the *Kessler* Doctrine), but wrong. IO Brief, 13-16. To begin, IOENGINE ignores that PayPal already won summary judgment of no direct infringement of '703 patent claim 114 because that claim requires a "terminal" (*e.g.*, smartphone) which PayPal does not supply. D.I. 511, 34. Regarding '969 patent claim 10, the Court denied summary judgment because that claim "does not require that PayPal [] make, use, or sell (or offer to sell or import) … a terminal in order to infringe." *Id.*, 32-33. This disposes of IOENGINE's argument that purported differences in the PayPal and Ingenico smartphone apps defeat collateral estoppel. IO Brief, 14. The same logic applies to IOENGINE's "server" argument. *Id.*, 15. The "communication network node" (*viz.*, a server) is no more a claim limitation than the "terminal," and any purported differences in the PayPal and Ingenico servers cannot defeat summary judgment on '969 patent claim 10.

IOENGINE's insinuation that PayPal changed the Ingenico card reader code (and thus that collateral estoppel does not apply) is baseless. As PayPal's interrogatory response states: "The accused card readers that are supplied to PayPal come ***pre-loaded with binary code*** …. PayPal did not identify any human readable source code in its possession, custody, or control provided by its card reader suppliers Miura, Ingenico, Verifone, or Datecs." Ex. D (PayPal's Third Supp. Resp. to Rog. No 9). No card reader software differences exist to save IOENGINE from collateral estoppel. More broadly, because IOENGINE's pursues the same infringement theory for the Miura and Zettle readers, collateral estoppel applies to those readers.

8

IOENGINE's assertion that it lacked "a 'full and fair opportunity' to litigate the issue of **PayPal's** infringement in the Ingenico Action" is also baseless. IO Brief, 14. IOENGINE litigated the same Ingenico reader models (with the same software) in a 5-day jury trial and lost, fair and square.[9] The fact that Ingenico-supplied readers do not infringe is dispositive as to direct infringement of '969 claim 10. It also disposes of inducement since PayPal customers cannot change the card reader hardware or software, meaning there is no underlying direct infringer.

Additionally, IOENGINE's assertion of no estoppel because the *Ingenico* jury "found that the Synchronization Claims were not infringed **by Ingenico**" (IO Brief, 13 (emphasis original)) ignores the *Kessler* Doctrine, which "grant[s] a 'limited trade right' that attaches to the product itself," independent of any particular party, user, or customer. *Speedtrack, Inc. v. Office Depot, Inc.*, 791 F.3d 1317, 1323 (Fed. Cir. 2015) (citation omitted). This right extends to patent claims not asserted in the first case. *Brain Life v. Elekta Inc.*, 746 F.3d 1045, 1058-1059 (Fed. Cir. 2014) ("[Whether patent claims in a second suit are] essentially the same [] is beside the point under the *Kessler* Doctrine because [the] products have acquired the status of noninfringing products").

IOENGINE fails to address res judicata, which bars relitigating claims "that *could have been* brought." *Brain Life* 746 F.3d at 1053 (emphasis in original). For purposes of res judicata and the *Kessler* Doctrine, it is no excuse that the PTAB had found the Encryption claim unpatentable before trial since IO was appealing that decision (*i.e.*, IO remained free to try the claim). *See TRUSTID, Inc. v. Next Caller Inc.*, No. 18-172 (MN), 2021 WL 3015280, at *3 (D.

---

[9] IOENGINE argues it was unfairly deprived of presenting PayPal testimony. IO Brief, 14. Putting aside that IOENGINE used more than its allotted trial time, IOENGINE could not play PayPal testimony **because it failed to subpoena PayPal (or its witnesses)**. *Ingenico* case, D.I. 487, 10-23. There was nothing "unfair" about enforcing the Federal Rules of Evidence at the *Ingenico* trial (especially where IONGINE presented other PayPal-based evidence and tried indirect infringement with PayPal as the alleged underlying direct infringer).

Del. July 6, 2021) (allowing claims found unpatentable in an IPR to be tried in district court because the IPR decision was on appeal). Moreover, IOENGINE could have waited to complete its IPR appeal and tried the Encryption Claim in the *Ingenico* case.

## IV.    DAMAGES

IOENGINE's assertion that "The Damages Case is Nearly Trial Ready" is also baseless. PayPal has yet to depose IOENGINE's experts on their new reports, mount a *Daubert* challenge, or prepare its own responsive reports. Under the guise of proceeding expeditiously, IOENGINE proposes limiting PayPal to 10-page and 3-page rebuttal reports, and a 3-hour deposition of IOENGINE's experts. But IOENGINE introduced an entirely new damages model, with numerous exhibits and previously withheld documents.[10] Expert reports are not typically subject to page limits and experts typically are subject to a full day of cross-examination per report. PayPal should not be prejudiced in developing its damages positions because it previously succeeded in excluding IOENGINE's original damages report. The Court should reject IOENGINE's proposal.

IOENGINE fails to explain why it needs supplemental financial data five months before trial, when two months before trial was adequate the last time trial was set. The sensible time to produce such data is after the parties know what claims and products (if any) remain in the case. The personnel who previously collected the financial data left PayPal. Collecting the data is not trivial given that (1) the PayPal Here product line has been retired; and (2) Zettle was acquired from a European company with a separate accounting system. For clarity, PayPal is actively taking steps to collect the data but should not be put on an artificial timeline for doing so.

---

[10] IOENGINE's new reports rely on documents it withheld during fact discovery and PayPal reserves the right to move to strike/exclude those documents and any opinions relying thereon.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

OF COUNSEL:

Jared Bobrow
Travis Jensen
Robert L. Uriarte
Jacob M. Heath
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
(650) 614-7400

Alyssa M. Caridis
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
(213) 629-2020

Tyler Miller
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019
(212) 506-5000

June 20, 2025

Brian P. Egan (#6227)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
began@morrisnichols.com
clark@morrisnichols.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 20, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 20, 2025, upon the following in the manner indicated:

Neal C. Belgam, Esquire                              *VIA ELECTRONIC MAIL*
Daniel A. Taylor, Esquire
SMITH, KATZENSTEIN & JENKINS, LLP
1000 West Street, Suite 1501
Wilmington, DE  19801
*Attorneys for Plaintiff*

Noah M. Leibowitz, Esquire                           *VIA ELECTRONIC MAIL*
Gregory T. Chuebon, Esquire
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
*Attorneys for Plaintiff*

Luke M. Reilly, Esquire                              *VIA ELECTRONIC MAIL*
Michael A. Fisher, Esquire
Judah Bellin, Esquire
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
*Attorneys for Plaintiff*

Michael H. Joshi, Esquire                            *VIA ELECTRONIC MAIL*
DECHERT LLP
3000 El Camino Real
Five Palo Alto Square, Suite 650
Palo Alto, CA  94306
*Attorneys for Plaintiff*

/s/ *Brian P. Egan*
_____
Brian P. Egan (#6227)

12