# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IOENGINE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 18-452 WCB |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| PAYPAL HOLDINGS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF IOENGINE, LLC'S SUPPLEMENTAL CLAIM CHARTS

Pursuant to Paragraph 4(c) and note 3 of the District of Delaware's Default Standard for Discovery, Including Discovery of Electronically Stored Information (the "Default Standard for Discovery"), Plaintiff IOENGINE, LLC ("IOENGINE" or "Plaintiff") hereby provides its Supplemental Claim Charts relating to each accused PayPal Holdings, Inc. ("PayPal" or "Defendant") product or service (the "Accused Products") and the asserted claims of U.S. Patent Nos. 9,059,969 (the "'969 Patent") and 9,774,703 (the "'703 Patent") (collectively the "Patents-in-Suit").

## PRELIMINARY STATEMENT

IOENGINE has made a reasonable and good faith effort to identify infringing aspects of PayPal's Accused Products. Discovery in this matter, however, has not been completed, and IOENGINE's Supplemental Claim Charts are based upon present knowledge and belief. Furthermore, should discovery uncover information relevant to the Accused Products, such that different versions or features of the Accused Products necessitate different or additional analysis, including infringement analysis under the Doctrine of Equivalents and direct and indirect

infringement theories, IOENGINE reserves the right to amend, supplement, modify, and/or to provide further contentions and claims charts. *See, e.g.*, Default Standard for Discovery, ¶ 4 n.3.

Accordingly, these Supplemental Claim Charts, attached hereto as Exhibits E-L,[1] reflect IOENGINE's current infringement analysis based on the limited information that has been produced by PayPal by the date for PayPal's disclosures pursuant to Paragraph 4(b) of the Default Standard for Discovery, (which production was deficient at least for the reasons described in IOENGINE's letters to Travis Jenson, counsel for PayPal, on September 27, 2018 and October 5, 2018 and as discussed in the parties' September 11, 2018 and October 10, 2018 teleconferences), PayPal's additional productions on October 18, 2018 and December 24, 2018, and the limited public information that is available upon a reasonable search. These Supplemental Claim Charts are not intended to be exhaustive of all citations and/or evidence that IOENGINE may rely upon to show infringement at trial. These Supplemental Claim Charts, and the citations included herein, are intended to provide evidence sufficient to relate each of the Accused Products to the asserted claims of the Patents-in-Suit. IOENGINE notes that, to the extent that the Accused Products are provided or used on or through multiple platforms and/or in different environments, the attached charts are intended to be representative of the corresponding functionality across all such multiple platforms/environments. Any examples provided herein are intended as examples, and do not limit or comprise the entirety of IOENGINE's allegations of infringement. IOENGINE reserves the right to amend, supplement, modify, and/or provide further claim charts pursuant to Default Standard for Discovery, ¶ 4 n.3 or in accordance with any scheduling order that may be entered by the Court, including based on any further discovery provided by PayPal, Ingenico Inc., Ingenico

---

[1] U.S. Pat. No. 8, 539,047 is no longer being asserted in this litigation. Accordingly, IOENGINE withdraws Exhibits A-D from its previously served March 1, 2019 Amended Claim Charts.

CONFIDENTIAL

Corp., Ingenico Group S.A., or any other third party, any expert discovery or report, or any other permissible reason.

PayPal directly infringes the device and system claims at least by making, using, selling and offering for sale, devices and services with the identified functionalities in these Supplemental Claim Charts. PayPal also infringes under the Doctrine of Equivalents, as any differences between the claimed inventions and the Accused Products are not substantial and the Accused Products perform substantially the same identified functionalities, in substantially the same way, to obtain or achieve the same result as the claimed limitations. With respect to the method claims, at least the use by PayPal of the identified functionalities in these Supplemental Claim Charts constitutes direct infringement by PayPal. In addition, to the extent PayPal contends that PayPal itself is not performing one or more of the method steps—including when claimed program code is running on an end-user's terminal or when claimed program code utilizes the end-user's terminal to perform claimed functionality—the performance of method steps and use of claimed systems by end users is attributable to PayPal such that PayPal is liable as a direct infringer. PayPal is also liable for contributory infringement and/or inducement of infringement due to, for example, providing/selling the devices, program code, services and instructions that cause, induce, and/or contribute to direct infringement by PayPal's Point of Sale "Partners," and by users of these Partners' and PayPal's mobile payment apps.[2] PayPal also jointly infringes the Patents-in-Suit by,

---

[2] PayPal has refused to produce documentation related to any POS Partner Apps (*e.g.*, the Lavu Point of Sale App, TouchBistro App, Vend Register App, ERPLY cloud-based POS software, Brightpearl POS system, and TouchPoint POS system). *See, e.g.*, PayPal's Responses and Objections to IOENGINE's First Set of Requests for Production of Documents, at 5-6. On September 11, 2018 the parties met and conferred on PayPal's refusal to produce such documents, during which PayPal represented that the POS Partner Apps operate, from PayPal's perspective, in the same way as the PayPal Here App. As such, references and citations to the PayPal Here App in these Claim Charts also apply to the POS Partner Apps, and any differences

for example, directing and controlling the infringing use of the Accused Products by PayPal's Point of Sale "Partners" and users of these Partners' and PayPal's mobile payment apps. Additionally, the Accused Products constitute a material part of the invention and are not staple articles or commodities of commerce suitable for substantial non-infringing use. PayPal had actual knowledge of the Patents-in-Suit and notice of infringement at least as of the filing of the Complaint (and the date that IOENGINE sent a letter attaching a copy of the Complaint and the Patents-in-Suit to Louise Pentland, Esq. and Wanji Walcott, Esq., Executive Vice President, Chief Business Affairs and Legal Officer at PayPal, and Senior Vice President, General Counsel at PayPal, respectively by email and Federal Express. *See* D.I. 17, Declaration of Noah M. Leibowitz, at Ex. A), which included detailed descriptions of direct infringement of each of the Patents-in-Suit by each of the Accused Products.

For each of IOENGINE's Supplemental Claim Charts below, the Accused Products listed share the same or substantially similar functionality, and any differences are immaterial to an analysis of whether or not those products infringe the Patents-in-Suit. Therefore, these charts also apply to any such products that similarly infringe the Patents-in-Suit.

## CLAIM CHARTS

As used herein, "Infringed" means and includes infringement of a Patent-in-Suit both directly (alone or jointly) and indirectly (by way of inducement and contributory infringement), literally and/or under the Doctrine of Equivalents.

As presently advised, IOENGINE asserts the infringement of eight (8) claims of the Patents-in-Suit, a reduction from the twenty (20) claims asserted in its March 1, 2019 Amended

---

are immaterial to an analysis of whether or not POS Partner Apps participate in infringement of the Patents-in-Suit, jointly or otherwise.

4

CONFIDENTIAL

Claim Charts. IOENGINE relates the following claims of the Patents-in-Suit to PayPal's Accused Products as follows:

    a) at least claims 3 and 10 of the '969 Patent are Infringed by the PayPal Chip Card Reader, as illustrated by the exemplary Supplemental Claim Chart attached hereto as Exhibit E;

    b) at least claims 3 and 10 of the '969 Patent are Infringed by the PayPal Mobile Card Reader, as illustrated by the exemplary Supplemental Claim Chart attached hereto as Exhibit F;

    c) at least claims 3 and 10 of the '969 Patent are Infringed by the PayPal Chip and Swipe Reader, as illustrated by the exemplary Supplemental Claim Chart attached hereto as Exhibit G;

    d) at least claims 3 and 10 of the '969 Patent are Infringed by the PayPal Chip and Tap Reader, as illustrated by the exemplary Supplemental Claim Chart attached hereto as Exhibit H;

    e) at least claims 56, 90, 101, 105, 114, and 124 of the '703 Patent are Infringed by the PayPal Chip Card Reader and/or by the PayPal Here Mobile Payment System Utilizing the PayPal Chip Card Reader, as illustrated by the exemplary Supplemental Claim Chart attached hereto as Exhibit I;

    f) at least claims 56, 90, 101, 105, 114, and 124of the '703 Patent are Infringed by the PayPal Chip Card Reader and/or by the PayPal Here Mobile Payment System Utilizing the PayPal Mobile Card Reader, as illustrated by the exemplary Supplemental Claim Chart attached hereto as Exhibit J;

    g) at least claims 56, 90, 101, 105, 114, and 124 of the '703 Patent are Infringed by the PayPal Chip Card Reader and/or by the PayPal Here Mobile Payment System Utilizing the PayPal Chip and Swipe Reader, as illustrated by the exemplary Supplemental Claim Chart attached hereto as Exhibit K; and

CONFIDENTIAL

h) at least claims 56, 90, 101, 105, 114, and 124of the '703 Patent are Infringed by the PayPal Chip Card Reader and/or by the PayPal Here Mobile Payment System Utilizing the PayPal Chip and Tap Reader, as illustrated by the exemplary Supplemental Claim Chart attached hereto as Exhibit L.

DATED: November 4, 2020

OF COUNSEL:

Noah M. Leibowitz
Gregory T. Chuebon
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500
noah.leibowitz@dechert.com
greg.chuebon@dechert.com

Derek J. Brader
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-2437
derek.brader@dechert.com

SMITH, KATZENSTEIN & JENKINS, LLP

/s/ Eve H. Ormerod
Neal C. Belgam (No. 2721)
Eve H. Ormerod (No. 5369)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
eormerod@skjlaw.com

*Counsel for Plaintiff IOENGINE, LLC*