# EXHIBIT D

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**
**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IOENGINE, LLC,<br><br>      Plaintiff,<br><br>   v.<br><br>PAYPAL HOLDINGS, INC.,<br><br>      Defendant. | C.A. No. 1:18-cv-452 GMS<br><br>Jury Trial Demanded |

**PAYPAL'S SUPPLEMENTAL RESPONSES AND OBJECTIONS
TO IOENGINE'S INTERROGATORY NOS. 1-4, 6-7, 9, 11-13, 15-19, AND 22-23**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant PayPal Holdings, Inc. ("Defendant" or "PayPal") hereby objects and responds to Plaintiff IOENGINE, LLC's ("Plaintiff's" or "IOENGINE's") Interrogatory Nos. 1-4, 6-7, 9, 11-13, 15-19, and 22-23.

**PRELIMINARY STATEMENT**

PayPal has made a reasonable investigation for information responsive to IOENGINE's interrogatories based upon PayPal's current knowledge, information, and belief. PayPal's investigation is ongoing. PayPal's responses are made without prejudice to its right to revise, correct, supplement, or clarify its responses at any time pursuant to Federal Rule of Civil Procedure 26(e). PayPal reserves the right to make any use of, or to introduce at any hearing or trial, information responsive to these interrogatories that was discovered after the date of this response.

By providing responses, PayPal does not concede the relevancy of the subject matter of any interrogatory. PayPal reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility in any proceeding or trial for any purpose

1

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**
**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE**

whatsoever of its responses provided herein.  PayPal provides these written responses subject to the general and specific objections stated below, and subject to PayPal's right to object at any proceeding involving or relating to the subject matter of the requests responded to herein.

By providing responses, PayPal does not waive any of its rights and limitations on discovery set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, any other applicable law, rule, or order, and all other existing or future agreements of the parties concerning these proceedings, including discovery.

PayPal's responses contained herein and the information produced are provided solely for the purpose of discovery in this action.  PayPal's responses are not to be used for any purpose outside the context of this lawsuit.

**GENERAL OBJECTIONS**

PayPal's responses to these interrogatories are subject to the following General Objections, which are hereby incorporated into PayPal's responses to the requests provided further below.

1. PayPal objects to these interrogatories to the extent they seek disclosure of information protected from disclosure under the attorney-client privilege, the doctrine of work product immunity, the common interest and joint defense privileges, or any other claim of privilege, law or rule ("Privileged Information").  PayPal will not disclose Privileged Information in response to these interrogatories, and PayPal's undertaking to respond should be understood to exclude Privileged Information.  Any disclosure of Privileged Information is inadvertent and should not be construed to constitute a waiver.  If PayPal withholds Privileged Information, it will log that information and respond in accordance with the terms of a suitable agreement to be negotiated pursuant to Delaware Default Standard for Discovery Paragraph 1.d.

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**
**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE**

2. PayPal objects to these interrogatories to the extent they seek disclosure of information protected by the rights of privacy of third parties or to the extent they seek disclosure of confidential information of third parties to which PayPal owes an obligation of confidentiality or duty to prevent disclosure, including but not limited to information subject to confidentiality agreements, non-disclosure agreements, protective orders, or the General Data Protection Regulation in the European Union.

3. PayPal objects to these interrogatories to the extent they seek to impose obligations in addition to or inconsistent with those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable law, rule, or order. For example, PayPal objects to these requests to the extent they are overly broad, unduly burdensome, harassing, and/or oppressive and to the extent they seek information or documents neither relevant to a claim or defense of any party nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4. PayPal objects to these interrogatories to the extent they seek information or documents not in its possession, custody, or control or purport to require PayPal to respond on behalf of another entity or call for information not within PayPal's own knowledge.

5. PayPal objects to these interrogatories to the extent they purport to shift the burden of proving any fact or issue borne by IOENGINE onto PayPal.

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**
**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE**

6. PayPal objects to these interrogatories to the extent they seek publicly available information, information already within IOENGINE's possession, custody, or control, or information that IOENGINE could obtain as easily as could PayPal.

7. PayPal objects to these interrogatories to the extent they attempt to impose a duty on PayPal to undertake a search for information beyond a reasonable search of PayPal's files where PayPal would expect to find information responsive to the requests.

## GENERAL OBJECTIONS TO "DEFINITIONS" AND "INSTRUCTIONS"

1. In addition to the General Objections above, PayPal's responses to these interrogatories are subject to the following objections to the "Definitions" and "Instructions" provided with the requests, each of which are hereby incorporated by reference into PayPal's responses below. If PayPal objects to a definition of a term and that term is used in the definition of a subsequent term, PayPal's objections to the term used in the subsequent definition are incorporated by reference therein.

2. PayPal objects to IOENGINE's "Definitions" and "Instructions" to the extent that they contradict and/or impose obligations upon PayPal in excess of or different from the duties and obligations imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, and any other applicable rules or law.

3. PayPal objects to the definition of the terms "PayPal," "Zettle," "You," and "Your" on the ground that they are overly broad and unduly burdensome, seek information that is privileged or immune from discovery, and include persons or entities that PayPal has no control over and, therefore, PayPal does not have possession, custody, or control of information of any such persons or entities. PayPal will interpret each of these terms—"PayPal," "Zettle," "You," and "Your," and similar terms—to mean PayPal Holdings, Inc.

CONFIDENTIAL – ATTORNEYS' EYES ONLY
CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE

4.     PayPal objects to the definition of the terms "Document" and "All Documents" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks to impose on PayPal obligations in addition to or inconsistent with those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable law, rule, or order.  Further, PayPal objects to the definitions of the terms "Document" and "All Documents" to the extent they call for the production of email and any other electronic communications as overly broad, unduly burdensome, and not proportional to the needs of the case.

5.     PayPal objects to the definition of the term "Communication" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks to impose on PayPal obligations in addition to or inconsistent with those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable law, rule, or order.  Further, PayPal objects to the definition of the term "Communication" to the extent it calls for the production of e-mail, Internet communications, and any other electronic communications as overly broad, unduly burdensome, and not proportional to the needs of the case.

6.     PayPal objects to the definitions of the terms "Thing," "Relate," "Relate To," "Relating To," "Concern," "Concerning," and "Person" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that they seek to impose on PayPal obligations in addition to or inconsistent with those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable law, rule, or order.

7.     PayPal objects to the definition of the terms "Identify" and "Describe" as overly broad, unduly burdensome, and not proportional to the needs of the case.  To the extent

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**
**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE**

identification or description is necessary, if it all, PayPal will provide the identifying information or description that is required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and any other applicable rules or law.

8. PayPal objects to the definitions of the terms "Accused mPOS Product," "Accused PayPal Product(s)," "Ingenico-Supplied PayPal Products," "Accused PayPal Devices," "PayPal Here App," "PayPal POS Partner App," "Accused Mobile Payment Apps," and "PayPal Here Service," as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that they purport to relate to products or services other than those specifically identified in IOENGINE's November 4, 2020 Supplemental Infringement Contentions. PayPal will interpret these terms to mean only the PayPal Chip Card Reader, PayPal Mobile Card Reader, PayPal Chip and Swipe Reader, PayPal Chip and Tap Reader, and PayPal Here App.

9. PayPal objects to the definitions of the terms "Zettle Service" and "Zettle App" as overly broad, unduly burdensome, and not proportional to the needs of the case. PayPal will interpret these terms to mean only the Zettle App (*see* https://play.google.com/store/apps/details?id=com.izettle.android&hl=en_US&gl=US and https://apps.apple.com/us/app/paypal-zettle-point-of-sale/id447785763) and Zettle Reader as released in the United States (*see* www.paypal.com/us/business/pos/payments/card-reader).

10. PayPal objects to the definition of the term "Transaction Revenue" as overly broad, unduly burdensome, not proportional to the needs of the case, vague, and ambiguous to the extent it purports to include fees paid "for the benefit of PayPal" and all fees "Relating To any Accused PayPal Products." PayPal further objects to IOENGINE's request for transaction revenue as not relevant to any party's claim or defense and not proportional to the needs of the

6

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**
**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE**

case. For instance, the amount of revenue a transaction(s) involves has no relationship to whether infringement has or has not occurred or the value of the alleged invention.

11. PayPal objects to the definition of the term "Accused Functionality" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to relate to functionalities other than those that are identified in IOENGINE's November 4, 2020 Supplemental Infringement Contentions. PayPal will interpret this term to mean those functionalities.

12. PayPal objects to the definition of the terms "POS Partner App," "POS Partner," and "POS Partners" as overly broad, unduly burdensome, and not proportional to the needs of the case. PayPal will interpret the term "POS Partner App" to mean only the Lavu Point of Sale App, TouchBistro App, Vend Register App, ERPLY cloud-based POS software, Brightpearl POS system, and TouchPoint POS system after June 2015. PayPal will interpret the terms "POS Partner" and "POS Partners" to mean only the providers of the aforementioned POS Partner Apps.

13. PayPal objects to the definition of the term "Mobile Credit Card Processing Market" as vague, overly broad, unduly burdensome, and not proportional to the needs of the case, as it merely points to ten pages of a hearing transcript that did not "ascribe" any specific meaning to the term, as IOENGINE incorrectly states. As the Court clearly stated to Ingenico's counsel with respect to this issue, "[a]ll you can be expected to do is report what you have and you are not expected to go out and produce information you don't have." 2021-03-31 Hearing Tr. at 75:6-8.

14. PayPal objects to the definition of the term "Compatible Terminal" to the extent that it calls for a legal conclusion and/or improperly suggests that PayPal technology is used in

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**
**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE**

conjunction with any device that infringes any claim of any Patent-in-Suit. PayPal specifically denies any such alleged infringement. PayPal further objects to the definition of this term to be extent it suggests that the rights afforded by the Asserted Patents extend beyond the subject matter defined in the claims. PayPal will not provide responses that relate to the structure or function of any device that is not provided by PayPal, except for the operation of the "PayPal Here App" and any properly accused "PayPal POS Partner Apps," as those terms were objected to above.

15. PayPal objects to "Instructions" Paragraphs 3-11 to the extent that they seek to impose on PayPal obligations in addition to or inconsistent with those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, and any other applicable rules or law.

16. PayPal further objects to objects to the identifying information and descriptions requested in "Instructions" Paragraphs 3-11 as overly broad, unduly burdensome, and not proportional to the needs of the case. To the extent any of the identifying information or descriptions requested is necessary, if it all, PayPal will provide the identifying information or description that is required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and any other applicable rules or law.

17. PayPal objects to "Instructions" Paragraph 12 as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it suggests that all information relating to the time period from six years before the filing of this Action to the present is relevant, no matter what issues it relates to. PayPal will respond with respect to the time period that is relevant to each request.

mean only the PayPal Chip Card Reader, PayPal Mobile Card Reader, PayPal Chip and Swipe Reader, PayPal Chip and Tap Reader, and PayPal Here App.

PayPal objects to this Interrogatory as seeking information or documents beyond that which is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving these foregoing General and Specific objections, PayPal responds that, in accordance with Fed. R. Civ. P. 33(d), information responsive to this Interrogatory may be derived or ascertained from the following documents: PP0004481-PP0004496, PP0026737-PP0026739, and PP0194934-PP0194951.

**INTERROGATORY NO. 9:**

Identify, including but not limited to the name and most recent contact information, any Third Parties who have created for, on behalf of, at the direction of, or with the assistance of PayPal, or otherwise provided to PayPal, any code, either executable code, source code, software development kit, or firmware code, for use on, in, by, or for the benefit of any Accused mPOS Product, and describe in detail the purpose and operation of such code.

**RESPONSE TO INTERROGATORY NO. 9:**

PayPal objects to this Interrogatory on the grounds that it is vague, ambiguous, and overly broad, particularly with respect to its usage of the phrases "for, on behalf of, at the direction of, or with the assistance of PayPal," "otherwise provided to PayPal," "for the benefit of," and "the purpose and operation of such code." PayPal objects to the phrase "Accused mPOS Product" and specifically incorporates paragraph 8 of its General Objections to "Definitions" and "Instructions."

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**
**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE**

IOENGINE's Complaint and Delaware Default Standard for Discovery Paragraph 4.a. disclosures do not adequately identify the accused PayPal products, or the functionalities and/or structures therein that are accused of infringement. PayPal will respond only as to the PayPal Chip Card Reader, PayPal Mobile Card Reader, PayPal Chip and Swipe Reader, PayPal Chip and Tap Reader, and PayPal Here App. PayPal further objects to this Interrogatory as seeking publicly available information that IOENGINE could obtain as easily as could PayPal.

PayPal further objects to this Interrogatory as seeking information that is beyond the scope permitted under Federal Rules of Civil Procedure 26(b) and 34 because, as set forth in PayPal's motion to dismiss the complaint, IOENGINE has not properly pled any claim that puts the development of third-party applications at issue, and thus it is not entitled to discovery on this issue.

Subject to and without waiving these foregoing General and Specific objections, PayPal responds that the entities listed in Section (i) of its July 30, 2018 Fed. R. Civ. P. 26(A)(1) Initial Disclosures and Section (iii) of its August 20, 2018 Delaware Default Standard for Discovery Paragraph 3 Disclosures are likely to have knowledge or information relevant to the subject matter of the instant litigation regarding the subject matter area(s) listed for that entity.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

PayPal objects to this Interrogatory on the grounds that it is vague, ambiguous, and overly broad, particularly with respect to its usage of the phrases "for, on behalf of, at the direction of, or with the assistance of PayPal," "otherwise provided to PayPal," "for the benefit of," and "the purpose and operation of such code." PayPal objects to the phrase "Accused mPOS Product" and specifically incorporates paragraph 8 of its General Objections to "Definitions" and "Instructions."

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**
**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE**

IOENGINE's Complaint and Delaware Default Standard for Discovery Paragraph 4.a. disclosures do not adequately identify the accused PayPal products, or the functionalities and/or structures therein that are accused of infringement. PayPal will respond only as to the PayPal Chip Card Reader, PayPal Mobile Card Reader, PayPal Chip and Swipe Reader, PayPal Chip and Tap Reader, and PayPal Here App.

PayPal further objects to this Interrogatory as seeking publicly available information that IOENGINE could obtain as easily as could PayPal.

PayPal further objects to this Interrogatory as seeking information that is beyond the scope permitted under Federal Rules of Civil Procedure 26(b) and 34 because, as set forth in PayPal's motion to dismiss the complaint, IOENGINE has not properly pled any claim that puts the development of third-party applications at issue, and thus it is not entitled to discovery on this issue.

Subject to and without waiving these foregoing General and Specific objections, PayPal responds that, in accordance with Fed. R. Civ. P. 33(d), information responsive to this Interrogatory may be derived or ascertained from the following documents:  PP0004400-PP0004480, PP0004499-PP0004607, PPSDK0000014, PPSDK0000930, PP0028495-PP0028498, PP0028499-PP0028500, PP0028501-PP0028507, PP0028508, PP0028509-PP0028513, PP0028514-PP0028518, PP0028519-PP0028521, PP0028522-PP0028523, PP0028524- PP0028525, PP0028526-PP0028530, PP0028531-PP0028532, PP0028533-PP0028536, PP0028537-PP0028538, PP0028539-PP0028543, PP0028544-PP0028557, PP0028558- PP0028561, PP0028562-PP0028567, PP0028568-PP0028573, PP0028574-PP0028579, PP0028580-PP0028583, PP0028584-PP0028595, PP0028596-PP0028597, PP0028598- PP0028599, PP0028600-PP0028611, PP0028612-PP0028614, PP0028615-

PP0028617, PP0028618-PP0028621, PP0028622-PP0028626, PP0028627-PP0028641, PP0028642- PP0028644, PP0028645-PP0028652, PP0028653-PP0028656, PP0028657-PP0028660, PP0028661-PP0028662, PP0028663-PP0028686, PP0028687-PP0028689, PP0028690- PP0028695, PP0028696-PP0028725, and PP0028726-PP0028730.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

PayPal objects to this Interrogatory on the grounds that it is vague, ambiguous, and overly broad, particularly with respect to its usage of the phrases "for, on behalf of, at the direction of, or with the assistance of PayPal," "otherwise provided to PayPal," "for the benefit of," and "the purpose and operation of such code." PayPal objects to the phrase "Accused mPOS Product" and specifically incorporates paragraph 8 of its General Objections to "Definitions" and "Instructions."

IOENGINE's Complaint and Delaware Default Standard for Discovery Paragraph 4.a. disclosures do not adequately identify the accused PayPal products, or the functionalities and/or structures therein that are accused of infringement. PayPal will respond only as to the PayPal Chip Card Reader, PayPal Mobile Card Reader, PayPal Chip and Swipe Reader, PayPal Chip and Tap Reader, and PayPal Here App.

PayPal further objects to this Interrogatory as seeking publicly available information that IOENGINE could obtain as easily as could PayPal.

PayPal further objects to this Interrogatory as seeking information that is beyond the scope permitted under Federal Rules of Civil Procedure 26(b) and 34 because, as set forth in PayPal's motion to dismiss the complaint, IOENGINE has not properly pled any claim that puts the development of third-party applications at issue, and thus it is not entitled to discovery on this issue.

CONFIDENTIAL – ATTORNEYS' EYES ONLY
CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE

Subject to and without waiving these foregoing General and Specific objections, PayPal responds that, in accordance with Fed. R. Civ. P. 33(d), information responsive to this Interrogatory may be derived or ascertained from the following documents: PP0004400-PP0004480, PP0004499-PP0004607, PPSDK0000014, PPSDK0000930, PP0028495-PP0028498, PP0028499-PP0028500, PP0028501-PP0028507, PP0028508, PP0028509-PP0028513, PP0028514-PP0028518, PP0028519-PP0028521, PP0028522-PP0028523, PP0028524- PP0028525, PP0028526-PP0028530, PP0028531-PP0028532, PP0028533-PP0028536, PP0028537-PP0028538, PP0028539-PP0028543, PP0028544-PP0028557, PP0028558- PP0028561, PP0028562-PP0028567, PP0028568-PP0028573, PP0028574-PP0028579, PP0028580-PP0028583, PP0028584-PP0028595, PP0028596-PP0028597, PP0028598- PP0028599, PP0028600-PP0028611, PP0028612-PP0028614, PP0028615-PP0028617, PP0028618-PP0028621, PP0028622-PP0028626, PP0028627-PP0028641, PP0028642- PP0028644, PP0028645-PP0028652, PP0028653-PP0028656, PP0028657-PP0028660, PP0028661-PP0028662, PP0028663-PP0028686, PP0028687-PP0028689, PP0028690- PP0028695, PP0028696-PP0028725, PP0028726-PP0028730, PP0032588-PP0032620, PP0032951-PP0033528, PP0034147-PP0034196, and PP0033529-PP0034106.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

PayPal objects to this Interrogatory on the grounds that it is vague, ambiguous, and overly broad, particularly with respect to its usage of the phrases "for, on behalf of, at the direction of, or with the assistance of PayPal," "otherwise provided to PayPal," "for the benefit of," and "the purpose and operation of such code."

PayPal further objects to the phrase "Accused mPOS Product" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that they purport to relate

38

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**
**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE**

to products or services other than those specifically identified in IOENGINE's November 4, 2020 Supplemental Infringement Contentions and specifically incorporates paragraph 8 of its General Objections to "Definitions" and "Instructions." PayPal will interpret these terms to mean only the PayPal Chip Card Reader, PayPal Mobile Card Reader, PayPal Chip and Swipe Reader, PayPal Chip and Tap Reader, and PayPal Here App.

PayPal further objects to this Interrogatory as seeking publicly available information that IOENGINE could obtain as easily as could PayPal.

PayPal further objects to this Interrogatory as seeking information that is beyond the scope permitted under Federal Rules of Civil Procedure 26(b) and 34 because, as set forth in PayPal's motion to dismiss the complaint, IOENGINE has not properly pled any claim that puts the development of third-party applications at issue, and thus it is not entitled to discovery on this issue.

Subject to and without waiving these foregoing General and Specific objections, PayPal responds that, in accordance with Fed. R. Civ. P. 33(d), information responsive to this Interrogatory may be derived or ascertained from the following documents: PP0004400-PP0004480, PP0004499-PP0004607, PPSDK0000014, PPSDK0000930, PP0028495-PP0028498, PP0028499-PP0028500, PP0028501-PP0028507, PP0028508, PP0028509-PP0028513, PP0028514-PP0028518, PP0028519-PP0028521, PP0028522-PP0028523, PP0028524- PP0028525, PP0028526-PP0028530, PP0028531-PP0028532, PP0028533-PP0028536, PP0028537-PP0028538, PP0028539-PP0028543, PP0028544-PP0028557, PP0028558- PP0028561, PP0028562-PP0028567, PP0028568-PP0028573, PP0028574-PP0028579, PP0028580-PP0028583, PP0028584-PP0028595, PP0028596-PP0028597, PP0028598- PP0028599, PP0028600-PP0028611, PP0028612-PP0028614, PP0028615-

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**
**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE**

PP0028617, PP0028618-PP0028621, PP0028622-PP0028626, PP0028627-PP0028641, PP0028642- PP0028644, PP0028645-PP0028652, PP0028653-PP0028656, PP0028657-PP0028660, PP0028661-PP0028662, PP0028663-PP0028686, PP0028687-PP0028689, PP0028690- PP0028695, PP0028696-PP0028725, PP0028726-PP0028730, PP0032588-PP0032620, PP0032951-PP0033528, PP0034147-PP0034196, PP0033529-PP0034106, PP0194968-PP0195019, PP0194952-PP0194961, PP0195056-PP0195058, PP0195064-PP0195087, PP0195060-PP0195063, PP0195097-PP0195100, PP0195088-PP0195096, and PP0195131-PP0195158.

  The accused card readers that are supplied to PayPal come pre-loaded with binary code that allow them to respond to commands from external sources. PayPal has provided physical samples to IOENGINE which include the binary code. *See* PPPS001- PPPS007. After a reasonable, good-faith investigation, PayPal did not identify any human readable source code in its possession, custody, or control provided by its card reader suppliers Miura, Ingenico, Verifone, or Datecs.

  Various third-party POS partners have used PayPal SDKs and APIs to create their own software applications. Code developed by the POS Partners is designed to interoperate with PayPal's SDK to provide payment services to end users. After a reasonable, good-faith investigation, PayPal did not identify human readable source code for the POS Partner applications in PayPal's possession, custody, or control.

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**
**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE**

Dated: September 17, 2021

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*Of Counsel:*

Jared Bobrow
jbobrow@orrick.com
Travis Jensen
tjensen@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:    +1 650 614 7400
Facsimile:      +1 650 614 7401

*/s/ Brian P. Egan*
Jack B. Blumenfeld
jblumenfeld@mnat.com
Brian P. Egan
began@mnat.com
1201 North Market Street, Suite 1800
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
jblumenfeld@mnat.com

## CERTIFICATE OF SERVICE

I am employed in the County of San Mateo, State of California. I am over the age of 18 years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, California 94025. On September 17, 2021, I served the following document(s) entitled:

1. **PAYPAL'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO IOENGINE'S INTERROGATORY NOS. 1-4, 6-7, 9, 11-13, 15-19, AND 22-23**

on all interested parties to this action in the manner described as follows:

☒ **(VIA EMAIL)** On September 17, 2021, via electronic mail in Adobe PDF format the document(s) listed above to the electronic address(es) set forth below.

> Noah M. Leibowitz - noah.leibowitz@dechert.com
> Gregory T. Chuebon - greg.chuebon@dechert.com
> Neal C. Belgam (No. 2721) - nbelgam@skjlaw.com
> Eve H. Ormerod (No. 5369) - eormerod@skjlaw.com
>
> Counsel for Plaintiff,
> IOENGINE, LLC

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on September 17, 2021, at Morgan Hill, California.

*/s/ Katri Lahtinen*
Katri Lahtinen