# EXHIBIT A

# UNREDACTED PUBLIC VERSION

```
       IN THE UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF DELAWARE


IOENGINE, LLC              )
              Plaintiff,   ) Civil Action No.
                           ) 18-452 (WCB)
v.                         )
                           )
PAYPAL HOLDINGS, INC.,     )
              Defendant.   )



              Friday, May 16, 2025
              2:00 p.m.
              Via remote videoconferencing


BEFORE:  THE HONORABLE WILLIAM C. BRYSON
         United States District Court Judge



APPEARANCES:


     SMITH, KATZENSTEIN & JENKINS, LLP
     BY:  NEAL C. BELGAM, ESQ.

              - and -

     DECHERT LLP
     BY:  NOAH M. LEIBOWITZ, ESQ.
          GREGORY T. CHUEBON, ESQ.
`
              Counsel for the Plaintiff
```

```
 1      APPEARANCES, CONTINUED:

 2
        MORRIS, NICHOLS, ARSHT & TUNNELL LLP
 3      BY:  CAMERON P. CLARK, ESQ.

 4              - and -

 5      ORRICK, HERRINGTON & SUTCLIFFE LLP
        BY:  TRAVIS JENSEN, ESQ.
 6           JARED BOBROW, ESQ.

 7                  Counsel for the Defendant
```

1              THE COURT:  We're here on the
2    status conference on Ioengine, LLC against
3    PayPal Holdings, Inc., Number 18-452,
4    District of Delaware.  Why don't we call
5    the roll for who is here for first the
6    plaintiff.
7              MR. BELGAM:  Good afternoon,
8    Your Honor.  Nice to see you again.  Neal
9    Belgam for the plaintiff, Ioengine.  I
10   have with me Noel Leibowitz and Greg
11   Chuebon, and also the plaintiff, Scott
12   McNulty.
13             THE COURT:  How about for the
14   defendant.
15             MR. CLARK:  Good afternoon,
16   Your Honor.  This is Cameron Clark from
17   Morris Nichols.  I'm joined today by my
18   co-counsel from the Orrick law firm, Jared
19   Bobrow and Travis Jensen.
20             THE COURT:  All right.  Well,
21   initially -- as I'm sure you all have seen
22   the Federal Circuit's decision came out a
23   few days ago.  Initially, I had indicated
24   that we would have a status conference

```
 1      would be very interested in seeing what
 2      was said on that score.  Mr. Leibowitz has
 3      a different recollection, but this ought
 4      to be something that we could pin down
 5      pretty readily.  So that is something --
 6      that is a bucket which is well worth
 7      filling.
 8                  So what's your next bucket?
 9                  MR. JENSEN:  Absolutely.  So
10      the next bucket, I think it's related in a
11      sense, right, it has to do with what
12      claims are still in the case.  Right now,
13      there are two dependent claims, that's all
14      that are in the case.  Both of them are
15      these synchronization claims.  And we
16      would propose simply filing a summary
17      judgment motion of obviousness on those
18      claims.  The independent claims have been
19      invalidated, the same prior art discloses
20      the synchronization limitation in the
21      dependent claims, and we think that would
22      dispose of the entire case.
23                  If those were the only two
24      claims at issue, that could change
```

1  that the Ingenico jury and now the Federal
2  Circuit has affirmed the invalidity of
3  those claims would be a significant
4  consideration in that determination.  We
5  had the obviousness arguments, et cetera,
6  of course, in our expert reports, and were
7  this case to proceed to trial, they're
8  fully available to us.  So I don't know
9  why there would be any reason that we
10 should somehow be precluded from pursuing
11 those obviousness grounds in view of the
12 change of circumstances.
13                THE COURT:  Without
14 suggesting that I think this is
15 necessarily right, there certainly is an
16 argument that you had an opportunity to
17 file a summary judgment motion with
18 respect to those claims that you didn't,
19 and why should you be permitted to file a
20 second summary judgment motion unless the
21 summary judgment motion is predicated on
22 collateral estoppel in the judgment from
23 the first case.  That's the argument that
24 I would imagine that would be made as to

1  why you shouldn't be allowed to file a
2  summary judgment.  That doesn't mean you
3  can't argue obviousness before the jury.
4              But the question before me is
5  whether you should be foreclosed from
6  filing a second summary judgment motion
7  when you didn't file summary judgment of
8  obviousness with respect to those claims.
9              MR. JENSEN:  Yeah, and I
10 think the answer to that, Your Honor, is
11 it's really fundamentally a different
12 question that's being answered by the
13 summary judgment motion that we're
14 proposing now, where the underlying
15 independent claims have been found
16 invalid, and all of those elements do
17 create I think an estoppel for the
18 plaintiff.
19             THE COURT:  It strikes me
20 that's 100 percent of the issue.  If they
21 create an estoppel that forecloses those
22 two remaining claims from being
23 adjudicated, then you've got collateral
24 estoppel and the case is over, at least

1   with respect to those claims.  But if not,
2   then the question that I'm putting with
3   respect to your entitlement to come back
4   and make a claim of summary judgment with
5   respect to those two claims seems to me to
6   be back on the table.  So it all turns on
7   whether you really could make a plausible
8   argument of collateral estoppel flowing
9   from the claims that were invalidated to
10  the ones as to which the jury did not make
11  an invalidity finding.
12              MR. JENSEN:  And that's
13  something I think we could look into and
14  research further, Your Honor.  I would add
15  that simply as a matter of judicial
16  efficiency, it would be in the Court's
17  discretion to allow a summary judgment
18  motion if the Court were inclined to do
19  so, but we could look into the legal
20  question that Your Honor has raised, as
21  well.  But given the likelihood that this
22  would be case dispositive and there is a
23  fair amount, a substantial amount of work
24  that remains to be done and to hold a

1  supposed to be tried.  But it isn't all
2  that different.  So it seems to me that a
3  truncated period of discovery is in order,
4  but not something that is going to drag
5  out as long as the typical discovery
6  period in patent cases goes.
7           With that said, tell me, and
8  I go back to Mr. Leibowitz and,
9  Mr. Jensen, you, whether -- let me put it
10 this way.  How much time -- let me not
11 open this up for a complete redo.  But I
12 was thinking in terms of giving you
13 something like three weeks to come up with
14 a supplemental memo detailing what needs
15 to be done, what the collateral estoppel
16 effect of the first judgment is, what
17 realistically is a time we could go to
18 trial, something like 20 pages from each
19 of you with an opportunity for response,
20 simultaneously 20 pages with a response in
21 another two weeks of, say, 10 pages.
22          Now, that doesn't mean that's
23 the last opportunity you will have to
24 address any of these issues.  Most of what

1     of Appeals.  So extensions of time on
2     briefing and so forth, I've sort of kept
3     an eye on it wondering when in the world
4     is this case going to get back to me, and
5     it's taken a long time.
6                    So the message I'm trying to
7     give is this is the point at which I think
8     some urgency has to be part of the
9     formula.  So if you get together, and I'm
10    not averse to your getting together and
11    talking with your colleagues on the other
12    side, but I would like you to come up with
13    a schedule that emphasizes expedition and
14    does not proceed at a leisurely pace.
15                   So I will allow you to get
16    together, but I'm thinking the first step
17    really ought to be to look to something in
18    the neighborhood of three weeks to get to
19    me a short memo where you can make your
20    call as to whether you want to go forward
21    with all of the claims you've identified,
22    they can give me an idea of what they
23    think the scope of collateral estoppel
24    from the first judgment is, and I will

```
 1    collateral estoppel bucket.  So that
 2    you're free to raise, because obviously,
 3    as you say, that judgment was not in place
 4    at the time you filed your original
 5    summary judgment motion.  So that, I don't
 6    have a problem with.
 7              All right.  Now, when can you
 8    get me your motions or let's just say your
 9    memoranda on the questions we've
10    discussed?  Mr. Jensen?
11              MR. JENSEN:  I understood
12    that was the -- I thought we were talking
13    about three weeks.
14              THE COURT:  Three weeks is
15    what I was going to propose.  Is that
16    acceptable?
17              MR. JENSEN:  That should be
18    fine.
19              THE COURT:  Mr. Leibowitz?
20              MR. LEIBOWITZ:  Yes, Your
21    Honor, that's fine.
22              THE COURT:  Then what I would
23    anticipate is simultaneously filing those
24    and then having an opportunity -- and that
```