IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IOENGINE, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> PAYPAL HOLDINGS, INC., <br><br> *Defendant*. | Civil Action No. 18-452-WCB |

**MEMORANDUM OPINION AND ORDER**

This order lifts the stay of this action entered on January 17, 2023, Dkt. No. 556, which stayed the action pending the resolution of a companion case, *Ingenico Inc. v. IOENGINE, LLC*, No. 18-826. The order also provides guidance as to the timing of certain further events in this case and enters rulings on certain pretrial issues raised by the parties.

The *Ingenico* case resulted in a jury verdict and judgment in July 2022 in favor of Ingenico. *See Ingenico Inc. v. IOENGINE, LLC*, No 18-826 (D. Del. July 25, 2022), Dkt. No. 506. IOENGINE appealed that judgment to the Federal Circuit, which affirmed the judgment in May of this year. *Ingenico Inc v. IOENGINE, LLC*, 136 F.4th 1354 (Fed. Cir. 2025). Although IOENGINE has petitioned the Federal Circuit for rehearing and rehearing en banc in the *Ingenico* case, there is as of now no reason to postpone moving forward with this case.

I have sought the views of counsel regarding how to proceed in this case, which was severed from the *Ingenico* case shortly before the *Ingenico* trial and was later stayed pending the resolution of the *Ingenico* appeal. After requesting and receiving briefing from the parties, I have

concluded that a number of issues remain in dispute and must be decided before this case will be ready for trial. Some of the issues will be the resolved in this order; others will require further proceedings. From the parties' briefing, it is apparent that resolving all the issues that need resolution prior to trial will take more time than the parties have estimated in their briefing.

## I.     The Parties' Positions

Although IOENGINE represents that this case "is nearly ready for trial," Dkt. No. 564 at 1, IOENGINE follows that statement with a number of tasks that remain for the court and the parties to complete before trial can be held. PayPal has added a number of such tasks as well. Suffice it to say that the case is not "nearly ready for trial," as IOENGINE suggests, even without considering the additional tasks that PayPal identifies as needing to be completed before trial. Accordingly, I do not share IOENGINE's confidence that the case can be ready for trial by December 2025 and concludes that it is unlikely that the case will be ready for trial even by March 2026, as PayPal assumes.

IOENGINE's list of tasks to be completed before trial is as follows:

1. At the time this case was stayed pending the *Ingenico* trial, IONGINE had submitted a supplemental expert report on damages from Jeffrey A. Stec and an accompanying expert report from Aviel D. Rubin, along with submissions from two other witnesses. *See* Dkt. No. 542. Because the financial information in those reports had been updated only through April 30, 2022, IOENGINE has asked PayPal to provide a supplemental production of financial data through March 23, 2024, the date the asserted patents expired. After receiving that information, IOENGINE proposes that it will submit a short amended supplemental report from Dr. Stec covering the entire damages period. According to IOENGINE, PayPal has indicated that it intends to provide a responsive

supplemental expert report from its damages expert, Laura Stamm. IOENGINE proposes that the supplemental reports from the two experts should be limited to 10 pages and that depositions on those reports should be limited to 3 hours each. Dkt. No. 564 at 2–3.

2. In the summary judgment order entered in June 2022, Dkt. No. 511, I denied IOENGINE's motion for summary judgment that PayPal should be treated as a real party in interest in the Inter Partes Review ("IPR") proceeding initiated by Ingenico, or a party in privity with Ingenico for purposes of determining whether the IPR estoppel ruling that applied to Ingenico was also applicable to PayPal under 35 U.S.C. § 315(e)(2). I denied IOENGINE's motion for summary judgment on that issue and stated that it would decide, as a question of law based on further presentations of the parties, whether PayPal should be treated as a real party in interest with regard to Ingenico's IPR or in privity with Ingenico with regard to that proceeding. Both parties proffered evidence on the issue at that time. Dkt. Nos. 533 and 543. IOENGINE now proposes that I hold an evidentiary hearing on that issue in September of this year. Dkt. No. 564 at 3–4, 22.

3. IOENGINE argues at some length, *id.* at 4–16, that collateral estoppel from the judgment in the *Ingenico* case does not apply to the issues of validity or infringement and requests an order to that effect.

4. In its summary judgment motion filed in 2022, PayPal did not argue that summary judgment of obviousness should be granted with respect to the claims that were asserted against PayPal as of that time. For that reason, IOENGINE contends that PayPal has waived its right to file a summary judgment motion as to obviousness with respect to

3

those claims now. *Id.* at 16–17.  In its submission, PayPal has not requested leave to file a motion for summary judgment of obviousness as to those claims, so this issue is now moot.

5. In May 2024, the Federal Circuit ruled on IOENGINE's appeal from the decision of the Patent Trial and Appeal Board ("PTAB") in Ingenico's IPR proceeding.  *See IOENGINE, LLC v. Ingenico, Inc.*, 100 F.4th 1395 (Fed. Cir. 2024).  The Federal Circuit reversed the PTAB's determination of unpatentability as to claims 61, 62, 110, and 111 of U.S. Patent No. 9,774,703 ("the '703 patent") and claims 4 and 7 from U.S. Patent No. 9,059,969 ("the '969 patent).  In light of that decision, IOENGINE seeks leave to add one of those claims—claim 4 of the '969 patent—to this action.  IOENGINE argues that it would be entitled to institute a new action based on some or all of the claims that were reinstated by the Federal Circuit's decision, but that it would be more efficient simply to add one of those claims to this case for trial.  IOENGINE contends that because there has already been significant discovery in this case going to the infringement and validity of claim 4 (as well as other claims from the '969 patent), adding claim 4 to the case would not require additional fact discovery or motion practice.  Instead, IOENGINE submits, the inclusion of claim 4 would require "only short, supplemental expert reports on validity and infringement that address this single claim." Dkt. No. 564 at 18.

6. Finally, IOENGINE requests that the parties be allowed to file brief supplemental expert reports to address the effect on this case of the Federal Circuit's decision on the appeal from the PTAB's decision in Ingenico's IPR.  Dkt. No. 564 at 19–20.  IOENGINE contends that the Federal Circuit's decision contains two important

4

features: First, it distinguishes between functional "program code" or "encrypted communications" on the one hand and "content" on the other. Second, it distinguishes between "program code" and "encrypted communications" as they relate to "content." IOENGINGE explains that these points are relevant to the so-called "synchronization claims," i.e., the eight claims that were asserted against Ingenico and PayPal at the time this case was severed from the *Ingenico* case for trial. IOENGINE proposes that the supplemental expert reports address that issue in light of what IOENGINE considers the Federal Circuit's "guidance on the limitations of 'program code,' 'encrypted communications,' and 'content.'" *Id.* at 20.

PayPal's list of tasks to be completed before trial overlaps with IOENGINE's, but is at odds with IOENGINE's list in several respects. PayPal's list is as follows:

1. I should allow PayPal to file a summary judgment motion addressing various preclusion issues arising from the *Ingenico* judgment and the Federal Circuit's decision affirming that judgment. Those issues, according to PayPal, include collateral estoppel as to several issues in the case, and IPR estoppel under 35 U.S.C. § 315(e)(2) based on Ingenico's actions before the PTAB. Dkt. No. 563 at 9.

2. I should not permit any further fact discovery in this case, but instead should "maintain the asserted claims and fact record as-is and proceed with the remaining expert discovery (provided PayPal may produce evidence rebutting IOENGINE's new damages theories)." *Id.*

3. After I struck much of IOENGINE's damages case shortly before the scheduled trial in the summer of 2022, I allowed IOENGINE to revamp its damages case. That resulted in IOENGINE's submitting new expert reports on June 30, 2022, immediately before

the scheduled trial. *See* Dkt. No. 542 (notice of filing docketed on July 1, 2022). The filing of those reports led me to sever the PayPal case from the *Ingenico* case for trial and to limit the *Ingenico* trial to the issue of liability, with the issue of damages to be tried later, if necessary. The June 30 reports contained what PayPal characterizes as addendum damages opinions constituting "entirely new damages theories . . . accompanied by documents products and expert reports" from prior proceedings. Dkt. No. 563 at 9. PayPal argues that it "will need to depose IOENGINE's experts on their new reports and prepare rebuttal reports." *Id.*

4. I should allow PayPal to file a *Daubert* motion challenging the addendum damages opinions submitted by IOENGINE. *Id.* at 10.

5. The pretrial order must be updated to incorporate new jury instructions, to respond to any order entered on issues of preclusion based on the *Ingenico* verdict and IPR litigation, and to reflect my evidentiary rulings in the *Ingenico* trial. *Id.*

6. I should conduct a bench trial or other proceeding to decide the estoppel issues regarding Ingenico's IPR proceedings. *Id.* at 10-11.

7. If IOENGINE is allowed to assert any new claims beyond the two claims that were not invalidated in the *Ingenico* case (out of the eight tried claims), I should permit additional fact discovery regarding those claims, allow PayPal to locate and put forward additional prior art directed to those claims, and allow the filing of new expert reports and related depositions and *Daubert* motions regarding the new claims. *Id.*

8. I should conduct a bench trial to determine whether PayPal's section 101 defense is valid. *Id.* at 11.

> 9. If the case proceeds to trial, I should conduct a bench trial following the jury's verdict to determine whether IOENGINE engaged in inequitable conduct before the Patent and Trademark Office ("PTO") when it obtained the patents in suit. *Id.*

The parties have also made a number of legal arguments regarding the issues that must be decided before trial. I will address some of those legal arguments in this order. Resolution of other issues raised by the parties will have to await further developments in the case.

## II. Rulings on Disputed Issues

A. PayPal asks to be permitted to file a motion for summary judgment with respect to its various preclusion theories flowing from the judgment entered following the *Ingenico* trial and affirmance on appeal. Although IOENGINE contends that PayPal, having already filed a summary judgment motion before the trial in the *Ingenico* case, should not be afforded an opportunity to file a new summary judgment motion now, the preclusion issues that PayPal wishes to raise in a new summary judgment motion were not available to it prior to the judgment in the *Ingenico* case. For that reason, PayPal is not being given a second bite at the apple. PayPal will be permitted to file a summary judgment motion with regard to the effect of the proceedings in the *Ingenico* litigation on the disposition of this case.

The parties have provided some briefing on the substance of the preclusion issues in their pretrial presentations to date, but that briefing does not explore the issues comprehensively. In the briefing on PayPal's proposed summary judgment motion on the preclusion issues, the parties are directed to focus in particular on PayPal's contention that collateral estoppel applies on a limitation-by-limitation basis, an issue that was alluded to, but was addressed only briefly and with only limited citations of authority in the parties' prior submissions.

PayPal will be permitted to file a brief of up to 20 pages in support of its motion for summary judgment on its claim that the *Ingenico* judgment has collateral estoppel effect, in whole or in part, in this case. IOENGINE will be permitted to file a responsive brief of no more than 20 pages, and PayPal will be permitted to file a reply brief of no more than 10 pages. PayPal has represented that it is prepared to file its opening brief in support of its summary judgment motion within a week of this order, and it will be held to that representation. IOENGINE's responsive brief will be due two weeks after PayPal's brief is filed, and PayPal's reply brief will be due within one week of the filing of IOENGINE's brief.

B. IOENGINE argues that PayPal was either a real party in interest or was in privity with Ingenico for purposes of Ingenico's IPR proceeding, within the meaning of 35 U.S.C. § 315(e)(2). For that reason, IOENGINE argues that PayPal should be subject to the same IPR estoppel principles that were invoked against Ingenico in the *Ingenico* case. I addressed that issue at some length in the summary judgment order I entered in June 2022. *See* Dkt. No. 511 at 65–74. Because the parties have not pointed to an intervening change in the law, the same general legal analysis discussed in that order would seem to apply today. However, because that order was responding to a motion for summary judgment and not resolving the estoppel issue on the merits, I will consider a motion by IOENGINE on the merits of the estoppel issue if IOENGINE chooses to raise the matter again.

In its motion, if it chooses to file one, IOENGINE should present any new legal arguments that were not already addressed in my summary judgment order. I note that IOEGINE contends that I should hold an evidentiary hearing on this issue "so that the parties can prepare the revised pretrial order and efficiently prepare for trial understanding what prior art PayPal is permitted to raise." Dkt. No 564 at 4. PayPal has also requested a "bench trial or other procedure" to address

8

the IPR estoppel issues. Dkt. No. 563 at 10–11. If either party continues to believe that an evidentiary hearing is required, it should indicate what witnesses it would call at such a hearing and what evidence it would expect to present. If neither party can make a showing that presenting witnesses would affect the decision of the real party in interest and privity issues, I will resolve the dispute based on the briefing submitted by the parties. In either case, if IOENGINE elects to pursue this issue, it will be required to file a brief of no more than 20 pages by October 6, 2025, in which it sets forth its legal arguments and any explanation for why an evidentiary hearing is required. In the absence of such a filing, I will conclude that PayPal has not been shown to be a real party in interest with respect to Ingenico's IPR proceeding or in privity with Ingenico in those proceedings for purposes of section 315(e)(2). Thus, I will conclude that the estoppel principles set forth in section 315(e)(2) are inapplicable to PayPal. If IOENGINE files a brief on this issue, PayPal will be required to file a responsive brief of no more than 20 pages within two weeks of IOENGINE's brief. Any such brief filed by PayPal should indicate what prior art evidence it intends to offer that would be affected by a ruling on the real party in interest and privity issues. A reply brief from IOENGINE of no more than 10 pages would be due within one week of PayPal's responsive brief.

      C. The parties disagree about whether IOENGINE should be permitted to add claim 4 of the '969 patent to the two claims that were not expressly invalidated in the *Ingenico* trial court litigation. PayPal argues that at the time I lifted the stay that was entered pending the IPR proceedings, IOENGINE surrendered its right to add any claims other than the eight claims that were set for trial in this case. PayPal points to an exchange of letters to the court in October 2020, in which PayPal and Ingenico urged that the stay entered during the IPR proceedings be extended until the resolution of IOENGINE's appeal from the PTAB's decision in the IPR proceedings.

9

PayPal and Ingenico expressed concern that if the stay were not extended and the court of appeals reversed the PTAB in whole or in part, IOENGINE "may seek to re-litigate previously invalidated claims, which would create duplicative litigation and expense." Dkt. No. 130 at 3. IOENGINE responded that if I lifted the stay, "IOENGINE proposed to proceed in these cases only with claims found not-unpatentable in the Final Written Decisions [of the PTAB], so there is no possibility of this outcome." Dkt. No. 131 at 1.

I granted IOENGINE's motion to lift the stay, based in part on IOENGINE's representation that even if its appeal from the PTAB's decision were successful in whole or in part, it would not seek to add any of the previously invalidated claims to this case. I wrote:

> As another purported reason to extend the stay until the disposition of any appeals, PayPal and Ingenico argue that if IOENGINE appeals from the portions of the PTAB's decisions that went against IOENGINE and is successful on appeal, IOENGINE "may seek to re-litigate previously invalidated claims." . . . IOENGINE, however, has taken that issue off the table, as it has represented it will proceed in these cases on only the claims found [not] unpatentable in the PTAB's final written decision.

Dkt. No. 132 at 7.

In that order, I directed the parties to submit proposals to govern scheduling for the remainder of the case. IOENGINE responded by proposing to add five new claims to the three claims that had survived the IPR proceeding. Dkt. No. 130. PayPal and Ingenico objected to IOENGINE's proposal to add five new claims, noting that IOENGINE had previously agreed to proceed to trial on only the three surviving claims of the 20 claims that had been challenged in the IPR proceeding.

During a hearing on the scheduling issue and IOENGINE's proposal to add five new claims, IOENGINE reiterated that as to the claims that the PTAB had found unpatentable, "we're not proceeding on those claims." Dkt No. 140 at 22. IOENGINE's counsel added that "if the

10

Federal Circuit reverses the PTAB on [the IPR] decision, we're not making those claims part of this case." *Id.* at 23. Counsel for IOENGINE subsequently reiterated that "should there be an appeal, you know, we don't intend to proceed in this case on any claims that the PTAB found, you know, unpatentable." *Id.* at 25. Upon further questioning, counsel for IOENGINE acknowledged that "what we represented was that we were not going forward, you know, in this case on any claims that the PTAB had found unpatentable." *Id.* at 27. He added that "I don't think we've abandoned those claims, Your Honor. I think what we represented was that we were not going forward, you know, in this case on any claims that the PTAB had found unpatentable. I do think we, you know, reserve the ability if in fact, the Federal Circuit were to reverse, I think that would be a change and a difference that I don't think we would then be res judicata estopped from asserting those claims at a later time. . . . [I]f the Federal Circuit concludes that the PTAB erred, you know, why that—why we would then be res judicata estopped from a different case on those claims. But I also don't think that should stop us from going forward on the claims that are today, you know, valid, and the PTAB has found not unpatentable." *Id.* at 27–28.

I then asked counsel for IOENGINE whether IOENGINE was limiting itself to the five new claims that it proposed to add to the three that had survived the IPR proceeding. IOENGINE's counsel responded, "Yes, Your Honor. And on that I can say, yes, these are it with respect to claims that we would—you know, additional claims that we would assert in this case." *Id.* at 28. He added that "we do not expect to change the number or the claims themselves any further, Your Honor." *Id.* at 29. I interjected that "I was with you until you got the words 'expect to,'" to which counsel responded, "We will not. We will not, Your Honor." *Id.*

Later in the hearing, counsel for IOENGINE stated that his agreement not to proceed in this case on any claims that the PTAB had found unpatentable did not

11

> bar ourselves from, you know, ever in the future proceeding should the Federal Circuit reverse the PTAB. But in this case, we said we would not proceed on any claims that the Patent Office found unpatentable to, of course, you know, not have an issue where if the Federal Circuit, you know, were to reverse in the midst of this case, we would then be seeking to add those claims to this case. We're not. This case would proceed on the claims that were found not unpatentable.

*Id.* at 31–32.

Later in the hearing, counsel for IOENGINE returned to the same subject and reiterated that "if we can proceed on the eight claims that are available, you know, as part of the claims that are available us to today to assert, we would then accept that effect with respect to any other claim that we could have asserted today." *Id.* at 40. I sought clarification from counsel and asked "if I allow you to proceed on the eight claims, that you will not—that any decision with respect to those claims in this litigation will have res judicata effect to all other claims that are available to you at this time? Is that right?" *Id.* Counsel responded: "Yes, Your Honor." *Id.* I then allowed IOENGINE to go forward with the eight claims that it sought to assert as to PayPal and Ingenico. *Id.* I added that the question whether the selection of those eight claims would have res judicata effect as to any other claims that could have been asserted was not "necessary to decide at this point," since counsel's "representation has taken that off the table as far as I'm concerned." *Id.* at 41. I added that counsel had represented "that this is it, that you don't intend to come back with six more [claims] tomorrow or the day after. And so we will proceed with the eight claims." *Id.* I added that it was not necessary to decide whether the election of those claims resulted in a res judicata bar to ever raising any of the other claims, including claims that have been cancelled, but "may be resuscitated by an appeal to the Federal Circuit." *Id.* at 42.

The net effect of the proceedings in the fall of 2020 is clear: Both in order to obtain an order lifting the stay pending the IPR proceedings and, subsequently, in order to persuade me to permit IOENGINE to add five new claims to its case against Ingenico and PayPal, IOENGINE

12

agreed that it would not seek to add any more claims in that proceeding, particularly claims that had been held unpatentable by the PTAB, even though the PTAB's final written decision was still subject to appeal. The upshot of the proceedings was that IOENGINE agreed that claims that had been held unpatentable by the PTAB would not be added to this case even if the Federal Circuit reversed the PTAB's decision. The question whether such claims could be asserted in a separate proceeding was left for another day. For that reason, I decline to allow IOENGINE to assert claim 4 of the '969 patent in this case, even though it was held unpatentable by the PTAB, but later resuscitated by the Federal Circuit.

Apart from whether IOENGINGE surrendered its right to proceed with claim 4 in this case, PayPal points out that it is within my discretion over case management issues to refuse to add a new claim to the case at this juncture. In arguing against the inclusion of claim 4 in this case, PayPal notes that adding claim 4 of the '969 patent to the case would require extensive pretrial proceedings, causing considerable additional delay in bringing this matter to resolution. While it may be that refusing to permit that claim to be added raises the prospect that IOENGINE will bring another round of litigation pursuing claim 4 and other claims that were held not unpatentable by the Federal Circuit on appeal from the PTAB's decision in Ingenico's IPR proceeding, IOENGINGE committed itself to not pursuing those claims in this litigation, and it is only fair to PayPal to hold IOENGINE to that commitment. IOENGINE will therefore not be permitted to add claim 4 (or any other like claims) to the two claims that are currently pending against PayPal.

D. The issue of damages presents two discrete problems: (1) providing for discovery and a rebuttal report in response to IOENGINE's new damages theory presented for the first time on July 1, 2022, after I struck evidence relating to IOENGINE's original damages theory; and (2)

providing for PayPal's production of updated financial information, as well as expert reports and discovery relating to that information.

Rather than have the damages issues litigated in a piecemeal fashion, the parties will proceed as follows. To the extent PayPal has not already produced updated financial information bearing on the issue of damages flowing from infringement of the two currently asserted claims, that information should be produced within 10 days of the date of this order. IOENGINE will then be permitted to submit a supplemental expert report directed to the supplemental information provided by PayPal. IOENGINE's report should be submitted within 21 days of the production of PayPal's financial information and should be limited to 10 pages.

Following the submission of IOENGINE's report, PayPal will be permitted to submit a rebuttal report or reports responding to IOENGINE's new damages theory and responding to IOENGINE's supplemental report regarding the updated financial information. PayPal's report or reports should be submitted by October 1, 2025. All expert discovery related to damages should be completed by November 1, 2025. A total of seven hours per side will be allowed for expert depositions directed to the damages issues.

E. PayPal will be permitted to file a *Daubert* motion regarding IOENGINE's expert report on its new damages theory. Such a motion must be filed within 30 days of the completion of expert discovery regarding damages.

F. IOENGINE will be permitted to file a brief of no more than 15 pages in support of its argument that the Federal Circuit's analysis in the appeal from Ingenico's IPR proceeding affects my constructions of the claims. That brief will be due for filing by December 8, 2025. A responsive brief from PayPal of no more than 15 pages will be due for filing by December 22, 2025. A reply brief from IOENGINE of no more than 5 pages will be due for filing by January 5,

2025. No new expert reports will be entertained, and no evidentiary hearing will be held in connection with this issue unless, after reviewing the parties' briefs, I consider any such measures necessary.

G. No further proceedings will be conducted regarding PayPal's motion for summary judgment of patent ineligibility under 35 U.S.C. § 101. I have reviewed the summary judgment order of June 15, 2022, which was in part addressed to the defendants' claim that IOENGINE's asserted patents are directed to ineligible subject matter under section 101, *see* Dkt. No. 511 at 11–20, and I have taken into consideration PayPal's submission of additional evidence directed to the section 101 issue as of June 24, 2022, *see* Dkt. No. 531.

I am not persuaded by PayPal that my section 101 analysis was incorrect at the time, or that it has been rendered invalid in light of later developments in the law or PayPal's submission of additional evidence in June 2022. However, at the time of that summary judgment order, I reserved final determination on the merits of the section 101 issue and will resolve that issue if PayPal chooses to press it.

PayPal has asked for a "bench trial" on the section 101 issue. For present purposes, I will entertain only written briefs on the subject. If, after briefing of the section 101 issue, I conclude that some form of evidentiary presentation is necessary, I will consider such a step, but in order for that to happen the briefing will have to make it clear that such a resource-intensive measure is necessary. If PayPal elects to pursue this issue, it will be required to file a brief of no more than 15 pages on the subject by January 20, 2026. If PayPal files such a brief, IOENGINE is directed to file a responsive brief of no more than 15 pages within 14 days of the filing of PayPal's brief. PayPal will be permitted to file a reply brief of no more than 5 pages within one week of the filing of IOENGINE's responsive brief.

H. At the conclusion of this case, I will consider PayPal's request that I conduct a bench trial on PayPal's claim of inequitable conduct, based on allegedly improper conduct by IOENGINE before the PTO during the original prosecution of IOENGINE's patents. Before conducting such a bench trial, I will have to be persuaded that there is a reasonable likelihood that PayPal can prove its claim of inequitable conduct; to do so, PayPal will have to brief the issue with proffers as to what testimony and other evidence it is prepared to submit in support of its claim. That briefing schedule will be entered at a later date.

I. The parties are directed to update the Joint Proposed Pretrial Order and file it with the court by March 6, 2026. In order to do so, IOENGINE will be required to serve its proposed pretrial order on PayPal by February 20, 2026, and PayPal will be required to serve its proposed pretrial order on IOENGINE by February 27, 2026.

J. The parties will be required to participate in the process of pretrial resolution of any disputes over exhibits and deposition designations, pursuant to a schedule that will be provided by the court at a later date.

K. A pretrial conference will be held by Zoom on March 30, 2026, at 2 p.m. Eastern Time.

L. A five-day trial will be held either on the week of April 29, 2026, or on the week of April 27, 2026, depending on the availability of a courtroom. The trial will be timed; each side will be given 11 hours within which to present its case.

IT IS SO ORDERED.

SIGNED this 11th day of August, 2025

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE